QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  (shonmorgan@quinnemanuel.com)
  John W. Baumann (Bar No. 288881)
  (jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

  Cristina Henriquez (Bar No. 317445)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5000

Attorneys for Defendant ANCESTRY.COM OPERATIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ZHANG and WAYNE TSENG, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation<br><br>Defendant. | CASE No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Federal Question and Diversity Jurisdiction, 28 U.S.C. §§ 1331, 1332(d)(2), 1367, 1441, 1446, 1453 and 1454] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Ancestry.com Operations Inc. hereby removes this action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California, and respectfully submits the following in support:

## STATEMENT OF THE CASE

1. Ancestry operates the largest subscription collection of genealogy databases, which encompass more than 27 billion historical records, including school yearbooks. Although much of that data is freely available, even more of it can be accessed by susbcribing members.

2. Plaintiffs take issue with Ancestry providing free previews and paid access to publicly-available school yearbook information and filed a class action complaint against Ancestry that asserts five causes of action: violations of California's Right of Publicity statute, common law misappropriation of likeness, common law intrusion upon seclusion, unjust enrichment law, and Unfair Competition Law. *See generally* Declaration of Shon Morgan ("Morgan Decl.") ¶ 4, Ex. 3 (Corrected Class Action Complaint).

3. Plaintiffs seek to certify a statewide class of non-Ancestry.com users "whose names, photographs, and/or likenesses" appear on Ancestry's website. *Id.* at ¶ 59.

4. On behalf of themselves and the purported class, plaintiffs seek: declaratory and injunctive relief; nominal, statutory, compensatory, punitive, and exemplary damages; restitution and disgorgement; and attorneys' fees, costs, and interest. *Id.* at ¶¶ 17, 67, 73, 84, 85, 90 & Relief Requested.

5. A summons and the Corrected Class Action Complaint ("Complaint") were served on Ancestry on August 31, 2021. Morgan Decl. ¶ 5, Ex. 4 at 1. The Complaint is removable on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). In addition, it is removable on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1454.

6. Defendant satisfies all procedural requirements, including those of 28 U.S.C. § 1446 and hereby removes this action to the United States District Court for the Northern District

of California pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 1441, 1446, 1453, and 1454.

**GROUNDS FOR REMOVAL**

I. **THE REQUIREMENTS FOR REMOVAL UNDER DIVERSITY JURISDICTION ARE SATISFIED**

7. CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at 43 (2005). Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court") (citation omitted). As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

8. ***Class Action.*** This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiffs style their complaint a "Class Action" and allege they bring it "individually and on behalf of a class of similarly situated persons." Morgan Decl. ¶ 4, Ex. 3. Plaintiffs' putative class consists of California residents who do not use Ancestry.com and "whose names, photographs, and/or likenesses" appear on Ancestry's website without their consent. *Id.* at ¶ 59.

9. ***Diversity of Citizenship.*** At the time this lawsuit was filed and as of the date of this notice, Ancestry.com Operations Inc. was and is a Virginia corporation with its principal

place of business in Utah.[1] At the time of the filing of this action and as of the date of this notice, named plaintiff Alice Zhang, was and is a resident and citizen of Berkeley, California. *Id.* at ¶ 18. At the time of the filing of this action and as of the date of this notice, named plaintiff Wayne Tseng was and is a resident and citizen of El Sobrante, California. *Id.* at ¶ 19. Because at least one member of the proposed class is from a state other than Virginia or Utah, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

10. **Amount in Controversy.** "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. 81. Here, the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2). The Complaint seeks relief that includes:

    a. Declaratory relief;

    b. Injunctive relief;

    c. Nominal damages;

    d. Statutory damages;

    e. Compensatory damages;

    f. Restitution;

    g. Disgorgement;

    h. Punitive damages;

    i. Exemplary damages;

    j. Attorneys' fees, costs, and interest.

*See* Morgan Decl. ¶ 4, Ex. 3 at ¶¶ 67, 73, 85, 90 & Relief Requested.

---

[1] Although plaintiffs correctly identify Utah as Ancestry.com Operations Inc.'s principal place of business, they mistakenly allege it is a Delaware corporation. *See* Morgan Decl. ¶ 4, Ex. 3 at ¶ 20. Ancestry.com Operations Inc. is a Virginia corporation. But the diversity requirement is satisfied regardless of whether Ancestry.com Operations Inc. is a Virginia or Delaware corporation.

11. Plaintiffs assert five causes of action for (1) violation of California Right of Publicity statute (Cal. Civ. Code § 3344); (2) violation of California common law misappropriation of likeness; (3) violation of California intrusion upon seclusion law; (4) violation of California unjust enrichment law; and (5) violation of California Business and Professions Code § 17200 through unlawful and unfair business practices. *Id.* at ¶¶ 63-99.

