1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Shon Morgan (Bar No. 187736)
2      (shonmorgan@quinnemanuel.com)
      John W. Baumann (Bar No. 288881)
3      (jackbaumann@quinnemanuel.com)
4   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017
5   Telephone:     (213) 443-3000
    Facsimile:     (213) 443-3100
6

7     Cristina Henriquez (Bar No. 317445)
       (cristinahenriquez@quinnemanuel.com)
8   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
9   Telephone:     (650) 801-5000
    Facsimile:     (650) 801-5000
10

11  Attorneys for Defendant ANCESTRY.COM
    OPERATIONS INC.

12                  **UNITED STATES DISTRICT COURT**

13               **NORTHERN DISTRICT OF CALIFORNIA**

14  ALICE ZHANG and WAYNE TSENG,          CASE No.
    individually and on behalf of a class of
15  similarly situated persons,
                                          **DECLARATION OF SHON MORGAN IN**
16              Plaintiffs,               **SUPPORT OF DEFENDANTS' NOTICE**
                                          **OF REMOVAL OF ACTION TO**
17         vs.                            **FEDERAL COURT**

18
    ANCESTRY.COM OPERATIONS INC., a
19  Delaware Corporation

20              Defendant.

21

22

23

24

25

26

27

28

## DECLARATION OF SHON MORGAN

1.      I am a member of the bar of the State of California and the Northern District of California.  I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendant Ancestry.com Operations Inc.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2.      Attached as Exhibit 1 is a true and correct copy of the complaint filed on August 10, 2021 in the state court action, Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

3.      Attached as Exhibit 2 is a true and correct copy of the state court civil case cover sheet filed in the state court action, Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

4.      Attached as Exhibit 3 is a true and correct copy of the corrected complaint filed on August 16, 2021 in the state court action, Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

5.      Attached as Exhibit 4 is a true and correct copy of the service package served on Ancestry.com Operations Inc. on August 31, 2021, which includes the summons and operative complaint in the state court action, Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

6.      Attached as Exhibit 5 is a true and correct copy of the proof of service of the corrected complaint on Ancestry.com Operations Inc. filed by plaintiffs on September 2, 2021 in the state court action, Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

7.      Attached as Exhibit 6 is a true and correct copy of the proof of service of the corrected complaint on Ancestry.com Operations Inc. filed by plaintiffs on September 15, 2021 in the state court action, Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

8.      Attached as Exhibit 7 is a true and correct copy of the Minutes of the September 22, 2021 Complex Determination Hearing in Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda, which were entered on September 27, 2021.

9.      Attached as Exhibit 8 is a true and correct copy of the Order on Complex Determination entered on September 27, 2021 in Case No. HG21108450 in the Superior Court of the State of California in the County of Alameda.

10.      Exhibits 1 through 8 constitute all publicly filed process, pleadings, and orders on file in the state court and/or served on defendants in the state court.

11.      Attached as Exhibit 9 is a true and correct copy of the Notice To Adverse Party Of Removal Of Action To Federal Court and proof of service of this document on plaintiffs through their counsel of record in the state court action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 29, 2021, at Los Angeles, California.


 _/s/ Shon Morgan_____
Shon Morgan

# Exhibit 1

23015527

FILE BY FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn *(To Be Admitted Pro Hac Vice)*
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss *(To Be Admitted Pro Hac Vice)*
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201 | Madison, WI 53703
936 N 34th Street #300 | Seattle, WA 98103
Telephone: (608) 237-1175

*Attorneys for Plaintiff and the Proposed Class*

**FILED**
ALAMEDA COUNTY

AUG 1 0 2021

CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

ALICE ZHANG and WAYNE TSENG,
individually and on behalf of a class of similarly
situated persons,

    Plaintiffs,

v.

ANCESTRY.COM OPERATIONS INC., a
Delaware Corporation,

    Defendant.

Case No.:  **HG21108450**

**CLASS ACTION COMPLAINT FOR
VIOLATION OF RIGHT OF PUBLICITY
STATUTE; COMMON LAW
MISAPPROPRIATION OF LIKENESS;
INTRUSION UPON SECLUSION;
UNFAIR COMPETITION LAW; AND
UNJUST ENRICHMENT**

**CLASS ACTION**

**Factual Allegations**

1.     Plaintiffs and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendant or the website they own and operate called Ancestry.com.[1] Plaintiffs and the Class have never used Ancestry.com, nor did they provide their names, photographs, or any other personal information to Ancestry.

2.     Plaintiffs were seriously distressed to discover that Ancestry is using decades-old photographs of Plaintiffs and the Class as minor children to advertise paid subscriptions to the website Ancestry.com.

3.     Plaintiffs and the Class did not consent to Ancestry using their photographs in promoting Ancestry.com subscriptions, nor did they consent to Ancestry sharing their photographs as minors to a worldwide audience on the Internet.

4.     Ancestry uses the Plaintiffs' and Class members' likeness in multiple advertising techniques, all of which involve displaying the Plaintiffs' and Class members' photographs in low-resolution or time-limited formats for free. Ancestry promises the viewer that purchasing a paid subscription to Ancestry.com will reveal the full versions of Plaintiffs' and Class members' photographs and personal information. A paid subscription will also deliver many additional services, including the ability to search and view tens of millions of additional photographs and personal information about millions of other individuals.

5.     In the first of its advertising techniques, Ancestry provides a publicly accessible landing page on which a visitor may search by name and location for any person. In response to searches for the Plaintiffs' and Class members' names, Ancestry delivers a list of photographs in its possession showing the Plaintiffs' and Class members' faces. Plaintiffs' and Class members' photographs are accompanied by promotional text urging the visitor to "Sign Up Now" for an Ancestry.com subscription. The promotional text promises that "There's more to see" about the Plaintiffs and Class members if the visitor buys a subscription, including higher-resolution photographs and additional personal information about the Plaintiffs and Class members such as

---

[1] Hereafter Plaintiffs refer to the Defendant and the website Ancestry.com collectively as "Ancestry."

CLASS ACTION COMPLAINT

1   city of residence, estimated age, and high school graduation year.

2         6.     In the second advertising technique, Ancestry sends promotional emails and on-

3   site messages to users who have provided their email addresses to Ancestry but have not yet

4   purchased a paid subscription plan. These emails and messages use the Plaintiffs' and Class

5   members' names and identities. For example, Ancestry sent a promotional email to a non-paying

6   user with the subject line "What should you explore next for Alice Zhang?" A link in the body of

7   the email encourages the user to click on the name "Alice Zhang" to view records about her.

8   Users who click the link and attempt to view records about Alice Zhang receive in response a

9   webpage asking the user to subscribe to Ancestry.com.

10         7.     In the third advertising technique, Ancestry offers a two-week "free trial"

11   membership during which users may access and use the full range of services associated with an

12   Ancestry website subscription. "Free trial" users may search for, view, print, and share the

13   Plaintiffs' and Class members' photographs as minors and personal information including cities

14   of residence, estimated birth years, and graduation dates. Ancestry's sole purpose for using the

15   Plaintiffs' and Class members' photographs and personal information as part of its "free trial"

16   membership is to solicit the purchase of paid memberships.

17         8.     By using Plaintiffs' and Class members' photographs as minor children in its

18   advertising, Ancestry misleads the consuming public into believing Plaintiffs and Class members

19   are Ancestry.com users, willingly uploaded their personal information to Ancestry.com, and

20   endorse Ancestry's subscription product. In fact, Plaintiffs and the Class have no relationship

21   with Ancestry, had no knowledge their photographs as minors were being used, and do not

22   approve of Ancestry's use of their likenesses to advertise Ancestry.com subscriptions.

23   Ancestry's website and advertising communications fail to disclose that Plaintiffs and the Class

24   are unaffiliated with Ancestry.

25         9.     Ancestry does not present the Plaintiffs' and Class members' photographs as

26   "samples" advertising the purchase of the photographs themselves. Ancestry uses Plaintiffs' and

27   Class members' names and photographs to advertise subscriptions to Ancestry.com. An

28   Ancestry.com subscription includes far more than access to the Plaintiffs' photographs. At costs

CLASS ACTION COMPLAINT

1  ranging between $24.99 and $49.99 per month, a subscription to Ancestry.com entails a wide

2  range of services, including the ability to: "Grow a family tree with exclusive search tools";

3  "Connect with fellow members"; "Access 15+ billion records" from the U.S.; "Expand your

4  search with 3+ billion worldwide records"; "Find stores among 142+ million pages in the

5  Newspapers.com Basic subscription"; "Explore 537+ million original military records on

6  Fold3.com"; and "Enjoy premium support with a dedicated 1-800 number."[2]

7       10.    Ancestry is the sole author, designer, and implementor of the advertising

8  techniques and messages giving rise to this lawsuit. Ancestry does not host user-generated

9  content on any part of the website relevant to this lawsuit. Ancestry is the sole curator, designer,

10  and creator of the content described in this Complaint.

11       11.    Plaintiffs do not know how Ancestry obtained their photographs as children.

12  Ancestry's website states that the photographs were originally printed in school yearbooks but

13  does not disclose how Ancestry obtained copies of the Plaintiffs' and Class members' school

14  yearbooks.

15       12.    Ancestry misappropriated Plaintiffs' and Class members' photographs without

16  permission from the Plaintiffs and the Class, the photographers who took the pictures, the

17  authors who created the school yearbooks, or the publishers of the school yearbooks. Ancestry

18  does not hold copyright in Plaintiffs' or Class members' yearbooks, nor does it have permission

19  from the copyright holder to republish or distribute Plaintiffs' or Class members' yearbooks.

20       13.    Consent is not all or nothing. As minors, Plaintiffs and the Class had their

21  photographs taken for school yearbooks intended solely for print distribution among a narrow

22  circle of friends, family, and schoolmates. Plaintiffs' yearbooks were originally produced

23  decades ago when the Internet was in its infancy. Plaintiffs and the Class did not consent to the

24  commercial use of their photographs to promote a website, nor to the worldwide distribution of

25  their photographs on the Internet.

26       14.    Ancestry fails to provide any mechanism by which Plaintiffs or the Class may

27

28  [2] https://www.ancestry.com/cs/offers/compare

3

CLASS ACTION COMPLAINT

1    request that their photographs and personal information be removed from Ancestry's website.

2    Nor does Ancestry allow Plaintiffs or the Class to opt out of the use of their photographs as

3    minors in advertisements for subscriptions to Ancestry.com.

4         15.    California law recognizes the intellectual property and privacy rights of California

5    citizens in controlling the use of their names, images, and likenesses for commercial purposes.

6         16.    By using Plaintiffs' and Class members' photographs, names, and personal

7    information in advertisements for website subscriptions without consent, Ancestry has violated

8    their intellectual property and privacy rights. Plaintiffs and the Class have the right not to have

9    their likenesses exploited to promote a product with which they have no relationship and no

10   interest in supporting. Plaintiffs and the Class have an economic interest in their likenesses,

11   which Ancestry has stolen, and a privacy interest in their likenesses, which Ancestry has

12   violated.

13        17.    By these actions, Ancestry has violated the California Right to Publicity, codified

14   in Cal. Civ. Code § 3344; California common law prohibiting misappropriation of likeness;

15   California common law prohibiting intrusion upon seclusion; the California Unfair Competition

16   Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and California common law prohibiting unjust

17   enrichment. Plaintiffs and the Class have suffered injury through the unlawful taking of their

18   valuable intellectual property; through the invasion of their privacy rights protected by statute;

19   through Ancestry's unlawful profiting from its exploitation of their personal information; and

20   through mental anguish and harm to peace of mind. Plaintiffs and the Class are entitled to relief

21   including statutory damages, disgorgement of profits, royalties for the use of their likenesses,

22   restitution of the value of their likenesses, an injunction prohibiting Ancestry's unlawful conduct,

23   the award of attorney's fees, expenses, and costs, and declaratory relief.

24

25   **Parties**

26        18.    Plaintiff ALICE ZHANG is a citizen of California. She resides in Berkeley,

27   California, in Alameda County. Ms. Zhang has never visited or used the website Ancestry.com.

28   Ms. Zhang attended high school at Albany High School in Albany, California, in Alameda

4

CLASS ACTION COMPLAINT

County. Ancestry is in possession of at least nine photographs of Ms. Zhang, which it appears to have acquired from her high school yearbooks, and which it uses to advertise subscriptions to Ancestry.com without her consent, to her emotional distress.

19.     Plaintiff WAYNE TSENG is a citizen of California. He resides in El Sobrante, California, in Contra Costa County. Mr. Tseng has never visited or used the website Ancestry.com. Mr. Tseng attended high school at Albany High School in Albany, California, in Alameda County. Ancestry is in possession of at least two photographs of Mr. Tseng, which it appears to have acquired from his high school yearbook, and which it uses to advertise subscriptions to Ancestry.com without his consent, to his emotional distress.

20.     Defendant ANCESTRY.COM OPERATIONS INC. is a Delaware corporation with its headquarters in Lehi, Utah. It conducts business under the brand names "Ancestry.com," "Ancestry," and other brand names associated with the various website and services it owns and operates.

21.     Defendant owns and operate the website www.ancestry.com. Plaintiffs refer to the Defendant and the website it operates as "Ancestry." Ancestry is registered to do business in California and maintains an office at 153 Townsend Street in San Francisco, California with roughly 400 employees. Ancestry conducts business throughout this County, California, and the United States.

**Jurisdiction and Venue**

22.     This Court has subject matter jurisdiction over this class action because Plaintiffs assert claims arising under California state law.

23.     This Court has personal jurisdiction over Ancestry. Ancestry maintains its second-largest office in San Francisco, California. According to publicly available information, the San Francisco office employs about 400 people, including software engineers, product designers, managers, and other staff. On information and belief, staff at Ancestry's San Francisco office contributed to the strategy, design, creation, and maintenance of the products giving rise to this suit. Ancestry also maintains substantial connections to the state of California

5

CLASS ACTION COMPLAINT

1    and this County by, among other things, advertising its subscription products and services to

2    prospective customers in this state and County, and using the misappropriated names,

3    photographs, likenesses, images, and identities of residents of this state and County to advertise

4    website subscriptions.

5        24.    This Court is a proper venue for this action because Plaintiff Zhang resides in

6    Alameda County and the harm Ancestry caused by taking her intellectual property and invading

7    her privacy rights occurred in Alameda County. It is also likely Ancestry reached into this county

8    when it misappropriated Mr. Teng's and Ms. Zhang's high school yearbooks. Ancestry regularly

9    conducts business throughout Alameda County.

10   **Named Plaintiffs' Fact Allegations**

11   **Plaintiff Alice Zhang**

12       25.    Plaintiff Alice Zhang has no relationship with Ancestry. She has never used

13   Ancestry services.

14       26.    Ms. Zhang did not give consent to Ancestry to use her photographs or likeness in

15   any way.

16       27.    Ancestry is in possession of at least nine photographs depicting Ms. Zhang as a

17   minor. Ancestry uses her photographs to advertise and promote subscriptions to Ancestry.com.

18       28.    Ancestry uses Ms. Zhang's photographs in at least three types of advertisements.