12. Plaintiffs seek at least $750 in statutory damages for each violation of Section 3344 of the California Civil Code—each use of a class member's yearbook record. *Id.* at ¶¶ 59, 66. Plaintiffs also allege Ancestry: "is in possession of roughly 60 million photographs and names taken from yearbooks of California schools" and uses them all. *Id.* at ¶ 62. Even taking a conservative approach and assuming only one percent (600,000) of the California records belong to class members, the amount in controversy would exceed the requisite $5 million jurisdictional threshold.

13. In addition, plaintiffs' Complaint seeks recovery of punitive damages and attorneys' fees. Morgan Decl. ¶ 4, Ex. 3 at ¶¶ 17, 67, 84, 85, 90 & Relief Requested. Although defendant does not concede either type of relief would be recoverable under the claims pleaded, both punitive damages and attorneys' fees can be properly considered for purposes of determining CAFA jurisdiction. *See, e.g., Stern v. RMG Sunset, Inc.*, 2018 WL 2296787, at *5 (S.D. Cal. May 21, 2018) ("[T]he Court finds that Defendants have met their burden to show that Plaintiff's restitution, punitive damages, and attorney's fees exceeds $5,000,000."). With regard to punitive damages, "district courts consider a one to one (1:1) ratio of punitive to compensatory damages." *Id.* at *3 (relying on this "conservative ratio" for purposes of determining amount of controversy for CAFA removal) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); and *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015)). Thus, inclusion of punitive damages would further push the amount in controversy beyond the requisite $5 million threshold. Likewise, with regard to attorneys' fees, "[t]wenty-five percent is the Ninth Circuit benchmark in common fund cases." *Stern*, 2018 WL 2296787 at *5. Again,

factoring in attorneys' fees would increase the amount in controversy, which already exceeds the threshold for CAFA jurisdiction.[2]

14. **Number of Proposed Class Members.** The putative class exceeds 100 members. *See* Morgan Decl. ¶ 4, Ex. 3 at ¶ 62.

15. **Timeliness.** This removal notice is timely, as required by 28 U.S.C. § 1446(b). Defendant was served with a summons and the Complaint on August 31, 2021 and files this notice within thirty days of being served. *See* Morgan Decl. ¶ 2, Ex. 4.

16. **Venue.** The United States District Court for the Northern District of California is a federal judicial district embracing the Superior Court of the State of California in the County of Alameda, where plaintiff originally filed this suit. Venue is therefore proper under 28 U.S.C. § 1441.

17. **No Exceptions Apply.** The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

## II. THE REQUIREMENTS FOR REMOVAL UNDER FEDERAL QUESTION JURISDICTION ARE SATISFIED

18. Defendant hereby removes this action based on federal question jurisdiction, pursuant to 28 U.S.C. § 1441(a). This Court has original and exclusive jurisdiction over this action because plaintiffs' claims are completely preempted by the laws of the United States, specifically, the federal Copyright Act. *See* 28 U.S.C. §§ 1331, 1338(a), 1441(a), 1454(a); 17 U.S.C. § 301(a).

19. An "independent corollary" of the well-pleaded complaint rule is that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S.

---

[2] Of course, defendant denies that a class is the proper vehicle for plaintiffs' claims, that these calculations are relevant to the amount of actual damages, or that defendant is liable for any such claims. However, "[w]hen measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. . . . The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Stern*, 2018 WL 2296787 at *5 (quotations and citations omitted).

1, 22 (1983); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 2d 55 (1987) ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.").

20.     Under the complete preemption doctrine, even a well-pleaded state law claim is deemed to "arise under federal law" when a federal statute has completely preempted a particular area of law. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243–44 (9th Cir. 2009) ("If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law.") (internal quotation and brackets omitted).  Thus, any state law claim based on a "completely preempted" law is considered a federal claim from its inception and warrants removal of the complaint to federal court. *Hall*, 476 F.3d at 687; *Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 393 (9th Cir. 2002) ("If federal law completely preempts a plaintiff's state-law claim, that plaintiff may not escape federal jurisdiction no matter how careful his or her pleading.")