19   First, Ancestry provides a publicly accessible landing page on which a visitor may search by

20   name and location for Ms. Zhang:

21

22

23

24

25

26

27

28

6

CLASS ACTION COMPLAINT



29.     Visitors who search for Ms. Zhang receive in response a list of the nine photographs depicting Ms. Zhang as a minor. Ms. Zhang's age at the time of the photographs ranges from fifteen to seventeen. Ancestry displays a low-resolution version of each photograph for free, accompanied by promotional text promising that "There's more to see" about Ms. Zhang if the user clicks "Sign Up Now." Ancestry promises it has information about her estimated age and school location, among other things:

---

7

CLASS ACTION COMPLAINT



30.     Users who click "Sign Up Now" are shown a payment page soliciting the purchase of a membership plan for $24.99 per month. The page does not say that users are paying to access Ms. Zhang's photograph or personal information. The page says that users are paying to receive a broad range of services, including access to "The world's most comprehensive record collection" and the ability to create and grow a "family tree":

31.     Second, Ancestry sends promotional emails that display Ms. Zhang's name. An example is shown below:

CLASS ACTION COMPLAINT



32.     Ancestry sends this and similar emails bearing Ms. Zhang's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Ms. Zhang's personal information. Users who click on Ms. Zhang's name and attempt to review records about Ms. Zhang receive a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month:

CLASS ACTION COMPLAINT



33.    **Third**, Ancestry allows users who have not yet signed up for a paying subscription to search for and view Ms. Zhang's photograph as part of a two-week "free trial" membership. One of the photographs portraying Ms. Zhang that Ancestry offers as part of its "free trial" is shown below:

34.    Ancestry's sole purpose in using Ms. Zhang's photograph, name, and personal information as part of its "free trial" membership is to solicit the purchase of paid memberships from its "free trial" members.

35.    Ms. Zhang does not know how Ancestry obtained her photographs as a minor child between the ages of fifteen and seventeen. The photographs appear to have been stolen from the yearbooks Ms. Zhang's high school produced for students and family in the years 1997, 1998, and 1999.

36.    Ancestry appropriated Ms. Zhang's photographs without permission from Ms. Zhang, the photographer who took her pictures, the authors who created her high school

10

CLASS ACTION COMPLAINT

1   yearbooks, or the publishers of her high school yearbooks. Ancestry does not hold copyright in

2   yearbooks from Ms. Zhang's high school (Albany High School in Albany, California), nor does

3   it have permission from the copyright holder to republish or distribute the yearbooks or the

4   photographs contained therein.

5         37.     Ms. Zhang has intellectual property and privacy interests in her photograph,

6   name, and likeness recognized by California statutory law. She has the right to exclude anyone

7   from making commercial use of her likeness without her permission.

8         38.     Ancestry has injured Ms. Zhang by taking her intellectual property without

9   compensation; by invading her privacy rights protected by statute and by California common

10  law; and by unlawfully profiting from its exploitation of her personal information.

11        39.     Ms. Zhang is indignant and disgusted by Ancestry's violation of her privacy while

12  profiting from the illegal use of her photos as a minor. Ms. Zhang is deeply disturbed by

13  Ancestry's use of her name and photographs without her consent. She believes her likeness is

14  rightly hers to control. Ancestry's illegal use has left her worried about her inability to control

15  how her name and likeness is used. Ms. Zhang feels that Ancestry's use of her photographs,

16  revealing intimate moments of her at choir practice and playing powder puff football at

17  homecoming, represents an alarming invasion of her privacy and makes her vulnerable to

18  identity theft. She believes Ancestry's use of her photos as an adolescent in ads to promote

19  subscriptions encourages and enables stalking and pedophilic behaviors.

20  **Plaintiff Wayne Tseng**

21        40.     Plaintiff Wayne Tseng has no relationship with Ancestry. He has never used

22  Ancestry services.

23        41.     Mr. Tseng did not give consent to Ancestry to use his photographs or likeness in

24  any way.

25        42.     Ancestry is in possession of at least two photographs of Mr. Tseng depicting him

26  as a minor. Ancestry uses his photographs to advertise and promote subscriptions to

27  Ancestry.com.

28

CLASS ACTION COMPLAINT

43.     Ancestry uses Mr. Tseng's photographs in at least three types of advertisements. <u>First</u>, Ancestry provides a publicly accessible landing page on which a visitor may search by name and location for Mr. Tseng. *See* ¶ 28 *above.*

44.     Visitors who search for Mr. Tseng receive a list of records corresponding to Mr. Tseng, including two photographs depicting Mr. Tseng as a minor. Mr. Tseng is sixteen years old at the time of the photograph. Ancestry displays a low-resolution version of the photograph for free, accompanied by promotional text promising that "There's more to see" about Mr. Tseng if the user clicks "Sign Up Now." Ancestry promises it has information about his estimated age and school location, among other things:



45.     Users who click "Sign Up Now" are shown a payment page soliciting the purchase of a membership plan for $24.99 per month. The page does not say that users are paying to access Mr. Tseng's photograph or personal information. The page says that users are paying to receive a broad range of services, including access to "The world's most comprehensive record collection" and the ability to create and grow a "family tree". *See* ¶ 30 *above.*

46.     <u>Second</u>, Ancestry sends promotional messages called "Hints" that display Mr.

12

CLASS ACTION COMPLAINT

1  Tseng's photograph, name, and other personal information including his current city of residence

2  and birth date. Three examples of such "Hints," displayed as on-site messages, are shown below:



3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

23  47.    Ancestry sends this and similar messages bearing Mr. Tseng's likeness to users

24  who have not yet purchased a paid subscription plan and who Ancestry believes may be

25  interested in Mr. Tseng's personal information. Users who click to "Review" any of the records

26  see a message indicating that Ancestry has additional information about Mr. Tseng and

27  prompting the user to "save" the information about Mr. Tseng "to your tree."

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17

18    48.    Clicking any of the links in the message, including the large green button marked

19  "Yes," brings the user to a web page soliciting a subscription to Ancestry.com at prices ranging

20  from $24.99 to $49.99 per month:

21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT



49.     Ancestry also sends emails bearing Mr. Tseng's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Mr. Tseng's personal information. An example is shown below:

50.     Clicking any of the links in the email, including the green button marked "See your hint" directly below Mr. Tseng's name and birth date, opens a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month. *See ¶ 48 above.*

51.     <u>Third</u>, Ancestry allows users who have not yet signed up for a paying subscription to search for and view Mr. Tseng's photograph as part of a two-week "free trial" membership. One of the photographs portraying Mr. Tseng that Ancestry offers as part of its "free trial" is shown below:

⚠ Report a problem

52.     Ancestry's sole purpose for using Mr. Tseng's photograph, name, and personal information as part of its "free trial" membership is to solicit the purchase of paid memberships from its "free trial" members.

53.     Mr. Tseng does not know how Ancestry obtained his photograph as a minor child,

15

CLASS ACTION COMPLAINT

1  aged sixteen. The photographs appear to have been stolen from the yearbook Mr. Tseng's high

2  school produced for students and family in 1998.

3      54.    Ancestry appropriated Mr. Tseng's photograph without permission from Mr.

4  Tseng, the photographer who took her picture, the authors who created his high school yearbook,

5  or the publisher of his high school yearbook. Ancestry does not hold copyright in yearbooks

6  from Mr. Tseng's high school (Albany High School in Albany, California), nor does it have

7  permission from the copyright holder to republish or distribute the yearbooks or the photographs

8  contained therein.

9      55.    Mr. Tseng has intellectual property and privacy interests in his photograph, name,

10  and likeness recognized by California statutory law. He has the right to exclude anyone from

11  making commercial use of his likeness without his permission.

12      56.    Ancestry has injured Mr. Tseng by taking his intellectual property without

13  compensation; by invading his privacy rights protected by statute and by California common

14  law; and by unlawfully profiting from its exploitation of his personal information.

15      57.    Ancestry's illegal actions caused Mr. Tseng mental anguish and harmed his peace

16  of mind. Upon learning about Ancestry's actions, Mr. Tseng was upset and disturbed by

17  Ancestry's use of his name and photograph without his consent. Mr. Tseng believes his likeness

18  is rightly his to control. Ancestry's illegal use has left him worried and uncertain about his

19  inability to control how his name and likeness is used. Mr. Tseng feels that Ancestry's use of his

20  photograph represents an alarming invasion of his privacy. Mr. Tseng feels deeply

21  uncomfortable in the knowledge that Ancestry is distributing his name and photographs as a

22  child publicly on the Internet to a worldwide audience.

23  **Class Action Allegations**

24      58.    Plaintiffs assert claims on behalf of themselves and a class of similarly-situated

25  persons pursuant to Cal. Code Civ. P. § 382.

26      59.    Plaintiffs bring this Complaint on behalf of themselves and a proposed class of all

27  California residents (1) whose names, photographs, and/or likenesses are being used by Ancestry

28  to advertise website subscriptions, (2) who are not users of Ancestry services, and (3) who did

16

1  not consent to Ancestry's use (the "Class"). Excluded from the Class are (a) Plaintiffs' counsel,

2  (b) Ancestry, its officers and directors, counsel, successors and assigns, (c) any entity in which

3  Ancestry has a controlling interest, and (d) the judge to whom the case is assigned and the

4  judge's immediate family.

5       60.    Plaintiffs propose certification of all issues, while reserving the right to

6  alternatively seek certification as to any specific claim or issue.

7       61.    Plaintiffs would serve as Class representatives.

8       62.    Plaintiffs satisfy the requirements Code of Civil Procedure § 382:

9            a.    Numerosity – The Class is so numerous that joinder is impracticable.

10                Based on a search of its website, Ancestry is in possession of roughly 60

11                million photographs and names taken from yearbooks of California

12                schools. Ancestry uses all the photographs in its possession to advertise its

13                subscription services.

14           b.    Commonality – There are numerous common questions of law and fact,

15                including but not limited to the following:

16                i.    Whether, before taking Class members' photographs as minors

17                       from yearbooks and other sources, Ancestry sought and obtained

18                       the consent required by Cal. Civ. Code § 3344 and California

19                       common law prohibiting misappropriation of likeness;

20                ii.    Whether Ancestry's use of Class members' photographs as minors

21                       and personal information in a search function made available to the

22                       public, accompanied by on-site messages urging the viewer to

23                       purchase a subscription, violates California law;

24                iii.    Whether Ancestry's sending of promotional emails and messages

25                       containing Class members' names, photographs as minors, and

26                       personal information, and encouraging the recipient to purchase a

27                       subscription to Ancestry.com, violates California law;

28                iv.    Whether Ancestry is the author responsible for the advertisements

17

giving rise to this claim, or whether instead the advertisements were created and posted by Ancestry users;

    v.   Whether Ancestry obtained copyright license or permission from copyright holders before taking photographs from yearbooks and other sources and incorporating the photographs into its advertisements;

    vi.   Whether Ancestry's actions violate the Class members' reasonable privacy expectations, given that its use of their personal information is in violation of numerous California laws including the California Consumer Privacy Act, § 1798.100 *et seq.*;

    vii.   Whether Class members are entitled to statutory damages;

    viii.   Whether Class members are entitled to compensatory damages for the mental anguish Ancestry's actions caused;

    ix.   Whether Class members are entitled to disgorgement of Ancestry's profits earned from its use of their likenesses;

    x.   Whether Class members are entitled to restitution in the form of royalties for the unauthorized use of their likenesses;

    xi.   Whether Class members are entitled to injunctive and declaratory relief.

    c.   Typicality – Plaintiffs' claims are typical of those of the Class. Ancestry is using Plaintiffs' photographs, which it stole from their school yearbooks, to advertise subscriptions without their consent. The same fact pattern is true for absent Class members.

    d.   Adequacy – Plaintiffs would adequately protect the Class's interests. Plaintiffs have a genuine interest in protecting the rights of the Class. Plaintiffs' counsel is experienced in handling complex class actions. Plaintiffs' counsel have been designated and approved as class counsel in numerous state and federal courts, including in actions concerning

18

1    consumer rights.

2    e.    There is a well-defined community of interest among Class members, and

3          the disposition of the claims of these Class members in a single action will

4          provide substantial benefits to all parties and to the Court.

5    f.    Predominance – The answers to the common questions in this case will

6          decide liability for the entire class. If Ancestry violated Plaintiffs' privacy

7          and intellectual property rights by using their photographs in

8          advertisements without consent, and owe statutory and other damages as a

9          result, the Ancestry is liable to the absent Class members as well.

10         Therefore, common issues predominate over any individual issues.

11   g.    Superiority – A class action is superior to other available remedies. The

12         common questions would predominate over any individual questions, and

13         no other form of litigation could be superior to a class action. Because of

14         the low dollar amounts at stake for each Class member, a class action is

15         the only way for Plaintiffs and other Class members to obtain redress.

16         Moreover, the most efficient way to resolve the class's claims is for a

17         court to decide all claims in a single class.  Requiring millions of Class

18         members to individually litigate their claims in various courts would be

19         inefficient and would create the possibility of inconsistent judgments or

20         conflicting declaratory and injunctive relief.

21                          **FIRST CAUSE OF ACTION**
         **(Violation of California Right of Publicity – Cal. Civ. Code § 3344)**

22

23   63.   Plaintiffs incorporate by reference the allegations contained in all preceding

     paragraphs of this Complaint.

24

25   64.   California's Right of Publicity Statute, California Civil Code § 3344, prohibits the

     use of a "name, voice signature, photograph, or likeness, in any manner, on or in products . . . or

26

     for purposes of advertising or selling . . . products, merchandise, goods or services, without such

27

     person's prior consent."

28

---

                                    19

65.     Ancestry violated California's Right of Publicity statute by taking Plaintiffs' and Class members' photographs as minors and personal information from school yearbooks and other sources without consent, and knowingly using their photographs and personal information to advertise paid subscriptions to its website service.

66.     Cal. Civ. Code § 3344 provides that a person who violates the statute "shall be liable for any damages sustained." "In addition," the violator is liable for statutory damages "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered." The violator is also liable for "any profits from the unauthorized use that are attributable to the use."

67.     Plaintiffs on behalf of the Class seek statutory damages, compensatory damage for mental anguish, compensatory damages for the unauthorized taking of their intellectual property, and disgorgement of the unauthorized profits Ancestry earned from its use of their likenesses, as provided for by Cal. Civ. Code § 3344. Plaintiffs also seek nominal damages, declaratory relief, and injunctive relief. Plaintiffs also seek punitive damages and the award of attorneys' fees and costs as allowed under § 3344(a).

68.     Each use of a Class member's name, photograph, or likeness to advertise Ancestry subscriptions is a distinct violation of Cal. Civ. Code § 3344 giving rise to damages.

## SECOND CAUSE OF ACTION
### (Violation of California Common Law Misappropriation of Likeness)

69.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

70.     California's common law right of privacy recognizes a cause of action for misappropriation of likeness. A cause of action arises based on "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006) (quoting *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (1983).

71.     Ancestry violated California's common law prohibiting misappropriation of

20

1   likeness by taking Plaintiffs' and Class members' photographs as minors and personal

2   information from school yearbooks and other sources without consent and using their

3   photographs and personal information to advertise paid subscriptions to its website service.

4      72.   Ancestry's actions caused at least two forms of resulting injury recognized by

5   common law. First, by taking and exploiting Plaintiffs' and Class members' likenesses without

6   permission, Ancestry violated and infringed Plaintiffs' and Class members' intellectual property

7   rights. Second, Ancestry caused mental anguish and injury to Plaintiffs' and Class members'

8   peace of mind.

9      73.   Plaintiffs on behalf of the Class seek compensatory damage for mental anguish,

10  compensatory damages for the unauthorized taking of their intellectual property, and

11  disgorgement of the unauthorized profits Ancestry earned from its use of their likenesses.

12  Plaintiffs also seek nominal damages, declaratory relief, and injunctive relief.

13                    **THIRD CAUSE OF ACTION**
    **(Violation of California Intrusion Upon Seclusion Law)**

14     74.   Plaintiffs incorporate by reference the allegations contained in all preceding

15  paragraphs of this Complaint.

16     75.   California's common law right of privacy recognizes a cause of action for

17  intrusion upon seclusion. A cause of action arises has two elements: "First, the defendant must

18  intentionally intrude into a place, conversation, or matter as to which the plaintiff has a

19  reasonable expectation of privacy. Second, the intrusion must occur in a manner highly offensive

20  to a reasonable person." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009).