21.     Complete preemption applies to claims arising under the Copyright Act, and courts recognize the propriety of removing such preempted claims. *See, e.g., Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) ("Because federal copyright law completely preempts Plaintiff's Fifth and Sixth Causes of Action, this case was properly removed to federal court."); *Meribear Prods., Inc. v. Vail*, No. CV 14-454 DMG (RZX), 2014 WL 12597609, at *5 (C.D. Cal. Aug. 5, 2014) ("While the Ninth Circuit has not addressed this issue, the three circuits to directly address it have held that the complete preemption doctrine applies to the Copyright Act. . . The Court finds the analysis in these opinions persuasive.") (removal based on complete copyright preemption); *Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005); *Briarpath, Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-09 (2d Cir. 2004); *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 231-33 (4th Cir. 1993) ("Congress has clearly indicated that state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law . . . should be litigated only as federal copyright claims"); *see also Bierman v. Toshiba Corp.*, 473 F. App'x 756, 758 (9th Cir. 2012) (J.

Wallace concurring) ("I would have joined the Second, Fourth, and Sixth Circuits in holding that claims preempted by § 301(a) of the Copyright Act are regarded as arising under federal law, and therefore can support removal."); *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123-24 (N.D. Cal. 2001); 28 U.S.C. § 1338(a) (federal courts have exclusive jurisdiction over copyright claims).

22. "Copyright preemption is both explicit and broad[.]" *G.S. Rasmussen & Assoc. v. Kalitta Flying Service*, 958 F.2d 896, 904 (9th Cir. 1992), *cert. denied*, 508 U.S. 959 (1993). A state claim is preempted by the Copyright Act when: (1) the work on which the state claim is based is within the subject matter of copyright, and (2) the rights that plaintiff asserts under state law are qualitatively equivalent to rights within the general scope of copyright protection. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1012–13 (9th Cir. 2017); *Worth v. Universal Pictures*, Inc., 5 F. Supp. 2d 816, 821 (C.D. Cal. 1997); *Firoozye*, 153 F. Supp. 2d at 1122-23; *Dielsi*, 916 F. Supp. at 991.

23. The yearbooks at issue here fall within the "subject matter of copyright." *See* 17 U.S.C. §§ 102-103 (copyright protection for "original works of authorship fixed in any tangible medium of expression," including "compilations"). The yearbooks are "fixed" in a tangible medium of expression within the meaning of the Act because their "embodiment in a copy . . . is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." *Id.* at § 101. In any event, even if the yearbooks were not entitled to copyright protection (they are), the scope of copyright preemption is broader than the scope of protection—"the shadow actually cast by the Act's preemption is notably broader than the wing of its protection." *Endemol Entm't B.V. v. Twentieth Television Inc.*, 1998 WL 785300, at *3 (C.D. Cal. Sept. 29, 1998); *United States ex rel. Berge v. Bd. of Trustees*, 104 F.3d 1453, 1463 (4th Cir. 1997); *see also Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212-13 (9th Cir. 1998) (even where drawings were not protected by Copyright Act, unfair competition claims nonetheless preempted); *Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*, No. S-04-2728 FCD DAD, 2006 WL 1062070, at *5 (E.D. Cal. Apr. 21, 2006) (rejecting argument that elements of expression not protected by copyright do not fall within the

"general subject matter of copyright" and finding them preempted).

26. "A right is equivalent to rights within the exclusive province of copyright when it is infringed by the mere act of reproducing, performing, distributing, or displaying the work at issue." *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918–24 (1996). Here, each claim is completely preempted by the Copyright Act because each hinges on nothing more than Ancestry's use (reproduction, display, and distribution) of copyrighted yearbooks.

25. Plaintiffs' first and second causes of action under California's right of publicity statute and common law misappropriation of likeness are both preempted by federal law. The Ninth Circuit's analysis in *Maloney* is instructive. *See* 853 F.3d at 1012–13. The plaintiffs there asserted right of publicity claims where the defendant sold licenses that allowed customers to download photographs of plaintiffs. *Id.* at 1007. Although the plaintiffs alleged the defendant exploited their names and likenesses for commercial purposes, the Ninth Circuit deemed the claims preempted—plaintiffs "were asserting rights equivalent to the exclusive rights contained in the Copyright Act because they did not identify a use of their names or likenesses independent of the display, reproduction, and distribution of the copyrighted images in which they are depicted." *Id.* at 1008-09. The same is true here. Plaintiffs' claims are completely preempted by the Copyright Act because their claims are based solely on use of copyrightable works (the yearbooks), and plaintiffs fail to identify any "use of their names or likeness independent of the display, reproduction, and distribution of the copyrighted images in which they are depicted." *Id.*; *see Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010) (right of publicity claim under § 3344 of the California Civil Code fell within the subject matter of the Copyright Act and was thus preempted by it because the essence of that claim was that defendants reproduced and distributed the DVDs without authorization); *Fleet*, 50 Cal. App. 4th at 1918–24 (discussing California common law misappropriation of likeness as being encompassed within right of publicity action and finding preemption of right of publicity action); *see also* H.R. Rep. No. 94-1476 at 130 ("The intention of § 301 is to preempt and abolish any rights under the common law or statutes of a state that are equivalent to copyright and that extend to works within the scope of Federal copyright law.").