21     76.   Plaintiffs and the Class have a reasonable expectation of privacy in their

22  photographs as minors and personal information. Plaintiffs and Class members arguably

23  consented as minors to have their photographs taken for yearbooks intended for distribution in

24  print form among their schoolmates and families. Plaintiffs and the Class did not consent to, and

25  reasonably expected not to experience, the worldwide distribution of their photographs as minors

26  on the Internet in advertisements for Ancestry.com subscriptions.

27     77.   Ancestry intentionally intruded upon the seclusion of Plaintiffs and the Class by

28

21

1    taking their photographs as minors from yearbooks without permission and using those

2    photographs to sell Ancestry.com subscriptions. This intrusion revealed private facts in which a

3    reasonable person would expect privacy.

4         78.    Ancestry's actions were highly offensive to a reasonable person. A reasonable

5    person would not expect to see decades-old photographs of themselves as minors distributed

6    worldwide on the Internet and exploited for a company's financial gain.

7         79.    The highly offensive nature of Ancestry's actions, and the reasonability of

8    Plaintiffs' expectations of privacy, are both underscored by the fact that Ancestry's use of

9    Plaintiffs' personal information is in clear violation of the California Consumer Privacy Act, §

10   1798.100 *et seq.*

11        80.    The California Consumer Privacy Act ("CCPA") provides that a "business that

12   controls the collection of a consumer's personal information" must before collecting any

13   personal information "inform consumers of" the collection. Cal. Civ. Code § 1798.100. The

14   business must also "disclose" to the consumer "the consumer's rights to request deletion of the

15   consumer's personal information." *Id.* § 1798.105. A business that "sells personal information

16   about a consumer" must also provide a means by which the consumer may "at any time . . .

17   direct [the] business . . . not to sell the consumer's personal information." *Id.* § 1798.120.

18        81.    Ancestry failed to inform Plaintiffs and Class members that it collected their

19   personal information. Ancestry failed to disclose to and provide Plaintiffs and the Class their

20   right to request deletion of their photographs and personal information. Ancestry failed to

21   provide Plaintiffs and the Class a means of opting out of the sale of their photographs and

22   personal information on Ancestry's website. Ancestry's actions are therefore in clear violation of

23   multiple provisions of CCPA.

24        82.    Plaintiffs and Class members could reasonably expect Ancestry not to engage in

25   privacy violations clearly prohibited by California statutory law.

26        83.    Plaintiffs and the Class were harmed by Ancestry's intrusion upon their seclusion

27   as detailed in this Complaint.

28        84.    Plaintiffs on behalf of the Class seek compensatory damage for the mental

                                         22

CLASS ACTION COMPLAINT

1  anguish and lost peace of mind they suffered, including punitive damages in light of Ancestry's

2  conscious disregard of Plaintiffs' and Class members privacy rights and exploitation of their

3  personal information for profit. Plaintiffs also seek nominal damages, declaratory relief, and

4  injunctive relief.

5       85.    Defendant has been guilty of oppression, fraud, and/or malice and despicable

6  conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal.

7  Civ. Code § 3294. The foregoing conduct has been approved, authorized and/or ratified by each

8  Defendant's officers, directors and/or managing agents as required by the provisions section

9  3294.

10                            **FOURTH CAUSE OF ACTION**
                    **(Violation of California Unjust Enrichment Law)**

11      86.    Plaintiffs incorporate by reference the allegations contained in all preceding

12  paragraphs of this Complaint.

13      87.    Plaintiffs and the Class have conferred an unwarranted benefit on Ancestry.

14  Without permission or compensation, Ancestry took Plaintiffs' and Class members' likenesses

15  and used them to sell subscriptions to Ancestry.com. Each subscription an Ancestry user

16  purchased after viewing Plaintiffs' or Class members' photographs or likenesses, or after

17  receiving an email or message containing such photographs or likenesses, represents an

18  unwarranted benefit conferred by the class.

19      88.    Under principles of equity and good conscience, Ancestry should not be permitted

20  to retain the benefits it gained because of its actions.

21      89.    Plaintiffs and members of the Class have suffered economic loss and injury as a

22  direct result of Ancestry's conduct, as described in this Complaint.

23      90.    Plaintiffs on behalf of the Class seek the imposition of a constructive trust and

24  restitution of proceeds Ancestry received as a result of the conduct described in this complaint,

25  as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code §

26  1021.5.

27                            **FIFTH CAUSE OF ACTION**
                **(Violation of UCL - Unlawful and Unfair Business Practices)**

28

---

23

CLASS ACTION COMPLAINT

1    91.   Plaintiffs incorporate by reference the allegations contained in all preceding

2  paragraphs of this Complaint.

3    92.   California Business and Professions Code §17200 *et seq.* prohibits acts of unfair

4  competition, which include unlawful and unfair business practices, each of which is separately

5  actionable.

6    93.   Ancestry acted unlawfully and unfairly by taking millions of Class members'

7  photographs as minors without consent and distributing those photographs worldwide on the

8  Internet in advertisements promoting subscriptions to the Ancestry website.

9    94.   Ancestry's actions are unlawful because they violate California's Right of

10  Publicity (Cal. Civ. Code § 3344); California privacy law prohibiting misappropriation of

11  likeness; California privacy law prohibiting intrusion upon seclusion; and California unjust

12  enrichment law.

13    95.   Ancestry's actions are unfair because they are immoral, unethical, oppressive,

14  unscrupulous and substantially injurious to Plaintiffs and the class. The financial injury to

15  Plaintiffs and the Class by Ancestry's conduct outweighs any alleged countervailing benefit.

16    96.   Plaintiffs and the Class could not have avoided this injury because Ancestry failed

17  to solicit their consent. Ancestry fails to provide any means by which Plaintiffs or the Class may

18  request deletion of their photographs and personal information from Ancestry's website.

19    97.   Plaintiffs and the Class members suffered an economic injury and lost property

20  due to Ancestry's unlawful and unfair conduct. Plaintiffs have a property interest in their

21  personal data, and an intellectual property interest in the use of their likenesses, both of which

22  are recognized by California law. By using and distributing their photographs and personal

23  information for commercial gain without consent, Ancestry took property belonging to Plaintiffs

24  and the Class and caused them economic injury.

25    98.   To this day, Defendant has engaged and continues to engage in unlawful and

26  unfair business practices by continuing to use Plaintiffs' and Class members' photographs and

27  personal information without consent.

28    99.   As a proximate result of its unlawful and unfair practices, Defendant has been

24

CLASS ACTION COMPLAINT

1   unjustly enriched and should be required to make restitution to the Plaintiffs and Class members

2   pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

3                       **Relief Requested**

4     Plaintiffs ask this Court to:

5           a.    certify this action as a class action, including certifying Plaintiffs as Class

6                   representatives and undersigned counsel as Class counsel;

7           b.    grant judgment as a matter of law in favor of Plaintiffs and the Class on

8                   any or all issues or, in the alternative, hold a trial to decide any disputed

9                   fact questions;

10          c.    issue an injunction prohibiting Ancestry from continuing to advertise its

11                 subscription product using Plaintiffs' and Class members' photographs as

12                 minors;

13          d.    issue an injunction requiring Ancestry to comply with the requirements of

14                 the California CCPA by notifying California residents it is selling and

15                 using their personal information, and providing California residents an

16                 opportunity to opt out;

17          e.    award Plaintiffs and the Class any statutory damages, actual damages,

18                 unjust profits, restitution, and other monetary relief they are entitled to;

19          f.    award attorneys' fees and costs to Plaintiffs and the class;

20          g.    and order any other relief as the Court may deem proper and just.

21   Dated: August 10, 2021           By:       _/s/ Michael F. Ram_

22                                         Michael F. Ram
                                             Michael F. Ram (SBN 104805)

23                                         mram@forthepeople.com
                                             Marie N. Appel (SBN 187483)

24                                         mappel@forthepeople.com
                                             MORGAN & MORGAN

25                                         COMPLEX LITIGATION GROUP

26                                         711 Van Ness Avenue, Suite 500
                                             San Francisco, CA 94102

27                                         Telephone: (415) 358-6913
                                             Facsimile: (415) 358-6293

28

CLASS ACTION COMPLAINT

Benjamin R. Osborn
*(To Be Admitted Pro Hac Vice)*
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss
*(To Be Admitted Pro Hac Vice)*
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201
Madison, WI 53703
936 N 34th Street #300
Seattle, WA 98103
Telephone: (608) 237-1175

*Attorneys for Plaintiff and
the Proposed Class*

26

CLASS ACTION COMPLAINT

# Exhibit 2

23015526

**FILE BY FAX**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael F. Ram (SBN 104805) Morgan and Morgan Complex Litigation Group 711 Van Ness Avenue, Suite 500 San Francisco, CA 94102 | **FILED ALAMEDA COUNTY** |

TELEPHONE NO.: (415) 358-6913   FAX NO.: (415) 358-6923

ATTORNEY FOR *(Name):* Alice Zhang and Wayne Tseng

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: Hayward Hall of Justice
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

**AUG 10 2021**

CLERK OF THE SUPERIOR COURT
By _____
JAME THOMAS, Deputy

CASE NAME:
Alice Zhang, et al. v. Ancestry.com Operations, Inc., et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **HG21108450** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [✓] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 5 (five)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2021
Michael F. Ram
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Alice Zhang, et al. v. Ancestry.com Operations, Inc., et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ X ] Hayward Hall of Justice  (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [X] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial     Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential     of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs     [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

# Exhibit 3

23018327

1  Michael F. Ram (SBN 104805)
2  mram@forthepeople.com
   Marie N. Appel (SBN 187483)
3  mappel@forthepeople.com
   MORGAN & MORGAN
4  COMPLEX LITIGATION GROUP
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102
   Telephone: (415) 358-6913
6  Facsimile: (415) 358-6293

7

8  Benjamin R. Osborn *(To Be Admitted Pro Hac Vice)*
   Law Office of Benjamin R. Osborn
9  102 Bergen St.
   Brookyn, NY 11201
10 Telephone: (347) 645-0464
   Email: ben@benosbornlaw.com

11

12 Samuel J. Strauss *(To Be Admitted Pro Hac Vice)*
   sam@turkestrauss.com
13 TURKE & STRAUSS LLP
   613 Williamson Street #201 | Madison, WI 53703
14 936 N 34th Street #300 | Seattle, WA 98103
   Telephone: (608) 237-1175

15

16 *Attorneys for Plaintiff and the Proposed Class*

17          **SUPERIOR COURT OF CALIFORNIA**

18              **COUNTY OF ALAMEDA**

19
   ALICE ZHANG and WAYNE TSENG,          Case No.: HG 21108450
20 individually and on behalf of a class of similarly
   situated persons,                      **CORRECTED CLASS ACTION**
21                                         **COMPLAINT FOR VIOLATION OF**
            Plaintiffs,                    **RIGHT OF PUBLICITY STATUTE;**
22                                         **COMMON LAW MISAPPROPRIATION**
   v.                                      **OF LIKENESS; INTRUSION UPON**
23                                         **SECLUSION; UNFAIR COMPETITION**
                                           **LAW; AND UNJUST ENRICHMENT**
   ANCESTRY.COM OPERATIONS INC., a
24 Delaware Corporation,
            Defendant.                     **CLASS ACTION**
25

26

27

28
   _____
                              i
   CORRECTED CLASS ACTION COMPLAINT FOR VIOLATION OF RIGHT OF PUBLICITY STATUTE AND
                         ADDITIONAL CALIFORNIA LAWS

**FILED**
ALAMEDA COUNTY

AUG 16 2021

CLERK OF THE SUPERIOR COURT
By _____
    JANIE THOMAS, Deputy

FILE BY FAX

**Factual Allegations**

1.     Plaintiffs and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendant or the website they own and operate called Ancestry.com.[1] Plaintiffs and the Class have never used Ancestry.com, nor did they provide their names, photographs, or any other personal information to Ancestry.

2.     Plaintiffs were seriously distressed to discover that Ancestry is using decades-old photographs of Plaintiffs and the Class as minor children to advertise paid subscriptions to the website Ancestry.com.

3.     Plaintiffs and the Class did not consent to Ancestry using their photographs in promoting Ancestry.com subscriptions, nor did they consent to Ancestry sharing their photographs as minors to a worldwide audience on the Internet.

4.     Ancestry uses the Plaintiffs' and Class members' likeness in multiple advertising techniques, all of which involve displaying the Plaintiffs' and Class members' photographs in low-resolution or time-limited formats for free. Ancestry promises the viewer that purchasing a paid subscription to Ancestry.com will reveal the full versions of Plaintiffs' and Class members' photographs and personal information. A paid subscription will also deliver many additional services, including the ability to search and view tens of millions of additional photographs and personal information about millions of other individuals.

5.     In the first of its advertising techniques, Ancestry provides a publicly accessible landing page on which a visitor may search by name and location for any person. In response to searches for the Plaintiffs' and Class members' names, Ancestry delivers a list of photographs in its possession showing the Plaintiffs' and Class members' faces. Plaintiffs' and Class members' photographs are accompanied by promotional text urging the visitor to "Sign Up Now" for an Ancestry.com subscription. The promotional text promises that "There's more to see" about the Plaintiffs and Class members if the visitor buys a subscription, including higher-resolution photographs and additional personal information about the Plaintiffs and Class members such as

---

[1] Hereafter Plaintiffs refer to the Defendant and the website Ancestry.com collectively as "Ancestry."

1

1   city of residence, estimated age, and high school graduation year.

2       6.      In the second advertising technique, Ancestry sends promotional emails and on-

3   site messages to users who have provided their email addresses to Ancestry but have not yet

4   purchased a paid subscription plan. These emails and messages use the Plaintiffs' and Class

5   members' names and identities. For example, Ancestry sent a promotional email to a non-paying

6   user with the subject line "What should you explore next for Alice Zhang?" A link in the body of

7   the email encourages the user to click on the name "Alice Zhang" to view records about her.

8   Users who click the link and attempt to view records about Alice Zhang receive in response a

9   webpage asking the user to subscribe to Ancestry.com.

10      7.      In the third advertising technique, Ancestry offers a two-week "free trial"

11  membership during which users may access and use the full range of services associated with an

12  Ancestry website subscription. "Free trial" users may search for, view, print, and share the

13  Plaintiffs' and Class members' photographs as minors and personal information including cities

14  of residence, estimated birth years, and graduation dates. Ancestry's sole purpose for using the

15  Plaintiffs' and Class members' photographs and personal information as part of its "free trial"

16  membership is to solicit the purchase of paid memberships.

17      8.      By using Plaintiffs' and Class members' photographs as minor children in its

18  advertising, Ancestry misleads the consuming public into believing Plaintiffs and Class members

19  are Ancestry.com users, willingly uploaded their personal information to Ancestry.com, and

20  endorse Ancestry's subscription product. In fact, Plaintiffs and the Class have no relationship

21  with Ancestry, had no knowledge their photographs as minors were being used, and do not

22  approve of Ancestry's use of their likenesses to advertise Ancestry.com subscriptions.

23  Ancestry's website and advertising communications fail to disclose that Plaintiffs and the Class

24  are unaffiliated with Ancestry.