-8-  Case No. _____
NOTICE OF REMOVAL

26. "To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987). To survive preemption, "the state claim must have an 'extra element' which changes the nature of the action." *Id.* (*citing Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F. Supp. 1523, 1535 (S.D.N.Y. 1985)). Courts cannot rely merely on the list of elements for a cause of action to determine whether there's preemption; instead, the Court must analyze the allegations underlying the claims at issue to determine whether the claims *as pleaded* are equivalent to a federal copyright claim. *See Kodadek*, 152 F.3d at 1212–13; *Dielsi*, 916 F. Supp. at 990-93. Plaintiffs' intrusion upon seclusion claim challenges only Ancestry's reproduction, display, and distribution of plaintiffs' decades-old, publicly-available, yearbook photos. *See* Morgan Decl. ¶ 4, Ex. 3 at ¶¶ 74–85. Thus, as pleaded, plaintiffs' intrusion upon seclusion claim is no different than a copyright claim, and is thus preempted by the Copyright Act. *See Fleet*, 50 Cal. App. 4th at 1918–24.

27. Similarly, plaintiffs' fourth and fifth causes of action, which assert claims under California's unjust enrichment law and California's Business and Professions Code § 17200, are dependent on the other causes of action and are premised on the same allegedly unlawful and unfair reproduction, display, and distribution of plaintiffs' public yearbook photographs. Morgan Decl. ¶ 4, Ex. 3 at ¶ 93. Thus, they too fall within the purview of the Copyright Act and are thus preempted. *Kodadek*, 152 F.3d at 1212–13 (finding copyright preemption where unfair competition claim under § 17200 of the California Business and Professions Code was based solely on rights equivalent to those granted by the federal copyright laws, i.e., "rights 'to reproduce the copyrighted work in copies,' 'to prepare derivative works based upon the copyrighted work,' 'to distribute copies . . . to the public,' and 'to display the copyrighted work publicly.'"); *NetApp, Inc. v. Nimble Storage, Inc.*, No. 5:13-CV-05058-LHKHRL, 2015 WL 400251, at *22 (N.D. Cal. Jan. 29, 2015) ("Therefore, the Copyright Act preempts NetApp's claim that Reynolds engaged in unfair competition through the 'unauthorized use, reproduction, and/or distribution'" of the work at issue.); *Del Madera Properties*, 820 F.2d at 977 (unfair competition and unjust enrichment claims preempted by Copyright Act).

28. Even if just one of plaintiffs' claims is preempted by the Copyright Act, the entirety of the Complaint is removable. *Franchise Tax Bd. Of State of Cal.*, 463 U.S. at 22; *Metro. Life Ins. Co.*, 481 U.S. at 63-64; *see also NTD Architects v. Baker*, No. 12CV0020 AJB JMA, 2012 WL 2498868, at *8 (S.D. Cal. June 27, 2012) ("The preemption of just one claim is sufficient to warrant removal."). In that situation, the Court has supplemental jurisdiction over the rest of the claims under 28 U.S.C. § 1367(a) because all claims alleged are derived from a "common nucleus of operative fact." *Worth*, 5 F. Supp. 2d at 823; 28 U.S.C. § 1367(a).

## III. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

29. This action, filed in the Superior Court of the State of California, County of Alameda, is being removed to the Northern District of California, which embraces the place where the action is pending. 28 U.S.C. § 1441.

30. Defendant has also complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served on Ancestry in the state court are attached to the Morgan Declaration, filed concurrently. Morgan Decl. ¶¶ 2-11, Exs. 1-8. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Superior Court of the State of California in the County of Alameda, Case No. HG21108450. In addition, defendant is serving a notice of filing of removal, with a copy of the notice of removal attached thereto, on plaintiffs' attorneys. A copy of the notice and the certificate of service of the notice to plaintiffs are attached to the Morgan Declaration. Morgan Decl. ¶ 11, Ex. 9. (A copy of this notice is not attached for the Court's convenience. Defendant will provide it upon request.)

31. No previous application has been made for the relief requested herein.

32. This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

By this notice, defendant does not waive any objections as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Defendant intends no

admission of fact, law, or liability by this notice, and instead reserves all defenses, motions, and pleas. Defendant prays that this action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that defendant obtain all additional relief to which it is entitled.

DATED: September 29, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Shon Morgan*
Shon Morgan
Attorneys for ANCESTRY.COM OPERATIONS INC.