25      9.      Ancestry does not present the Plaintiffs' and Class members' photographs as

26  "samples" advertising the purchase of the photographs themselves. Ancestry uses Plaintiffs' and

27  Class members' names and photographs to advertise subscriptions to Ancestry.com. An

28  Ancestry.com subscription includes far more than access to the Plaintiffs' photographs. At costs

2

CLASS ACTION COMPLAINT

1   ranging between $24.99 and $49.99 per month, a subscription to Ancestry.com entails a wide

2   range of services, including the ability to: "Grow a family tree with exclusive search tools";

3   "Connect with fellow members"; "Access 15+ billion records" from the U.S.; "Expand your

4   search with 3+ billion worldwide records"; "Find stores among 142+ million pages in the

5   Newspapers.com Basic subscription"; "Explore 537+ million original military records on

6   Fold3.com"; and "Enjoy premium support with a dedicated 1-800 number."[2]

7        10.    Ancestry is the sole author, designer, and implementor of the advertising

8   techniques and messages giving rise to this lawsuit. Ancestry does not host user-generated

9   content on any part of the website relevant to this lawsuit. Ancestry is the sole curator, designer,

10  and creator of the content described in this Complaint.

11       11.    Plaintiffs do not know how Ancestry obtained their photographs as children.

12  Ancestry's website states that the photographs were originally printed in school yearbooks but

13  does not disclose how Ancestry obtained copies of the Plaintiffs' and Class members' school

14  yearbooks.

15       12.    Ancestry misappropriated Plaintiffs' and Class members' photographs without

16  permission from the Plaintiffs and the Class, the photographers who took the pictures, the

17  authors who created the school yearbooks, or the publishers of the school yearbooks. Ancestry

18  does not hold copyright in Plaintiffs' or Class members' yearbooks, nor does it have permission

19  from the copyright holder to republish or distribute Plaintiffs' or Class members' yearbooks.

20       13.    Consent is not all or nothing. As minors, Plaintiffs and the Class had their

21  photographs taken for school yearbooks intended solely for print distribution among a narrow

22  circle of friends, family, and schoolmates. Plaintiffs' yearbooks were originally produced

23  decades ago when the Internet was in its infancy. Plaintiffs and the Class did not consent to the

24  commercial use of their photographs to promote a website, nor to the worldwide distribution of

25  their photographs on the Internet.

26       14.    Ancestry fails to provide any mechanism by which Plaintiffs or the Class may

27

28  [2] https://www.ancestry.com/cs/offers/compare

3

CLASS ACTION COMPLAINT

1   request that their photographs and personal information be removed from Ancestry's website.

2   Nor does Ancestry allow Plaintiffs or the Class to opt out of the use of their photographs as

3   minors in advertisements for subscriptions to Ancestry.com.

4       15.   California law recognizes the intellectual property and privacy rights of California

5   citizens in controlling the use of their names, images, and likenesses for commercial purposes.

6       16.   By using Plaintiffs' and Class members' photographs, names, and personal

7   information in advertisements for website subscriptions without consent, Ancestry has violated

8   their intellectual property and privacy rights. Plaintiffs and the Class have the right not to have

9   their likenesses exploited to promote a product with which they have no relationship and no

10  interest in supporting. Plaintiffs and the Class have an economic interest in their likenesses,

11  which Ancestry has stolen, and a privacy interest in their likenesses, which Ancestry has

12  violated.

13      17.   By these actions, Ancestry has violated the California Right to Publicity, codified

14  in Cal. Civ. Code § 3344; California common law prohibiting misappropriation of likeness;

15  California common law prohibiting intrusion upon seclusion; the California Unfair Competition

16  Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and California common law prohibiting unjust

17  enrichment. Plaintiffs and the Class have suffered injury through the unlawful taking of their

18  valuable intellectual property; through the invasion of their privacy rights protected by statute;

19  through Ancestry's unlawful profiting from its exploitation of their personal information; and

20  through mental anguish and harm to peace of mind. Plaintiffs and the Class are entitled to relief

21  including statutory damages, disgorgement of profits, royalties for the use of their likenesses,

22  restitution of the value of their likenesses, an injunction prohibiting Ancestry's unlawful conduct,

23  the award of attorney's fees, expenses, and costs, and declaratory relief.

24

**Parties**

25

26      18.   Plaintiff ALICE ZHANG is a citizen of California. She resides in Berkeley,

27  California, in Alameda County. Ms. Zhang has never visited or used the website Ancestry.com.

28  Ms. Zhang attended high school at Albany High School in Albany, California, in Alameda

4

CLASS ACTION COMPLAINT

1    County. Ancestry is in possession of at least nine photographs of Ms. Zhang, which it appears to

2    have acquired from her high school yearbooks, and which it uses to advertise subscriptions to

3    Ancestry.com without her consent, to her emotional distress.

4         19.    Plaintiff WAYNE TSENG is a citizen of California. He resides in El Sobrante,

5    California, in Contra Costa County. Mr. Tseng has never visited or used the website

6    Ancestry.com. Mr. Tseng attended high school at Albany High School in Albany, California, in

7    Alameda County. Ancestry is in possession of at least two photographs of Mr. Tseng, which it

8    appears to have acquired from his high school yearbook, and which it uses to advertise

9    subscriptions to Ancestry.com without his consent, to his emotional distress.

10        20.    Defendant ANCESTRY.COM OPERATIONS INC. is a Delaware corporation

11   with its headquarters in Lehi, Utah. It conducts business under the brand names "Ancestry.com,"

12   "Ancestry," and other brand names associated with the various website and services it owns and

13   operates.

14        21.    Defendant owns and operate the website www.ancestry.com. Plaintiffs refer to the

15   Defendant and the website it operates as "Ancestry." Ancestry is registered to do business in

16   California and maintains an office at 153 Townsend Street in San Francisco, California with

17   roughly 400 employees. Ancestry conducts business throughout this County, California, and the

18   United States.

19

20   **Jurisdiction and Venue**

21        22.    This Court has subject matter jurisdiction over this class action because Plaintiffs

22   assert claims arising under California state law.

23        23.    This Court has personal jurisdiction over Ancestry. Ancestry maintains its

24   second-largest office in San Francisco, California. According to publicly available information,

25   the San Francisco office employs about 400 people, including software engineers, product

26   designers, managers, and other staff. On information and belief, staff at Ancestry's San

27   Francisco office contributed to the strategy, design, creation, and maintenance of the products

28   giving rise to this suit. Ancestry also maintains substantial connections to the state of California

CLASS ACTION COMPLAINT

1  and this County by, among other things, advertising its subscription products and services to

2  prospective customers in this state and County, and using the misappropriated names,

3  photographs, likenesses, images, and identities of residents of this state and County to advertise

4  website subscriptions.

5       24.  This Court is a proper venue for this action because Plaintiff Zhang resides in

6  Alameda County and the harm Ancestry caused by taking her intellectual property and invading

7  her privacy rights occurred in Alameda County. It is also likely Ancestry reached into this county

8  when it misappropriated Mr. Teng's and Ms. Zhang's high school yearbooks. Ancestry regularly

9  conducts business throughout Alameda County.

10  **Named Plaintiffs' Fact Allegations**

11  **Plaintiff Alice Zhang**

12       25.  Plaintiff Alice Zhang has no relationship with Ancestry. She has never used

13  Ancestry services.

14       26.  Ms. Zhang did not give consent to Ancestry to use her photographs or likeness in

15  any way.

16       27.  Ancestry is in possession of at least nine photographs depicting Ms. Zhang as a

17  minor. Ancestry uses her photographs to advertise and promote subscriptions to Ancestry.com.

18

19

20

21

22

23

24

25

26

27

28

6.

CLASS ACTION COMPLAINT

28.     Ancestry uses Ms. Zhang's photographs in at least three types of advertisements.

First, Ancestry provides a publicly accessible landing page on which a visitor may search by name and location for Ms. Zhang:

7

29. ˙ Visitors who search for Ms. Zhang receive in response a list of the nine photographs depicting Ms. Zhang as a minor. Ms. Zhang's age at the time of the photographs ranges from fifteen to seventeen. Ancestry displays a low-resolution version of each photograph for free, accompanied by promotional text promising that "There's more to see" about Ms. Zhang if the user clicks "Sign Up Now." Ancestry promises it has information about her estimated age and school location, among other things:



CLASS ACTION COMPLAINT

30.     Users who click "Sign Up Now" are shown a payment page soliciting the purchase of a membership plan for $24.99 per month. The page does not say that users are paying to access Ms. Zhang's photograph or personal information. The page says that users are paying to receive a broad range of services, including access to "The world's most comprehensive record collection" and the ability to create and grow a "family tree":





9

CLASS ACTION COMPLAINT

31.   Second, Ancestry sends promotional emails that display Ms. Zhang's name. An example is shown below:

CLASS ACTION COMPLAINT

32.     Ancestry sends this and similar emails bearing Ms. Zhang's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Ms. Zhang's personal information. Users who click on Ms. Zhang's name and attempt to review records about Ms. Zhang receive a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month:



CLASS ACTION COMPLAINT

33.     Third, Ancestry allows users who have not yet signed up for a paying subscription to search for and view Ms. Zhang's photograph as part of a two-week "free trial" membership. One of the photographs portraying Ms. Zhang that Ancestry offers as part of its "free trial" is shown below:



34.     Ancestry's sole purpose in using Ms. Zhang's photograph, name, and personal information as part of its "free trial" membership is to solicit the purchase of paid memberships from its "free trial" members.

35.     Ms. Zhang does not know how Ancestry obtained her photographs as a minor child between the ages of fifteen and seventeen. The photographs appear to have been stolen from the yearbooks Ms. Zhang's high school produced for students and family in the years 1997, 1998, and 1999.

36.     Ancestry appropriated Ms. Zhang's photographs without permission from Ms. Zhang, the photographer who took her pictures, the authors who created her high school yearbooks, or the publishers of her high school yearbooks. Ancestry does not hold copyright in yearbooks from Ms. Zhang's high school (Albany High School in Albany, California), nor does it have permission from the copyright holder to republish or distribute the yearbooks or the

12

CLASS ACTION COMPLAINT

1  photographs contained therein.

2       37.    Ms. Zhang has intellectual property and privacy interests in her photograph,

3  name, and likeness recognized by California statutory law. She has the right to exclude anyone

4  from making commercial use of her likeness without her permission.

5       38.    Ancestry has injured Ms. Zhang by taking her intellectual property without

6  compensation; by invading her privacy rights protected by statute and by California common

7  law; and by unlawfully profiting from its exploitation of her personal information.

8       39.    Ms. Zhang is indignant and disgusted by Ancestry's violation of her privacy while

9  profiting from the illegal use of her photos as a minor. Ms. Zhang is deeply disturbed by

10  Ancestry's use of her name and photographs without her consent. She believes her likeness is

11  rightly hers to control. Ancestry's illegal use has left her worried about her inability to control

12  how her name and likeness is used. Ms. Zhang feels that Ancestry's use of her photographs,

13  revealing intimate moments of her at choir practice and playing powder puff football at

14  homecoming, represents an alarming invasion of her privacy and makes her vulnerable to

15  identity theft. She believes Ancestry's use of her photos as an adolescent in ads to promote

16  subscriptions encourages and enables stalking and pedophilic behaviors.

17  **Plaintiff Wayne Tseng**

18       40.    Plaintiff Wayne Tseng has no relationship with Ancestry. He has never used

19  Ancestry services.

20       41.    Mr. Tseng did not give consent to Ancestry to use his photographs or likeness in

21  any way.

22       42.    Ancestry is in possession of at least two photographs of Mr. Tseng depicting him

23  as a minor. Ancestry uses his photographs to advertise and promote subscriptions to

24  Ancestry.com.

25       43.    Ancestry uses Mr. Tseng's photographs in at least three types of advertisements.

26  First, Ancestry provides a publicly accessible landing page on which a visitor may search by

27  name and location for Mr. Tseng. *See* ¶ 28 *above.*

28

CLASS ACTION COMPLAINT

44. Visitors who search for Mr. Tseng receive a list of records corresponding to Mr. Tseng, including two photographs depicting Mr. Tseng as a minor. Mr. Tseng is sixteen years old at the time of the photograph. Ancestry displays a low-resolution version of the photograph for free, accompanied by promotional text promising that "There's more to see" about Mr. Tseng if the user clicks "Sign Up Now." Ancestry promises it has information about his estimated age and school location, among other things:





14

45.     Users who click "Sign Up Now" are shown a payment page soliciting the purchase of a membership plan for $24.99 per month. The page does not say that users are paying to access Mr. Tseng's photograph or personal information. The page says that users are paying to receive a broad range of services, including access to "The world's most comprehensive record collection" and the ability to create and grow a "family tree". *See* ¶ 30 *above.*

46.     <u>Second</u>, Ancestry sends promotional messages called "Hints" that display Mr. Tseng's photograph, name, and other personal information including his current city of residence and birth date. Three examples of such "Hints," displayed as on-site messages, are shown below:

CLASS ACTION COMPLAINT

1    47.    Ancestry sends this and similar messages bearing Mr. Tseng's likeness to users

2    who have not yet purchased a paid subscription plan and who Ancestry believes may be

3    interested in Mr. Tseng's personal information. Users who click to "Review" any of the records

4    see a message indicating that Ancestry has additional information about Mr. Tseng and

5    prompting the user to "save" the information about Mr. Tseng "to your tree."



CLASS ACTION COMPLAINT

48.   Clicking any of the links in the message, including the large green button marked "Yes," brings the user to a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month:



CLASS ACTION COMPLAINT

49.     Ancestry also sends emails bearing Mr. Tseng's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Mr. Tseng's personal information. An example is shown below:



You have a vital records hint

From: Ancestry {ancestry@email.ancestry.com}
To:    sally.tseng@yahoo.com
Date:  Thursday, July 29, 2021, 04:04 AM EDT

✓ External images are now more secure, and shown by default.  Change in Settings

⧉ancestry·

One of your hints comes from our collections
of birth, marriage, and death records!
Discover the fundamental elements of your family history
with these vital records.

[ View your hint ]

Sally, explore this week's Ancestry Hints℠:

**Wayne Tseng**
(1982 - )
*California Birth Index, 1905-1995*

[ See your hint ]

50.     Clicking any of the links in the email, including the green button marked "See your hint" directly below Mr. Tseng's name and birth date, opens a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month. *See ¶ 48 above.*

CLASS ACTION COMPLAINT

51.   <u>Third</u>, Ancestry allows users who have not yet signed up for a paying subscription to search for and view Mr. Tseng's photograph as part of a two-week "free trial" membership. One of the photographs portraying Mr. Tseng that Ancestry offers as part of its "free trial" is shown below:



52.   Ancestry's sole purpose for using Mr. Tseng's photograph, name, and personal information as part of its "free trial" membership is to solicit the purchase of paid memberships from its "free trial" members.

53.   Mr. Tseng does not know how Ancestry obtained his photograph as a minor child, aged sixteen. The photographs appear to have been stolen from the yearbook Mr. Tseng's high school produced for students and family in 1998.

54.   Ancestry appropriated Mr. Tseng's photograph without permission from Mr. Tseng, the photographer who took her picture, the authors who created his high school yearbook, or the publisher of his high school yearbook. Ancestry does not hold copyright in yearbooks from Mr. Tseng's high school (Albany High School in Albany, California), nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs

CLASS ACTION COMPLAINT

1   contained therein.

2        55.    Mr. Tseng has intellectual property and privacy interests in his photograph, name,
3   and likeness recognized by California statutory law. He has the right to exclude anyone from
4   making commercial use of his likeness without his permission.

5        56.    Ancestry has injured Mr. Tseng by taking his intellectual property without
6   compensation; by invading his privacy rights protected by statute and by California common
7   law; and by unlawfully profiting from its exploitation of his personal information.

8        57.    Ancestry's illegal actions caused Mr. Tseng mental anguish and harmed his peace
9   of mind. Upon learning about Ancestry's actions, Mr. Tseng was upset and disturbed by
10   Ancestry's use of his name and photograph without his consent. Mr. Tseng believes his likeness
11   is rightly his to control. Ancestry's illegal use has left him worried and uncertain about his
12   inability to control how his name and likeness is used. Mr. Tseng feels that Ancestry's use of his
13   photograph represents an alarming invasion of his privacy. Mr. Tseng feels deeply
14   uncomfortable in the knowledge that Ancestry is distributing his name and photographs as a
15   child publicly on the Internet to a worldwide audience.

16   **Class Action Allegations**

17        58.    Plaintiffs assert claims on behalf of themselves and a class of similarly-situated
18   persons pursuant to Cal. Code Civ. P. § 382.

19        59.    Plaintiffs bring this Complaint on behalf of themselves and a proposed class of all
20   California residents (1) whose names, photographs, and/or likenesses are being used by Ancestry
21   to advertise website subscriptions, (2) who are not users of Ancestry services, and (3) who did
22   not consent to Ancestry's use (the "Class"). Excluded from the Class are (a) Plaintiffs' counsel,
23   (b) Ancestry, its officers and directors, counsel, successors and assigns, (c) any entity in which
24   Ancestry has a controlling interest, and (d) the judge to whom the case is assigned and the
25   judge's immediate family.

26        60.    Plaintiffs propose certification of all issues, while reserving the right to
27   alternatively seek certification as to any specific claim or issue.

28        61.    Plaintiffs would serve as Class representatives.

20

CLASS ACTION COMPLAINT

62. Plaintiffs satisfy the requirements Code of Civil Procedure § 382:

    a. <u>Numerosity</u> – The Class is so numerous that joinder is impracticable. Based on a search of its website, Ancestry is in possession of roughly 60 million photographs and names taken from yearbooks of California schools. Ancestry uses all the photographs in its possession to advertise its subscription services.

    b. <u>Commonality</u> – There are numerous common questions of law and fact, including but not limited to the following:

        i. Whether, before taking Class members' photographs as minors from yearbooks and other sources, Ancestry sought and obtained the consent required by Cal. Civ. Code § 3344 and California common law prohibiting misappropriation of likeness;

        ii. Whether Ancestry's use of Class members' photographs as minors and personal information in a search function made available to the public, accompanied by on-site messages urging the viewer to purchase a subscription, violates California law;

        iii. Whether Ancestry's sending of promotional emails and messages containing Class members' names, photographs as minors, and personal information, and encouraging the recipient to purchase a subscription to Ancestry.com, violates California law;

        iv. Whether Ancestry is the author responsible for the advertisements giving rise to this claim, or whether instead the advertisements were created and posted by Ancestry users;

        v. Whether Ancestry obtained copyright license or permission from copyright holders before taking photographs from yearbooks and other sources and incorporating the photographs into its advertisements;

        vi. Whether Ancestry's actions violate the Class members' reasonable

21

CLASS ACTION COMPLAINT

privacy expectations, given that its use of their personal
information is in violation of numerous California laws including
the California Consumer Privacy Act, § 1798.100 *et seq.*;

vii.    Whether Class members are entitled to statutory damages;

viii.    Whether Class members are entitled to compensatory damages for
the mental anguish Ancestry's actions caused;

ix.    Whether Class members are entitled to disgorgement of Ancestry's
profits earned from its use of their likenesses;

x.    Whether Class members are entitled to restitution in the form of
royalties for the unauthorized use of their likenesses;

xi.    Whether Class members are entitled to injunctive and declaratory
relief.

c.    <u>Typicality</u> – Plaintiffs' claims are typical of those of the Class. Ancestry
is using Plaintiffs' photographs, which it stole from their school
yearbooks, to advertise subscriptions without their consent. The same fact
pattern is true for absent Class members.

d.    <u>Adequacy</u> – Plaintiffs would adequately protect the Class's interests.
Plaintiffs have a genuine interest in protecting the rights of the Class.
Plaintiffs' counsel is experienced in handling complex class actions.
Plaintiffs' counsel have been designated and approved as class counsel in
numerous state and federal courts, including in actions concerning
consumer rights.

e.    There is a well-defined community of interest among Class members, and
the disposition of the claims of these Class members in a single action will
provide substantial benefits to all parties and to the Court.

f.    <u>Predominance</u> – The answers to the common questions in this case will
decide liability for the entire class. If Ancestry violated Plaintiffs' privacy
and intellectual property rights by using their photographs in

22

1    advertisements without consent, and owe statutory and other damages as a

2    result, the Ancestry is liable to the absent Class members as well.

3    Therefore, common issues predominate over any individual issues.

4    g.    Superiority – A class action is superior to other available remedies. The

5    common questions would predominate over any individual questions, and

6    no other form of litigation could be superior to a class action. Because of

7    the low dollar amounts at stake for each Class member, a class action is

8    the only way for Plaintiffs and other Class members to obtain redress.

9    Moreover, the most efficient way to resolve the class's claims is for a

10    court to decide all claims in a single class.  Requiring millions of Class

11    members to individually litigate their claims in various courts would be

12    inefficient and would create the possibility of inconsistent judgments or

13    conflicting declaratory and injunctive relief.

14    **FIRST CAUSE OF ACTION**
**(Violation of California Right of Publicity – Cal. Civ. Code § 3344)**

15    63.    Plaintiffs incorporate by reference the allegations contained in all preceding

16    paragraphs of this Complaint.

17    64.    California's Right of Publicity Statute, California Civil Code § 3344, prohibits the

18    use of a "name, voice signature, photograph, or likeness, in any manner, on or in products . . . or

19    for purposes of advertising or selling . . . products, merchandise, goods or services, without such

20    person's prior consent."

21    65.    Ancestry violated California's Right of Publicity statute by taking Plaintiffs' and

22    Class members' photographs as minors and personal information from school yearbooks and

23    other sources without consent, and knowingly using their photographs and personal information

24    to advertise paid subscriptions to its website service.

25    66.    Cal. Civ. Code § 3344 provides that a person who violates the statute "shall be

26    liable for any damages sustained." "In addition," the violator is liable for statutory damages "in

27    an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages

28

23

CLASS ACTION COMPLAINT

1  suffered." The violator is also liable for "any profits from the unauthorized use that are

2  attributable to the use."

3      67.    Plaintiffs on behalf of the Class seek statutory damages, compensatory damage

4  for mental anguish, compensatory damages for the unauthorized taking of their intellectual

5  property, and disgorgement of the unauthorized profits Ancestry earned from its use of their

6  likenesses, as provided for by Cal. Civ. Code § 3344. Plaintiffs also seek nominal damages,

7  declaratory relief, and injunctive relief. Plaintiffs also seek punitive damages and the award of

8  attorneys' fees and costs as allowed under § 3344(a).

9      68.    Each use of a Class member's name, photograph, or likeness to advertise

10  Ancestry subscriptions is a distinct violation of Cal. Civ. Code § 3344 giving rise to damages.

11  <strong>SECOND CAUSE OF ACTION</strong>
(<strong>Violation of California Common Law Misappropriation of Likeness</strong>)

12      69.    Plaintiffs incorporate by reference the allegations contained in all preceding

13  paragraphs of this Complaint.

14      70.    California's common law right of privacy recognizes a cause of action for

15  misappropriation of likeness. A cause of action arises based on "(1) the defendant's use of the

16  plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage,

17  commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Laws v. Sony Music*

18  *Entertainment, Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006) (quoting *Eastwood v. Superior Court*,

19  149 Cal. App. 3d 409, 417 (1983).

20      71.    Ancestry violated California's common law prohibiting misappropriation of

21  likeness by taking Plaintiffs' and Class members' photographs as minors and personal

22  information from school yearbooks and other sources without consent and using their

23  photographs and personal information to advertise paid subscriptions to its website service.

24      72.    Ancestry's actions caused at least two forms of resulting injury recognized by

25  common law. First, by taking and exploiting Plaintiffs' and Class members' likenesses without

26  permission, Ancestry violated and infringed Plaintiffs' and Class members' intellectual property

27  rights. Second, Ancestry caused mental anguish and injury to Plaintiffs' and Class members'

28

24

CLASS ACTION COMPLAINT

1  peace of mind.

2          73.     Plaintiffs on behalf of the Class seek compensatory damage for mental anguish,

3  compensatory damages for the unauthorized taking of their intellectual property, and

4  disgorgement of the unauthorized profits Ancestry earned from its use of their likenesses.

5  Plaintiffs also seek nominal damages, declaratory relief, and injunctive relief.

6                              **THIRD CAUSE OF ACTION**
                    **(Violation of California Intrusion Upon Seclusion Law)**

7          74.     Plaintiffs incorporate by reference the allegations contained in all preceding

8  paragraphs of this Complaint.

9          75.     California's common law right of privacy recognizes a cause of action for

10  intrusion upon seclusion. A cause of action arises has two elements: "First, the defendant must

11  intentionally intrude into a place, conversation, or matter as to which the plaintiff has a

12  reasonable expectation of privacy. Second, the intrusion must occur in a manner highly offensive

13  to a reasonable person." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009).

14          76.     Plaintiffs and the Class have a reasonable expectation of privacy in their

15  photographs as minors and personal information. Plaintiffs and Class members arguably

16  consented as minors to have their photographs taken for yearbooks intended for distribution in

17  print form among their schoolmates and families. Plaintiffs and the Class did not consent to, and

18  reasonably expected not to experience, the worldwide distribution of their photographs as minors

19  on the Internet in advertisements for Ancestry.com subscriptions.

20          77.     Ancestry intentionally intruded upon the seclusion of Plaintiffs and the Class by

21  taking their photographs as minors from yearbooks without permission and using those

22  photographs to sell Ancestry.com subscriptions. This intrusion revealed private facts in which a

23  reasonable person would expect privacy.

24          78.     Ancestry's actions were highly offensive to a reasonable person. A reasonable

25  person would not expect to see decades-old photographs of themselves as minors distributed

26  worldwide on the Internet and exploited for a company's financial gain.

27          79.     The highly offensive nature of Ancestry's actions, and the reasonability of

28

                                                    25

1   Plaintiffs' expectations of privacy, are both underscored by the fact that Ancestry's use of

2   Plaintiffs' personal information is in clear violation of the California Consumer Privacy Act, §

3   1798.100 *et seq.*

4       80.    The California Consumer Privacy Act ("CCPA") provides that a "business that

5   controls the collection of a consumer's personal information" must before collecting any

6   personal information "inform consumers of" the collection. Cal. Civ. Code § 1798.100. The

7   business must also "disclose" to the consumer "the consumer's rights to request deletion of the

8   consumer's personal information." *Id.* § 1798.105. A business that "sells personal information

9   about a consumer" must also provide a means by which the consumer may "at any time . . .

10  direct [the] business . . . not to sell the consumer's personal information." *Id.* § 1798.120.

11      81.    Ancestry failed to inform Plaintiffs and Class members that it collected their

12  personal information. Ancestry failed to disclose to and provide Plaintiffs and the Class their

13  right to request deletion of their photographs and personal information. Ancestry failed to

14  provide Plaintiffs and the Class a means of opting out of the sale of their photographs and

15  personal information on Ancestry's website. Ancestry's actions are therefore in clear violation of

16  multiple provisions of CCPA.

17      82.    Plaintiffs and Class members could reasonably expect Ancestry not to engage in

18  privacy violations clearly prohibited by California statutory law.

19      83.    Plaintiffs and the Class were harmed by Ancestry's intrusion upon their seclusion

20  as detailed in this Complaint.

21      84.    Plaintiffs on behalf of the Class seek compensatory damage for the mental

22  anguish and lost peace of mind they suffered, including punitive damages in light of Ancestry's

23  conscious disregard of Plaintiffs' and Class members privacy rights and exploitation of their

24  personal information for profit. Plaintiffs also seek nominal damages, declaratory relief, and

25  injunctive relief.

26      85.    Defendant has been guilty of oppression, fraud, and/or malice and despicable

27  conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal.

28  Civ. Code § 3294. The foregoing conduct has been approved, authorized and/or ratified by each

CLASS ACTION COMPLAINT

1  Defendant's officers, directors and/or managing agents as required by the provisions section

2  3294.

### FOURTH CAUSE OF ACTION
**(Violation of California Unjust Enrichment Law)**

4      86.    Plaintiffs incorporate by reference the allegations contained in all preceding

5  paragraphs of this Complaint.

6      87.    Plaintiffs and the Class have conferred an unwarranted benefit on Ancestry.

7  Without permission or compensation, Ancestry took Plaintiffs' and Class members' likenesses

8  and used them to sell subscriptions to Ancestry.com. Each subscription an Ancestry user

9  purchased after viewing Plaintiffs' or Class members' photographs or likenesses, or after

10  receiving an email or message containing such photographs or likenesses, represents an

11  unwarranted benefit conferred by the class.

12      88.    Under principles of equity and good conscience, Ancestry should not be permitted

13  to retain the benefits it gained because of its actions.

14      89.    Plaintiffs and members of the Class have suffered economic loss and injury as a

15  direct result of Ancestry's conduct, as described in this Complaint.

16      90.    Plaintiffs on behalf of the Class seek the imposition of a constructive trust and

17  restitution of proceeds Ancestry received as a result of the conduct described in this complaint,

18  as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code §

19  1021.5.

### FIFTH CAUSE OF ACTION
**(Violation of UCL - Unlawful and Unfair Business Practices)**

21      91.    Plaintiffs incorporate by reference the allegations contained in all preceding

22  paragraphs of this Complaint.

23      92.    California Business and Professions Code §17200 *et seq*. prohibits acts of unfair

24  competition, which include unlawful and unfair business practices, each of which is separately

25  actionable.

26      93.    Ancestry acted unlawfully and unfairly by taking millions of Class members'

27  photographs as minors without consent and distributing those photographs worldwide on the

28

27

CLASS ACTION COMPLAINT

1    Internet in advertisements promoting subscriptions to the Ancestry website.

2          94.    Ancestry's actions are unlawful because they violate California's Right of

3    Publicity (Cal. Civ. Code § 3344); California privacy law prohibiting misappropriation of

4    likeness; California privacy law prohibiting intrusion upon seclusion; and California unjust

5    enrichment law.

6          95.    Ancestry's actions are unfair because they are immoral, unethical, oppressive,

7    unscrupulous and substantially injurious to Plaintiffs and the class. The financial injury to

8    Plaintiffs and the Class by Ancestry's conduct outweighs any alleged countervailing benefit.

9          96.    Plaintiffs and the Class could not have avoided this injury because Ancestry failed

10   to solicit their consent. Ancestry fails to provide any means by which Plaintiffs or the Class may

11   request deletion of their photographs and personal information from Ancestry's website.

12         97.    Plaintiffs and the Class members suffered an economic injury and lost property

13   due to Ancestry's unlawful and unfair conduct. Plaintiffs have a property interest in their

14   personal data, and an intellectual property interest in the use of their likenesses, both of which

15   are recognized by California law. By using and distributing their photographs and personal

16   information for commercial gain without consent, Ancestry took property belonging to Plaintiffs

17   and the Class and caused them economic injury.

18         98.    To this day, Defendant has engaged and continues to engage in unlawful and

19   unfair business practices by continuing to use Plaintiffs' and Class members' photographs and

20   personal information without consent.

21         99.    As a proximate result of its unlawful and unfair practices, Defendant has been

22   unjustly enriched and should be required to make restitution to the Plaintiffs and Class members

23   pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

24                              **Relief Requested**

25         Plaintiffs ask this Court to:

26               a.     certify this action as a class action, including certifying Plaintiffs as Class

27                      representatives and undersigned counsel as Class counsel;

28               b.     grant judgment as a matter of law in favor of Plaintiffs and the Class on

                                         28
CLASS ACTION COMPLAINT

1                        any or all issues or, in the alternative, hold a trial to decide any disputed

2                        fact questions;

3        c.      issue an injunction prohibiting Ancestry from continuing to advertise its

4                subscription product using Plaintiffs' and Class members' photographs as

5                minors;

6        d.      issue an injunction requiring Ancestry to comply with the requirements of

7                the California CCPA by notifying California residents it is selling and

8                using their personal information, and providing California residents an

9                opportunity to opt out;

10       e.      award Plaintiffs and the Class any statutory damages, actual damages,

11               unjust profits, restitution, and other monetary relief they are entitled to;

12       f.       award attorneys' fees and costs to Plaintiffs and the class;

13       g.      and order any other relief as the Court may deem proper and just.

14  Dated: August ___, 2021           By:    _____*/s/ Michael F. Ram*_____

15                                  Michael F. Ram
                                  Michael F. Ram (SBN 104805)

16                                  mram@forthepeople.com
                                  Marie N. Appel (SBN 187483)

17                                  mappel@forthepeople.com
                                  MORGAN & MORGAN

18                                  COMPLEX LITIGATION GROUP

19                                  711 Van Ness Avenue, Suite 500
                                  San Francisco, CA 94102

20                                  Telephone: (415) 358-6913
                                  Facsimile: (415) 358-6293

21

22                                  Benjamin R. Osborn

23                                  *(To Be Admitted Pro Hac Vice)*
                                  Law Office of Benjamin R. Osborn
                                  102 Bergen St.

24                                  Brookyn, NY 11201
                                  Telephone: (347) 645-0464

25                                  Email: ben@benosbornlaw.com

26                                  Samuel J. Strauss

27                                  *(To Be Admitted Pro Hac Vice)*
                                  sam@turkestrauss.com

28                                TURKE & STRAUSS LLP

29

CLASS ACTION COMPLAINT

613 Williamson Street #201
Madison, WI 53703
936 N 34th Street #300
Seattle, WA 98103
Telephone: (608) 237-1175

*Attorneys for Plaintiff*
*and the Proposed Class*

30

CLASS ACTION COMPLAINT

# Exhibit 4

 **CT Corporation**

**Service of Process Transmittal**
08/31/2021
CT Log Number 540173002

TO:     Greg Packer
        Ancestry.Com Operations Inc.
        1300 W TRAVERSE PKWY
        LEHI, UT 84043

RE:     **Process Served in California**

FOR:    Ancestry.com Operations Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALICE ZHANG and WAYNE TSENG, individually and on behalf of a class of similarly situated persons vs. ANCESTRY.COM OPERATIONS INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # HG21108450 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/31/2021 at 15:08 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780119433063 |
| | Image SOP |
| | Email Notification,  Greg Packer  gpacker@ancestry.com |
| | Email Notification,  Kathleen Mccarthy  kmccarthy@ancestry.com |
| | Email Notification,  Alessandra Moore  almoore@ancestry.com |
| | Email Notification,  Greg Packer  gpacker@ancestry.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                      Tue, Aug 31, 2021

**Server Name:**               Jimmy Lizama

Entity Served                  ANCESTRY.COM OPERATIONS INC.

Case Number                    HG21108450

Jurisdiction                   CA



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

~~ENDORSED~~
FILED
ALAMEDA COUNTY

AUG 1 8 2021

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Ancestry.com Operations, Inc. c/o Registered Agent, C T CORPORATION SYSTEM, 330 North Brand Blvd, Glendale CA 91203

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ALICE ZHANG and WAYNE TSENG

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | **CASE NUMBER:** (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): Hayward Hall of Justice, 24405 Amador Street, Hayward, CA 94544 | HG21108450 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Michael F. Ram, Morgan and Morgan Complex Litigation Group, 711 Van Ness Ave, Suite 500, San Francisco, CA 94102

| DATE: (Fecha) AUG 1 8 2021 | Clerk, by (Secretario) Chad Finke | JAMIE J. THOMAS , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Ancestry.com Operations, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 6 2021

CLERK OF THE SUPERIOR COURT
by _____
JANIE THOMAS, Deputy

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn *(To Be Admitted Pro Hac Vice)*
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss *(To Be Admitted Pro Hac Vice)*
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201 | Madison, WI 53703
936 N 34th Street #300 | Seattle, WA 98103
Telephone: (608) 237-1175

*Attorneys for Plaintiff and the Proposed Class*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ALICE ZHANG and WAYNE TSENG, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Delaware Corporation,<br>Defendant. | Case No.: HG 21108450<br><br>**CORRECTED CLASS ACTION COMPLAINT FOR VIOLATION OF RIGHT OF PUBLICITY STATUTE; COMMON LAW MISAPPROPRIATION OF LIKENESS; INTRUSION UPON SECLUSION; UNFAIR COMPETITION LAW; AND UNJUST ENRICHMENT**<br><br>**CLASS ACTION** |

i

**Factual Allegations**

1.      Plaintiffs and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendant or the website they own and operate called Ancestry.com.[1] Plaintiffs and the Class have never used Ancestry.com, nor did they provide their names, photographs, or any other personal information to Ancestry.

2.      Plaintiffs were seriously distressed to discover that Ancestry is using decades-old photographs of Plaintiffs and the Class as minor children to advertise paid subscriptions to the website Ancestry.com.

3.      Plaintiffs and the Class did not consent to Ancestry using their photographs in promoting Ancestry.com subscriptions, nor did they consent to Ancestry sharing their photographs as minors to a worldwide audience on the Internet.

4.      Ancestry uses the Plaintiffs' and Class members' likeness in multiple advertising techniques, all of which involve displaying the Plaintiffs' and Class members' photographs in low-resolution or time-limited formats for free. Ancestry promises the viewer that purchasing a paid subscription to Ancestry.com will reveal the full versions of Plaintiffs' and Class members' photographs and personal information. A paid subscription will also deliver many additional services, including the ability to search and view tens of millions of additional photographs and personal information about millions of other individuals.

5.      In the first of its advertising techniques, Ancestry provides a publicly accessible landing page on which a visitor may search by name and location for any person. In response to searches for the Plaintiffs' and Class members' names, Ancestry delivers a list of photographs in its possession showing the Plaintiffs' and Class members' faces. Plaintiffs' and Class members' photographs are accompanied by promotional text urging the visitor to "Sign Up Now" for an Ancestry.com subscription. The promotional text promises that "There's more to see" about the Plaintiffs and Class members if the visitor buys a subscription, including higher-resolution photographs and additional personal information about the Plaintiffs and Class members such as

---

[1] Hereafter Plaintiffs refer to the Defendant and the website Ancestry.com collectively as "Ancestry."

1   city of residence, estimated age, and high school graduation year.

2       6.      In the second advertising technique, Ancestry sends promotional emails and on-
3   site messages to users who have provided their email addresses to Ancestry but have not yet
4   purchased a paid subscription plan. These emails and messages use the Plaintiffs' and Class
5   members' names and identities. For example, Ancestry sent a promotional email to a non-paying
6   user with the subject line "What should you explore next for Alice Zhang?" A link in the body of
7   the email encourages the user to click on the name "Alice Zhang" to view records about her.
8   Users who click the link and attempt to view records about Alice Zhang receive in response a
9   webpage asking the user to subscribe to Ancestry.com.

10      7.      In the third advertising technique, Ancestry offers a two-week "free trial"
11  membership during which users may access and use the full range of services associated with an
12  Ancestry website subscription. "Free trial" users may search for, view, print, and share the
13  Plaintiffs' and Class members' photographs as minors and personal information including cities
14  of residence, estimated birth years, and graduation dates. Ancestry's sole purpose for using the
15  Plaintiffs' and Class members' photographs and personal information as part of its "free trial"
16  membership is to solicit the purchase of paid memberships.

17      8.      By using Plaintiffs' and Class members' photographs as minor children in its
18  advertising, Ancestry misleads the consuming public into believing Plaintiffs and Class members
19  are Ancestry.com users, willingly uploaded their personal information to Ancestry.com, and
20  endorse Ancestry's subscription product. In fact, Plaintiffs and the Class have no relationship
21  with Ancestry, had no knowledge their photographs as minors were being used, and do not
22  approve of Ancestry's use of their likenesses to advertise Ancestry.com subscriptions.
23  Ancestry's website and advertising communications fail to disclose that Plaintiffs and the Class
24  are unaffiliated with Ancestry.

25      9.      Ancestry does not present the Plaintiffs' and Class members' photographs as
26  "samples" advertising the purchase of the photographs themselves. Ancestry uses Plaintiffs' and
27  Class members' names and photographs to advertise subscriptions to Ancestry.com. An
28  Ancestry.com subscription includes far more than access to the Plaintiffs' photographs. At costs

CLASS ACTION COMPLAINT

1    ranging between $24.99 and $49.99 <u>per month,</u> a subscription to Ancestry.com entails a wide

2    range of services, including the ability to: "Grow a family tree with exclusive search tools";

3    "Connect with fellow members"; "Access 15+ billion records" from the U.S.; "Expand your

4    search with 3+ billion worldwide records"; "Find stores among 142+ million pages in the

5    Newspapers.com Basic subscription"; "Explore 537+ million original military records on

6    Fold3.com"; and "Enjoy premium support with a dedicated 1-800 number."[2]

7          10.      Ancestry is the sole author, designer, and implementor of the advertising

8    techniques and messages giving rise to this lawsuit. Ancestry does not host user-generated

9    content on any part of the website relevant to this lawsuit. Ancestry is the sole curator, designer,

10    and creator of the content described in this Complaint.

11          11.      Plaintiffs do not know how Ancestry obtained their photographs as children.

12    Ancestry's website states that the photographs were originally printed in school yearbooks but

13    does not disclose how Ancestry obtained copies of the Plaintiffs' and Class members' school

14    yearbooks.

15          12.      Ancestry misappropriated Plaintiffs' and Class members' photographs without

16    permission from the Plaintiffs and the Class, the photographers who took the pictures, the

17    authors who created the school yearbooks, or the publishers of the school yearbooks. Ancestry

18    does not hold copyright in Plaintiffs' or Class members' yearbooks, nor does it have permission

19    from the copyright holder to republish or distribute Plaintiffs' or Class members' yearbooks.

20          13.      Consent is not all or nothing. As minors, Plaintiffs and the Class had their

21    photographs taken for school yearbooks intended solely for print distribution among a narrow

22    circle of friends, family, and schoolmates. Plaintiffs' yearbooks were originally produced

23    decades ago when the Internet was in its infancy. Plaintiffs and the Class did not consent to the

24    commercial use of their photographs to promote a website, nor to the worldwide distribution of

25    their photographs on the Internet.

26          14.      Ancestry fails to provide any mechanism by which Plaintiffs or the Class may

27

28    [2] https://www.ancestry.com/cs/offers/compare

request that their photographs and personal information be removed from Ancestry's website. Nor does Ancestry allow Plaintiffs or the Class to opt out of the use of their photographs as minors in advertisements for subscriptions to Ancestry.com.

15.     California law recognizes the intellectual property and privacy rights of California citizens in controlling the use of their names, images, and likenesses for commercial purposes.

16.     By using Plaintiffs' and Class members' photographs, names, and personal information in advertisements for website subscriptions without consent, Ancestry has violated their intellectual property and privacy rights. Plaintiffs and the Class have the right not to have their likenesses exploited to promote a product with which they have no relationship and no interest in supporting. Plaintiffs and the Class have an economic interest in their likenesses, which Ancestry has stolen, and a privacy interest in their likenesses, which Ancestry has violated.

17.     By these actions, Ancestry has violated the California Right to Publicity, codified in Cal. Civ. Code § 3344; California common law prohibiting misappropriation of likeness; California common law prohibiting intrusion upon seclusion; the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and California common law prohibiting unjust enrichment. Plaintiffs and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute; through Ancestry's unlawful profiting from its exploitation of their personal information; and through mental anguish and harm to peace of mind. Plaintiffs and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their likenesses, restitution of the value of their likenesses, an injunction prohibiting Ancestry's unlawful conduct, the award of attorney's fees, expenses, and costs, and declaratory relief.

**Parties**

18.     Plaintiff ALICE ZHANG is a citizen of California. She resides in Berkeley, California, in Alameda County. Ms. Zhang has never visited or used the website Ancestry.com. Ms. Zhang attended high school at Albany High School in Albany, California, in Alameda

4

1  County. Ancestry is in possession of at least nine photographs of Ms. Zhang, which it appears to

2  have acquired from her high school yearbooks, and which it uses to advertise subscriptions to

3  Ancestry.com without her consent, to her emotional distress.

4      19.    Plaintiff WAYNE TSENG is a citizen of California. He resides in El Sobrante,

5  California, in Contra Costa County. Mr. Tseng has never visited or used the website

6  Ancestry.com. Mr. Tseng attended high school at Albany High School in Albany, California, in

7  Alameda County. Ancestry is in possession of at least two photographs of Mr. Tseng, which it

8  appears to have acquired from his high school yearbook, and which it uses to advertise

9  subscriptions to Ancestry.com without his consent, to his emotional distress.

10      20.    Defendant ANCESTRY.COM OPERATIONS INC. is a Delaware corporation

11  with its headquarters in Lehi, Utah. It conducts business under the brand names "Ancestry.com,"

12  "Ancestry," and other brand names associated with the various website and services it owns and

13  operates.

14      21.    Defendant owns and operate the website www.ancestry.com. Plaintiffs refer to the

15  Defendant and the website it operates as "Ancestry." Ancestry is registered to do business in

16  California and maintains an office at 153 Townsend Street in San Francisco, California with

17  roughly 400 employees. Ancestry conducts business throughout this County, California, and the

18  United States.

19

20  **Jurisdiction and Venue**

21      22.    This Court has subject matter jurisdiction over this class action because Plaintiffs

22  assert claims arising under California state law.

23      23.    This Court has personal jurisdiction over Ancestry. Ancestry maintains its

24  second-largest office in San Francisco, California. According to publicly available information,

25  the San Francisco office employs about 400 people, including software engineers, product

26  designers, managers, and other staff. On information and belief, staff at Ancestry's San

27  Francisco office contributed to the strategy, design, creation, and maintenance of the products

28  giving rise to this suit. Ancestry also maintains substantial connections to the state of California

1 and this County by, among other things, advertising its subscription products and services to

2 prospective customers in this state and County, and using the misappropriated names,

3 photographs, likenesses, images, and identities of residents of this state and County to advertise

4 website subscriptions.

5       24.     This Court is a proper venue for this action because Plaintiff Zhang resides in

6 Alameda County and the harm Ancestry caused by taking her intellectual property and invading

7 her privacy rights occurred in Alameda County. It is also likely Ancestry reached into this county

8 when it misappropriated Mr. Teng's and Ms. Zhang's high school yearbooks. Ancestry regularly

9 conducts business throughout Alameda County.

10 **Named Plaintiffs' Fact Allegations**

11 **Plaintiff Alice Zhang**

12       25.     Plaintiff Alice Zhang has no relationship with Ancestry. She has never used

13 Ancestry services.

14       26.     Ms. Zhang did not give consent to Ancestry to use her photographs or likeness in

15 any way.

16       27.     Ancestry is in possession of at least nine photographs depicting Ms. Zhang as a

17 minor. Ancestry uses her photographs to advertise and promote subscriptions to Ancestry.com.

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

28.     Ancestry uses Ms. Zhang's photographs in at least three types of advertisements. First, Ancestry provides a publicly accessible landing page on which a visitor may search by name and location for Ms. Zhang:



CLASS ACTION COMPLAINT

29.     Visitors who search for Ms. Zhang receive in response a list of the nine photographs depicting Ms. Zhang as a minor. Ms. Zhang's age at the time of the photographs ranges from fifteen to seventeen. Ancestry displays a low-resolution version of each photograph for free, accompanied by promotional text promising that "There's more to see" about Ms. Zhang if the user clicks "Sign Up Now." Ancestry promises it has information about her estimated age and school location, among other things:



CLASS ACTION COMPLAINT

30.     Users who click "Sign Up Now" are shown a payment page soliciting the purchase of a membership plan for $24.99 per month. The page does not say that users are paying to access Ms. Zhang's photograph or personal information. The page says that users are paying to receive a broad range of services, including access to "The world's most comprehensive record collection" and the ability to create and grow a "family tree":





9

CLASS ACTION COMPLAINT

31.   <u>Second</u>, Ancestry sends promotional emails that display Ms. Zhang's name. An example is shown below:



CLASS ACTION COMPLAINT

32.    Ancestry sends this and similar emails bearing Ms. Zhang's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Ms. Zhang's personal information. Users who click on Ms. Zhang's name and attempt to review records about Ms. Zhang receive a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month:



CLASS ACTION COMPLAINT

33.   Third, Ancestry allows users who have not yet signed up for a paying subscription to search for and view Ms. Zhang's photograph as part of a two-week "free trial" membership. One of the photographs portraying Ms. Zhang that Ancestry offers as part of its "free trial" is shown below:



34.   Ancestry's sole purpose in using Ms. Zhang's photograph, name, and personal information as part of its "free trial" membership is to solicit the purchase of paid memberships from its "free trial" members.

35.   Ms. Zhang does not know how Ancestry obtained her photographs as a minor child between the ages of fifteen and seventeen. The photographs appear to have been stolen from the yearbooks Ms. Zhang's high school produced for students and family in the years 1997, 1998, and 1999.

36.   Ancestry appropriated Ms. Zhang's photographs without permission from Ms. Zhang, the photographer who took her pictures, the authors who created her high school yearbooks, or the publishers of her high school yearbooks. Ancestry does not hold copyright in yearbooks from Ms. Zhang's high school (Albany High School in Albany, California), nor does it have permission from the copyright holder to republish or distribute the yearbooks or the

1   photographs contained therein.

2   37.   Ms. Zhang has intellectual property and privacy interests in her photograph,

3   name, and likeness recognized by California statutory law. She has the right to exclude anyone

4   from making commercial use of her likeness without her permission.

5   38.   Ancestry has injured Ms. Zhang by taking her intellectual property without

6   compensation; by invading her privacy rights protected by statute and by California common

7   law; and by unlawfully profiting from its exploitation of her personal information.

8   39.   Ms. Zhang is indignant and disgusted by Ancestry's violation of her privacy while

9   profiting from the illegal use of her photos as a minor. Ms. Zhang is deeply disturbed by

10   Ancestry's use of her name and photographs without her consent. She believes her likeness is

11   rightly hers to control. Ancestry's illegal use has left her worried about her inability to control

12   how her name and likeness is used. Ms. Zhang feels that Ancestry's use of her photographs,

13   revealing intimate moments of her at choir practice and playing powder puff football at

14   homecoming, represents an alarming invasion of her privacy and makes her vulnerable to

15   identity theft. She believes Ancestry's use of her photos as an adolescent in ads to promote

16   subscriptions encourages and enables stalking and pedophilic behaviors.

17   **Plaintiff Wayne Tseng**

18   40.   Plaintiff Wayne Tseng has no relationship with Ancestry. He has never used

19   Ancestry services.

20   41.   Mr. Tseng did not give consent to Ancestry to use his photographs or likeness in

21   any way.

22   42.   Ancestry is in possession of at least two photographs of Mr. Tseng depicting him

23   as a minor. Ancestry uses his photographs to advertise and promote subscriptions to

24   Ancestry.com.

25   43.   Ancestry uses Mr. Tseng's photographs in at least three types of advertisements.

26   First, Ancestry provides a publicly accessible landing page on which a visitor may search by

27   name and location for Mr. Tseng. *See* ¶ 28 *above.*

28

CLASS ACTION COMPLAINT

44.   Visitors who search for Mr. Tseng receive a list of records corresponding to Mr. Tseng, including two photographs depicting Mr. Tseng as a minor. Mr. Tseng is sixteen years old at the time of the photograph. Ancestry displays a low-resolution version of the photograph for free, accompanied by promotional text promising that "There's more to see" about Mr. Tseng if the user clicks "Sign Up Now." Ancestry promises it has information about his estimated age and school location, among other things:





CLASS ACTION COMPLAINT

45.   Users who click "Sign Up Now" are shown a payment page soliciting the purchase of a membership plan for $24.99 per month. The page does not say that users are paying to access Mr. Tseng's photograph or personal information. The page says that users are paying to receive a broad range of services, including access to "The world's most comprehensive record collection" and the ability to create and grow a "family tree". *See* ¶ 30 *above*.

46.   Second, Ancestry sends promotional messages called "Hints" that display Mr. Tseng's photograph, name, and other personal information including his current city of residence and birth date. Three examples of such "Hints," displayed as on-site messages, are shown below:



CLASS ACTION COMPLAINT

47.     Ancestry sends this and similar messages bearing Mr. Tseng's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Mr. Tseng's personal information. Users who click to "Review" any of the records see a message indicating that Ancestry has additional information about Mr. Tseng and prompting the user to "save" the information about Mr. Tseng "to your tree."



CLASS ACTION COMPLAINT

48.     Clicking any of the links in the message, including the large green button marked "Yes," brings the user to a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month:



CLASS ACTION COMPLAINT

49.     Ancestry also sends emails bearing Mr. Tseng's likeness to users who have not yet purchased a paid subscription plan and who Ancestry believes may be interested in Mr. Tseng's personal information. An example is shown below:



50.     Clicking any of the links in the email, including the green button marked "See your hint" directly below Mr. Tseng's name and birth date, opens a web page soliciting a subscription to Ancestry.com at prices ranging from $24.99 to $49.99 per month. *See* ¶ 48 *above*.

18

CLASS ACTION COMPLAINT

51.    <u>Third</u>, Ancestry allows users who have not yet signed up for a paying subscription to search for and view Mr. Tseng's photograph as part of a two-week "frec trial" membership. One of the photographs portraying Mr. Tseng that Ancestry offers as part of its "free trial" is shown below:



52.    Ancestry's sole purpose for using Mr. Tseng's photograph, name, and personal information as part of its "free trial" membership is to solicit the purchase of paid memberships from its "free trial" members.

53.    Mr. Tseng does not know how Ancestry obtained his photograph as a minor child, aged sixteen. The photographs appear to have been stolen from the yearbook Mr. Tseng's high school produced for students and family in 1998.

54.    Ancestry appropriated Mr. Tseng's photograph without permission from Mr. Tseng, the photographer who took her picture, the authors who created his high school yearbook, or the publisher of his high school yearbook. Ancestry does not hold copyright in yearbooks from Mr. Tseng's high school (Albany High School in Albany, California), nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs

CLASS ACTION COMPLAINT

1  contained therein.

2      55.    Mr. Tseng has intellectual property and privacy interests in his photograph, name,

3  and likeness recognized by California statutory law. He has the right to exclude anyone from

4  making commercial use of his likeness without his permission.

5      56.    Ancestry has injured Mr. Tseng by taking his intellectual property without

6  compensation; by invading his privacy rights protected by statute and by California common

7  law; and by unlawfully profiting from its exploitation of his personal information.

8      57.    Ancestry's illegal actions caused Mr. Tseng mental anguish and harmed his peace

9  of mind. Upon learning about Ancestry's actions, Mr. Tseng was upset and disturbed by

10  Ancestry's use of his name and photograph without his consent. Mr. Tseng believes his likeness

11  is rightly his to control. Ancestry's illegal use has left him worried and uncertain about his

12  inability to control how his name and likeness is used. Mr. Tseng feels that Ancestry's use of his

13  photograph represents an alarming invasion of his privacy. Mr. Tseng feels deeply

14  uncomfortable in the knowledge that Ancestry is distributing his name and photographs as a

15  child publicly on the Internet to a worldwide audience.

16  **Class Action Allegations**

17      58.    Plaintiffs assert claims on behalf of themselves and a class of similarly-situated

18  persons pursuant to Cal. Code Civ. P. § 382.

19      59.    Plaintiffs bring this Complaint on behalf of themselves and a proposed class of all

20  California residents (1) whose names, photographs, and/or likenesses are being used by Ancestry

21  to advertise website subscriptions, (2) who are not users of Ancestry services, and (3) who did

22  not consent to Ancestry's use (the "Class"). Excluded from the Class are (a) Plaintiffs' counsel,

23  (b) Ancestry, its officers and directors, counsel, successors and assigns, (c) any entity in which

24  Ancestry has a controlling interest, and (d) the judge to whom the case is assigned and the

25  judge's immediate family.

26      60.    Plaintiffs propose certification of all issues, while reserving the right to

27  alternatively seek certification as to any specific claim or issue.

28      61.    Plaintiffs would serve as Class representatives.

20

CLASS ACTION COMPLAINT

62. Plaintiffs satisfy the requirements Code of Civil Procedure § 382:

    a.    <u>Numerosity</u> – The Class is so numerous that joinder is impracticable. Based on a search of its website, Ancestry is in possession of roughly 60 million photographs and names taken from yearbooks of California schools. Ancestry uses all the photographs in its possession to advertise its subscription services.

    b.    <u>Commonality</u> – There are numerous common questions of law and fact, including but not limited to the following:

        i.    Whether, before taking Class members' photographs as minors from yearbooks and other sources, Ancestry sought and obtained the consent required by Cal. Civ. Code § 3344 and California common law prohibiting misappropriation of likeness;

        ii.    Whether Ancestry's use of Class members' photographs as minors and personal information in a search function made available to the public, accompanied by on-site messages urging the viewer to purchase a subscription, violates California law;

        iii.    Whether Ancestry's sending of promotional emails and messages containing Class members' names, photographs as minors, and personal information, and encouraging the recipient to purchase a subscription to Ancestry.com, violates California law;

        iv.    Whether Ancestry is the author responsible for the advertisements giving rise to this claim, or whether instead the advertisements were created and posted by Ancestry users;

        v.    Whether Ancestry obtained copyright license or permission from copyright holders before taking photographs from yearbooks and other sources and incorporating the photographs into its advertisements;

        vi.    Whether Ancestry's actions violate the Class members' reasonable

21

CLASS ACTION COMPLAINT

1  privacy expectations, given that its use of their personal

2  information is in violation of numerous California laws including

3  the California Consumer Privacy Act, § 1798.100 *et seq.*;

4  vii.  Whether Class members are entitled to statutory damages;

5  viii.  Whether Class members are entitled to compensatory damages for

6  the mental anguish Ancestry's actions caused;

7  ix.  Whether Class members are entitled to disgorgement of Ancestry's

8  profits earned from its use of their likenesses;

9  x.  Whether Class members are entitled to restitution in the form of

10  royalties for the unauthorized use of their likenesses;

11  xi.  Whether Class members are entitled to injunctive and declaratory

12  relief.

13  c.  <u>Typicality</u> – Plaintiffs' claims are typical of those of the Class.  Ancestry

14  is using Plaintiffs' photographs, which it stole from their school

15  yearbooks, to advertise subscriptions without their consent. The same fact

16  pattern is true for absent Class members.

17  d.  <u>Adequacy</u> – Plaintiffs would adequately protect the Class's interests.

18  Plaintiffs have a genuine interest in protecting the rights of the Class.

19  Plaintiffs' counsel is experienced in handling complex class actions.

20  Plaintiffs' counsel have been designated and approved as class counsel in

21  numerous state and federal courts, including in actions concerning

22  consumer rights.

23  e.  There is a well-defined community of interest among Class members, and

24  the disposition of the claims of these Class members in a single action will

25  provide substantial benefits to all parties and to the Court.

26  f.  <u>Predominance</u> – The answers to the common questions in this case will

27  decide liability for the entire class. If Ancestry violated Plaintiffs' privacy

28  and intellectual property rights by using their photographs in

22

CLASS ACTION COMPLAINT

advertisements without consent, and owe statutory and other damages as a result, the Ancestry is liable to the absent Class members as well. Therefore, common issues predominate over any individual issues.

g. <u>Superiority</u> – A class action is superior to other available remedies. The common questions would predominate over any individual questions, and no other form of litigation could be superior to a class action. Because of the low dollar amounts at stake for each Class member, a class action is the only way for Plaintiffs and other Class members to obtain redress. Moreover, the most efficient way to resolve the class's claims is for a court to decide all claims in a single class. Requiring millions of Class members to individually litigate their claims in various courts would be inefficient and would create the possibility of inconsistent judgments or conflicting declaratory and injunctive relief.

## FIRST CAUSE OF ACTION
**(Violation of California Right of Publicity – Cal. Civ. Code § 3344)**

63.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

64.     California's Right of Publicity Statute, California Civil Code § 3344, prohibits the use of a "name, voice signature, photograph, or likeness, in any manner, on or in products . . . or for purposes of advertising or selling . . . products, merchandise, goods or services, without such person's prior consent."

65.     Ancestry violated California's Right of Publicity statute by taking Plaintiffs' and Class members' photographs as minors and personal information from school yearbooks and other sources without consent, and knowingly using their photographs and personal information to advertise paid subscriptions to its website service.

66.     Cal. Civ. Code § 3344 provides that a person who violates the statute "shall be liable for any damages sustained." "In addition," the violator is liable for statutory damages "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages

suffered." The violator is also liable for "any profits from the unauthorized use that are attributable to the use."

67.     Plaintiffs on behalf of the Class seek statutory damages, compensatory damage for mental anguish, compensatory damages for the unauthorized taking of their intellectual property, and disgorgement of the unauthorized profits Ancestry earned from its use of their likenesses, as provided for by Cal. Civ. Code § 3344. Plaintiffs also seek nominal damages, declaratory relief, and injunctive relief. Plaintiffs also seek punitive damages and the award of attorneys' fees and costs as allowed under § 3344(a).

68.     Each use of a Class member's name, photograph, or likeness to advertise Ancestry subscriptions is a distinct violation of Cal. Civ. Code § 3344 giving rise to damages.

## SECOND CAUSE OF ACTION
### (Violation of California Common Law Misappropriation of Likeness)

69.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

70.     California's common law right of privacy recognizes a cause of action for misappropriation of likeness. A cause of action arises based on "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006) (quoting *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (1983).

71.     Ancestry violated California's common law prohibiting misappropriation of likeness by taking Plaintiffs' and Class members' photographs as minors and personal information from school yearbooks and other sources without consent and using their photographs and personal information to advertise paid subscriptions to its website service.

72.     Ancestry's actions caused at least two forms of resulting injury recognized by common law. First, by taking and exploiting Plaintiffs' and Class members' likenesses without permission, Ancestry violated and infringed Plaintiffs' and Class members' intellectual property rights. Second, Ancestry caused mental anguish and injury to Plaintiffs' and Class members'

1    peace of mind.

2        73.    Plaintiffs on behalf of the Class seek compensatory damage for mental anguish,

3    compensatory damages for the unauthorized taking of their intellectual property, and

4    disgorgement of the unauthorized profits Ancestry earned from its use of their likenesses.

5    Plaintiffs also seek nominal damages, declaratory relief, and injunctive relief.

6                              **THIRD CAUSE OF ACTION**
                  **(Violation of California Intrusion Upon Seclusion Law)**
7
8        74.    Plaintiffs incorporate by reference the allegations contained in all preceding

     paragraphs of this Complaint.
9
10       75.    California's common law right of privacy recognizes a cause of action for

11   intrusion upon seclusion. A cause of action arises has two elements: "First, the defendant must

12   intentionally intrude into a place, conversation, or matter as to which the plaintiff has a

     reasonable expectation of privacy. Second, the intrusion must occur in a manner highly offensive
13
     to a reasonable person." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009).
14
15       76.    Plaintiffs and the Class have a reasonable expectation of privacy in their

16   photographs as minors and personal information. Plaintiffs and Class members arguably

17   consented as minors to have their photographs taken for yearbooks intended for distribution in

     print form among their schoolmates and families. Plaintiffs and the Class did not consent to, and
18
     reasonably expected not to experience, the worldwide distribution of their photographs as minors
19
20   on the Internet in advertisements for Ancestry.com subscriptions.

21       77.    Ancestry intentionally intruded upon the seclusion of Plaintiffs and the Class by

22   taking their photographs as minors from yearbooks without permission and using those

     photographs to sell Ancestry.com subscriptions. This intrusion revealed private facts in which a
23
     reasonable person would expect privacy.
24
25       78.    Ancestry's actions were highly offensive to a reasonable person. A reasonable

26   person would not expect to see decades-old photographs of themselves as minors distributed

     worldwide on the Internet and exploited for a company's financial gain.
27
28       79.    The highly offensive nature of Ancestry's actions, and the reasonability of

---

25

CLASS ACTION COMPLAINT

1  Plaintiffs' expectations of privacy, are both underscored by the fact that Ancestry's use of

2  Plaintiffs' personal information is in clear violation of the California Consumer Privacy Act, §

3  1798.100 *et seq.*

4        80.    The California Consumer Privacy Act ("CCPA") provides that a "business that

5  controls the collection of a consumer's personal information" must before collecting any

6  personal information "inform consumers of" the collection. Cal. Civ. Code § 1798.100. The

7  business must also "disclose" to the consumer "the consumer's rights to request deletion of the

8  consumer's personal information." *Id.* § 1798.105. A business that "sells personal information

9  about a consumer" must also provide a means by which the consumer may "at any time . . .

10  direct [the] business . . . not to sell the consumer's personal information." *Id.* § 1798.120.

11        81.    Ancestry failed to inform Plaintiffs and Class members that it collected their

12  personal information. Ancestry failed to disclose to and provide Plaintiffs and the Class their

13  right to request deletion of their photographs and personal information. Ancestry failed to

14  provide Plaintiffs and the Class a means of opting out of the sale of their photographs and

15  personal information on Ancestry's website. Ancestry's actions are therefore in clear violation of

16  multiple provisions of CCPA.

17        82.    Plaintiffs and Class members could reasonably expect Ancestry not to engage in

18  privacy violations clearly prohibited by California statutory law.

19        83.    Plaintiffs and the Class were harmed by Ancestry's intrusion upon their seclusion

20  as detailed in this Complaint.

21        84.    Plaintiffs on behalf of the Class seek compensatory damage for the mental

22  anguish and lost peace of mind they suffered, including punitive damages in light of Ancestry's

23  conscious disregard of Plaintiffs' and Class members privacy rights and exploitation of their

24  personal information for profit. Plaintiffs also seek nominal damages, declaratory relief, and

25  injunctive relief.

26        85.    Defendant has been guilty of oppression, fraud, and/or malice and despicable

27  conduct warranting an award of exemplary and/or punitive damages under the provisions of Cal.

28  Civ. Code § 3294.  The foregoing conduct has been approved, authorized and/or ratified by each

26

1   Defendant's officers, directors and/or managing agents as required by the provisions section

2   3294.

### FOURTH CAUSE OF ACTION
### (Violation of California Unjust Enrichment Law)

4   86.     Plaintiffs incorporate by reference the allegations contained in all preceding

5   paragraphs of this Complaint.

6   87.     Plaintiffs and the Class have conferred an unwarranted benefit on Ancestry.

7   Without permission or compensation, Ancestry took Plaintiffs' and Class members' likenesses

8   and used them to sell subscriptions to Ancestry.com. Each subscription an Ancestry user

9   purchased after viewing Plaintiffs' or Class members' photographs or likenesses, or after

10  receiving an email or message containing such photographs or likenesses, represents an

11  unwarranted benefit conferred by the class.

12  88.     Under principles of equity and good conscience, Ancestry should not be permitted

13  to retain the benefits it gained because of its actions.

14  89.     Plaintiffs and members of the Class have suffered economic loss and injury as a

15  direct result of Ancestry's conduct, as described in this Complaint.

16  90.     Plaintiffs on behalf of the Class seek the imposition of a constructive trust and

17  restitution of proceeds Ancestry received as a result of the conduct described in this complaint,

18  as well as an award of attorneys' fees, costs, and interest pursuant to Cal. Civ. Proc. Code §

19  1021.5.

### FIFTH CAUSE OF ACTION
### (Violation of UCL - Unlawful and Unfair Business Practices)

21  91.     Plaintiffs incorporate by reference the allegations contained in all preceding

22  paragraphs of this Complaint.

23  92.     California Business and Professions Code §17200 *et seq.* prohibits acts of unfair

24  competition, which include unlawful and unfair business practices, each of which is separately

25  actionable.

26  93.     Ancestry acted unlawfully and unfairly by taking millions of Class members'

27  photographs as minors without consent and distributing those photographs worldwide on the

28

CLASS ACTION COMPLAINT

Internet in advertisements promoting subscriptions to the Ancestry website.

94.     Ancestry's actions are unlawful because they violate California's Right of Publicity (Cal. Civ. Code § 3344); California privacy law prohibiting misappropriation of likeness; California privacy law prohibiting intrusion upon seclusion; and California unjust enrichment law.

95.     Ancestry's actions are unfair because they are immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs and the class. The financial injury to Plaintiffs and the Class by Ancestry's conduct outweighs any alleged countervailing benefit.

96.     Plaintiffs and the Class could not have avoided this injury because Ancestry failed to solicit their consent. Ancestry fails to provide any means by which Plaintiffs or the Class may request deletion of their photographs and personal information from Ancestry's website.

97.     Plaintiffs and the Class members suffered an economic injury and lost property due to Ancestry's unlawful and unfair conduct. Plaintiffs have a property interest in their personal data, and an intellectual property interest in the use of their likenesses, both of which are recognized by California law. By using and distributing their photographs and personal information for commercial gain without consent, Ancestry took property belonging to Plaintiffs and the Class and caused them economic injury.

98.     To this day, Defendant has engaged and continues to engage in unlawful and unfair business practices by continuing to use Plaintiffs' and Class members' photographs and personal information without consent.

99.     As a proximate result of its unlawful and unfair practices, Defendant has been unjustly enriched and should be required to make restitution to the Plaintiffs and Class members pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

**<u>Relief Requested</u>**

Plaintiffs ask this Court to:

   a.     certify this action as a class action, including certifying Plaintiffs as Class representatives and undersigned counsel as Class counsel;

   b.     grant judgment as a matter of law in favor of Plaintiffs and the Class on

28

1                         any or all issues or, in the alternative, hold a trial to decide any disputed

2                         fact questions;

3         c.       issue an injunction prohibiting Ancestry from continuing to advertise its

4                         subscription product using Plaintiffs' and Class members' photographs as

5                         minors;

6         d.       issue an injunction requiring Ancestry to comply with the requirements of

7                         the California CCPA by notifying California residents it is selling and

8                         using their personal information, and providing California residents an

9                         opportunity to opt out;

10        e.       award Plaintiffs and the Class any statutory damages, actual damages,

11                        unjust profits, restitution, and other monetary relief they are entitled to;

12        f.       award attorneys' fees and costs to Plaintiffs and the class;

13        g.       and order any other relief as the Court may deem proper and just.

14 Dated: August __, 2021              By:         */s/ Michael F. Ram*

15                                           Michael F. Ram

16                                           Michael F. Ram (SBN 104805)
                                          mram@forthepeople.com

17                                           Marie N. Appel (SBN 187483)
                                          mappel@forthepeople.com

18                                           MORGAN & MORGAN
                                          COMPLEX LITIGATION GROUP

19                                           711 Van Ness Avenue, Suite 500
                                          San Francisco, CA 94102

20                                           Telephone: (415) 358-6913
                                          Facsimile: (415) 358-6293

21

22                                           Benjamin R. Osborn
                                          *(To Be Admitted Pro Hac Vice)*

23                                           Law Office of Benjamin R. Osborn
                                          102 Bergen St.

24                                           Brooklyn, NY 11201
                                          Telephone: (347) 645-0464

25                                           Email: ben@benosbornlaw.com

26

27                                           Samuel J. Strauss
                                          *(To Be Admitted Pro Hac Vice)*

28                                           sam@turkestrauss.com
                                          TURKE & STRAUSS LLP

CLASS ACTION COMPLAINT

1        613 Williamson Street #201
Madison, WI 53703
2        936 N 34th Street #300
Seattle, WA 98103
3        Telephone: (608) 237-1175
4
5        *Attorneys for Plaintiff*
*and the Proposed Class*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

# Exhibit 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR C. **23011395** |
|---|---|
| Marie Appel, 187483 | |
| Morgan and Morgan Complex Litigation Group | **F I L E D** |
| 711 Van Ness Avenue, Suite 500 | |
| San Francisco, CA 94102 | **ALAMEDA COUNTY** |
| TELEPHONE NO.: (901) 661-5546 | |
| ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | **SEP 0 2 2021** |
|---|---|
| Superior Court of California, Alameda County | |
| 24405 Amador Street | CLERK OF THE SUPERIOR COURT |
| Hayward, CA 94544 | By *alui R. Koserbos Jr.* Deputy |

| PLAINTIFF/PETITIONER: ALICE ZHANG and WAYNE TSENG, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANCESTRY.COM OPERATIONS INC., et al. | HG21108450 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|
| | 11085265 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Summons, Complaint

3. a. Party served: Ancestry.com Operations, Inc.

b. Person Served: CT Corp - Diana Ruiz, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
   Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 08/31/2021      (2) at (time): 12:40PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Ancestry.com Operations, Inc.
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 08/31/2021

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010              **PROOF OF SERVICE OF SUMMONS**         Code of Civil Procedure, § 417.10
[Rev. Jan 1, 2007]                                                                        OL# 16836021

# Exhibit 6

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE: |
|---|---|---|
| Marie Appel, 187483 | | (901) 661-5546 |

23133152

Morgan and Morgan Complex Litigation Group
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102

ATTORNEY FOR (Name): Plaintiff

Ref. No. or File No.
11085265

**FILED**
ALAMEDA COUNTY

SEP 1 5 2021

CLERK OF THE SUPERIOR...

By _Debra_ _Frelburg_
Deputy

Insert name of court, judicial district or branch court, if any:

Superior Court of California, Alameda County
24405 Amador Street
Hayward, CA 94544

PLAINTIFF:
ALICE ZHANG, et al.

DEFENDANT:
ANCESTRY.COM OPERATIONS INC.

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: Dept 21 | CASE NUMBER: HG21108450 |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Notice of Hearing

2. Party Served: Ancestry.com Operations Inc.

3. Person Served: CT Corp - John Montijo, Process Specialist - Person Authorized to Accept Service of Process

4. Date & Time of Delivery: 09/13/2021    12:35PM

5. Address, City and State: 330 North Brand Blvd, #700
Glendale, CA 91203

6. Manner of Service: Personal Service - By personally delivering copies.

FILE BY FAX

Fee for Service: $ 40

Registered California process server.
County: Los Angeles
Registration No.: 4553
Jimmy Lizama
One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 09/13/2021 at Petaluma, California.

Signature: 

Jimmy Lizama

# Exhibit 7

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Zhang** | **No. HG21108450** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Ancestry.com Operations Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   21                              Honorable   Winifred Y. Smith        , Judge

Cause called for: Complex Determination Hearing on September 22, 2021.

Plaintiff Alice Zhang not appearing.
Plaintiff Wayne Tseng not appearing.
Defendant Ancestry.com Operations Inc. not appearing.

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties.  All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612.  Please make check(s) payable to the Clerk of the Superior Court.  Documents may continue to be filed as allowed under Local Rule 1.9.  Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of     09/22/2021
Entered on     09/27/2021

Chad Finke  Executive Officer / Clerk of the Superior Court

By        C . W

Deputy Clerk

---

**Minutes**

# Exhibit 8

Morgan & Morgan Complex Litigation                    Ancestry.com Operations Inc.
Group
Attn:  Ram, Michael F.
711 Van Ness Avenue
Suite 500
San Francisco, CA   94102

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Zhang<br><br>                          Plaintiff/Petitioner(s)<br><br>                   VS.<br><br>Ancestry.com Operations Inc.<br>                          Defendant/Respondent(s)<br>                  (Abbreviated Title) | No. <u>HG21108450</u><br><br>Order<br><br>Complaint - Intellectual Property |

The Complex Determination Hearing was set for hearing on 09/22/2021 at 09:00 AM in Department 21 before the Honorable Winifred Y. Smith.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties.  All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612.  Please make check(s) payable to the Clerk of the Superior Court.  Documents may continue to be filed as allowed under Local Rule 1.9.  Note that for those admitted pro hac vice, there is also an annual fee.  (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  09/22/2021

Facsimile

_Winifred Y. Smith_

_____

Judge Winifred Y. Smith

# Exhibit 9

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Shon Morgan (Bar No. 187736)
2    (shonmorgan@quinnemanuel.com)
     John W. Baumann (Bar No. 288881)
3    (jackbaumann@quinnemanuel.com)
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017
5  Telephone:      (213) 443-3000
   Facsimile:      (213) 443-3100
6
7    Cristina Henriquez (Bar No. 317445)
     (cristinahenriquez@quinnemanuel.com)
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
9  Telephone:      (650) 801-5000
   Facsimile:      (650) 801-5000
10
   Attorneys for Defendant ANCESTRY.COM
11 OPERATIONS INC.

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          COUNTY OF ALAMEDA

15

16 | ALICE ZHANG and WAYNE TSENG, | CASE NO. HG21108450 |
   | individually and on behalf of a class of | |
17 | similarly situated persons, | **NOTICE TO ADVERSE PARTY OF** |
   | | **REMOVAL OF ACTION TO FEDERAL** |
18 | Plaintiffs, | **COURT** |
19 | vs. | Dept.:   21 |
20 | | |
   | ANCESTRY.COM OPERATIONS INC., a | |
21 | Delaware Corporation | |
22 | Defendant. | |
23

24

25

26

27

28

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on September 29, 2021.  A true and correct copy of said Notice of Removal is attached to this Notice as Exhibit A.


DATED: September 29, 2021                 QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                          By _____
                                          Shon Morgan
                                          Attorneys for Defendant Ancestry.com
                                          Operations Inc.

**PROOF OF SERVICE**

1

2          At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Mateo, State of California.  My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065.

3

4          On September 29, 2021, I served true copies of the following document(s) described as **NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action as follows:

5

6    Michael F. Ram                              Benjamin R. Osborn
     mram@forthepeople.com                       ben@benosbornlaw.com
7    Marie N. Appel                              Law Office of Benjamin R. Osborn
     mappel@forthepeople.com                     102 Bergen St.
8    MORGAN & MORGAN                             Brooklyn, NY  11201
     COMPLEX LITIGATION GROUP                    Tel:  (347) 645-0464
9    711 Van Ness Avenue, Suite 500
10   San Francisco, CA 94102                     Samuel J. Strauss
     Tel:  (415) 358-6913                        sam@turkestrauss.com
11   Fax: (415) 358-6293                         TURKE & STRAUSS LLP
                                                 613 Williamson Street #201 | Madison, WI 53703
12                                               936 N 34th Street #300 | Seattle, WA 98103
                                                 Tel:  (608) 237-1175
13

14          **BY MAIL:**  I caused the enclosed documents(s) to be served by mail by A&A Legal; and

15          **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
16   document(s) to be sent from the e-mail address cristinahenriquez@quinnemanuel.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was
17   unsuccessful.

18          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20          Executed on September 29, 2021, at Mountain View, California.

21

22

23                                              _____
                                                Cristina A. Henriquez
24

25

26

27

28

- 1 -                                    Case No. HG21108450
NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
