Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201 | Madison, WI 53703
936 N 34th Street #300 | Seattle, WA 98103
Telephone: (608) 237-1175

*Attorneys for Plaintiffs and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICE ZHANG and WAYNE TSENG, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM, INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware Limited Liability Company;<br><br>  Defendants. | Case No.: 4:21-cv-07652-JST<br><br>PLAINTIFFS' NOTICE OF MOTIONS, MOTION TO REMAND, AND MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Hearing Date: November 18, 2021<br>Hearing Time: 2:00 p.m.<br>Location: Oakland Courthouse, Courtroom 6<br><br>Honorable Jon S. Tigar |

PLAINTIFF'S NOTICE OF MOTION, MOTION TO REMAND, AND MOTION FOR ATTORNEYS' FEES AND COSTS                         CASE NO. 4:21-CV-07652

# NOTICE OF MOTIONS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday November 18 at 2:00 p.m., before the Honorable Jon S. Tigar of the Northern District of California, Plaintiffs Alice Zhang and Wayne Tseng will and do move to remand this action to the Superior Court of the State of California, County of Alameda. Plaintiffs also move for the award of attorneys' fees and costs. These motions are based on this Notice, the accompanying Memorandum of Points and Authorities, the papers on file in this matter, the arguments of counsel, and any other matter the Court wishes to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Plaintiffs filed this action in state court alleging state law claims on behalf of a class of California residents. Plaintiffs allege that Ancestry stole photographs of them as minors from school yearbooks, then used Plaintiffs' likenesses as minors in advertisements promoting subscriptions to Ancestry.com, without Plaintiffs' consent. Plaintiffs allege that these actions violate California's right of publicity statute, Cal. Civ. Code § 3344; California common law prohibiting misappropriation of likeness; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and California common law prohibiting unjust enrichment.

Plaintiffs' counsel are pursuing three related actions against Ancestry on behalf of other named plaintiffs. In each of the related actions, the plaintiffs sued Ancestry in federal court alleging violations of state right of publicity statutes and asserted federal jurisdiction under the Class Action Fairness Act. *Callahan* v. *Ancestry.com*, 20-cv-08437-LB (N.D. Cal. filed Nov. 30, 2020) (California right of publicity); *Sessa v. Ancestry.com*, 2:20-cv-02292 (D. Nev. filed Dec.

17, 2020) (Nevada right of publicity); *Bonilla v. Ancestry.com*, 1:20-cv-07390 (N.D. Ill. filed Dec. 14, 2020) (Illinois right of publicity). In all three actions Ancestry filed motions to dismiss arguing federal courts lack subject matter jurisdiction because the plaintiffs do not have Article III standing.

Ancestry is judicially estopped from litigating this case in federal court. In *Callahan*, in which the plaintiffs asserted claims under the same California right of publicity statute, Ancestry successfully argued the plaintiffs lacked Article III standing and obtained dismissal of the plaintiffs' claims on that basis. *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437-LB, 2021 WL 2433893 at * 5 (N.D. Cal. June 15, 2021). Now, Ancestry has taken an inconsistent position by removing this action to federal court. There is precedent from this District forbidding precisely the gamesmanship Ancestry is attempting. *See Iglesias v. Welch Foods Inc.*, No. 17-cv-00219-TEH, 2017 WL 1227393 at *2-3 (N.D. Cal. Apr. 4, 2017) (applying judicial estoppel and granting remand when defendants attempted removal after previously arguing lack of standing). Accordingly, Plaintiffs respectfully request this Court grant their motion to remand this case to state court.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The removing party bears the burden of proving jurisdiction, including Article III standing. Here, Ancestry's removal lacks an objectively reasonable basis because it is judicially estopped from asserting standing. Accordingly, Plaintiffs respectfully request this Court grant their motion for attorneys' fees and costs under § 1447(c).

## II.     ARGUMENT

**A.     Ancestry is judicially estopped from asserting this Court has subject matter jurisdiction over the Plaintiffs' claims.**

This case should be remanded based on the application of judicial estoppel. "The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Article III standing is "an integral component of subject matter jurisdiction." *Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809, 816 (N.D. Cal. 1991) (*citing Bender v. Williamsport Area School District*, 475 U.S. 534, 541-43 (1986)). Federal courts remand to state court when the removing party fails to establish Article III standing. *See, e.g.*, *Jordan v. Viceroy Hotel Mgmt.*, No. 21-cv-01338-HSG, 2021 WL 2400957 at *1 (N.D. Cal. June 11, 2021) (granting motion to remand when defendant had previously "moved to dismiss on the ground that Plaintiff lacked standing"); *Fifer v. ADP Screening & Selection Servs., Inc.*, No. 19-CV-03174-LHK, 2019 WL 5152629 at *3-5 (N.D. Cal. Oct. 15, 2019) (granting remand when the defendant failed to show standing); *Goto v. Whelan Sec. of Cal., Inc.*, No. 20-cv-01114-HSG, 2020 WL 4590596 at *2-3 (N.D. Cal. Aug. 11, 2020) (same).

By removing this case, Ancestry is asserting this Court has subject matter jurisdiction. This contradicts the position Ancestry has previously taken. In three separate motions filed in three District Courts, Ancestry argued that the plaintiffs did not have Article III standing to assert right of publicity and other state law claims based on Ancestry's misappropriation and use of yearbook photographs in advertisements. *See* Defendant's Motion to Dismiss and to Strike, *Callahan*, No. 20-cv-08437-LB, Dkt. No. 33, at *6-11 (N.D. Cal. filed Jan. 4, 2021) (attached as Ex. 1) (arguing plaintiffs asserting § 3344 claims lacked Article III standing because they cannot "plausibly allege actual injury resulted from the manner in which [yearbook photographs] were used"); Defendants' Motion to Dismiss, *Bonilla*, No. 1:20-cv-07390, Dkt. No. 31, at *10-13

(N.D. Ill. filed Apr. 9, 2021) (attached as Ex. 2) (arguing plaintiffs asserting claims under the Illinois Right of Publicity Act lacked standing); Defendants' Motion to Dismiss, *Sessa*, No. 2:20-cv-02292, Dkt. No. 19, at *8-11 (D. Nev. filed Feb. 10, 2021) (attached as Ex. 3) (arguing plaintiffs asserting claims under Nevada's right to publicity statute lacked standing).

Judicial estoppel "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (*citation omitted*). The doctrine protects the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (*citation omitted*). When a party takes a position and persuades a court to grant relief, judicial estoppel precludes that party from taking an inconsistent position in another litigation. *See Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013).

To establish judicial estoppel, courts consider three factors: "(1) whether a party's later position is "clearly inconsistent" with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to derive an unfair advantage or impose an unfair detriment on the opposing party." *U.S. v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (*quoting New Hampshire*, at 750-51).

Here, all three factors support judicial estoppel. First, Defendants' Notice of Removal, which asserts that this Court has subject matter jurisdiction over Plaintiffs' claims, is clearly inconsistent with the position Ancestry has taken in *Callahan*, *Bonilla*, and *Sessa*. Specifically, in those three cases Ancestry argued federal courts did not have subject matter jurisdiction because the plaintiffs did not have Article III standing to pursue claims based on Ancestry's

appropriation and use of their yearbook photographs in advertisements – the same claims Plaintiffs assert here.

Second, Ancestry successfully persuaded the court in *Callahan* of its earlier position. Magistrate Judge Beeler dismissed the plaintiffs' claims for lack of standing. *Callahan*, 2021 WL 2433893 (N.D. Cal. filed June 15, 2021). After Magistrate Judge Beeler's dismissal, Plaintiffs filed their complaint in Alameda County seeking to represent the same California class for the same right of publicity claims at issue in *Callahan*.[1]

Third, allowing Ancestry to advance inconsistent positions would provide an unfair advantage. Ancestry could again move to dismiss for lack of Article III standing. The injured class would be trapped in a never-ending cycle of filing state court complaints, removal by Ancestry, and dismissal for lack of standing. Judicial estoppel exists to prevent exactly this sort of "unfair advantage" and waste of judicial resources. *See Rockwell Int'l v. Hanford Atomic Metal Trades*, 851 F.2d 1208, 1210 (9th Cir. 1988).

---

[1] On September 16, Judge Navarro of the District Court of Nevada denied Ancestry's motion to dismiss claims brought under Nevada's statutory right of publicity. *Sessa v. Ancestry.com Operations*, 2:20-cv-02292-GMN-BNW, 2021 WL 4245359 (D. Nev. Sep. 16, 2021). The court rejected Ancestry's arguments regarding Article III standing and explicitly declined to follow Magistrate Judge Beeler's reasoning in *Callahan*. *Id.*, at *4-6. The Court held the plaintiffs had standing to pursue their claims. *Id.*

That Ancestry's standing argument failed in *Sessa* does not change the analysis of the second *Ibrahim* factor. The factor asks whether the party "persuaded a court to accept its earlier position," not whether the defendant persuaded every court. Ancestry successfully persuaded a court <u>in this judicial District</u> that plaintiffs lacked Article III standing. Ancestry is therefore judicially estopped from taking a contrary position here.

Plaintiffs' counsel appealed Magistrate Judge Beeler's ruling in *Callahan* to the Ninth Circuit. Plaintiffs' counsel also filed a motion for an indicative ruling for reconsideration in light of the Supreme Court's intervening decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). Judge Navarro "declined to follow" the *Callahan* court's reasoning "because its order did not address whether the plaintiffs' statutory injury had a common law analog as required by *Spokeo* and *TransUnion*." *Sessa*, at *6.

PLAINTIFF'S NOTICE OF MOTION,  
MOTION TO REMAND, AND MOTION  
FOR ATTORNEYS' FEES AND COSTS     5

CASE NO. 4:21-cv-07652

*Iglesias v. Welch Foods Inc.* is directly on point. No. 17-cv-00219-TEH, 2017 WL 1227393 at *2-3 (N.D. Cal. Apr. 4, 2017). In *Iglesias*, the defendants had previously obtained dismissal of a putative class action in the Eastern District of New York by arguing "that plaintiffs lacked Article III standing." *Id.*, at *2. The plaintiff in *Iglesias* subsequently filed suit in California state court alleging claims based on the same misrepresentations. *Id*. The defendants removed the case to federal court. *Id*. The district court found that because the defendants had "previously argued the [EDNY] plaintiffs had no Article III standing . . . it is clearly inconsistent for Defendants to now seek removal of Plaintiff's claims." *Id*. The court held that "each of the *Ibrahim* factors supports applying judicial estoppel here to prevent the Defendants from litigating the case in federal court" and remanded the case to state court. *Id.*, at *3.

The argument for applying judicial estoppel against Ancestry is even stronger than in *Iglesias*. In *Iglesias*, estoppel applied based on an argument the defendant made in a different District. Here, Ancestry argued against Article III standing in a motion it filed in this District mere months ago, signed by the same attorney representing Ancestry in this case. *See* Ex. 1 (motion signed by attorney Shon Morgan).

Other courts in this Circuit have also applied judicial estoppel to prevent defendants from adopting inconsistent positions regarding whether a federal court has jurisdiction. *See, e.g.*, *Sanact Inc. v. U.S. Pipelining LLC*, No. 16-cv-00377-HG, 2018 WL 3213612, at *5 (D. Haw. June 29, 2018) (defendant was judicially estopped from asserting lack of jurisdiction and venue because this position was "clearly inconsistent with its . . . Notice of Removal.")

Because all three *Ibrahim* factors support the application of judicial estoppel, and because *Iglesias* is directly on point, judicial estoppel applies and this case should be remanded.

B. **Attorneys' fees and costs should be awarded to Plaintiffs because Ancestry lacked an objectively reasonable basis for removal.**

Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In this Circuit, courts may award fees and costs under § 1447(c) when "the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar*, 518 F.3d 1062, 1065 (9th Cir. 2008) (*quoting Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). An award of fees and costs under § 1447(c) does not require a finding of bad faith and is not designed to be punitive. *Albion Pacific Property Resources, LLC v. Seligman*, 329 F. Supp. 2d 1163, 1165 (N.D. Cal. 2004). Rather, fees under § 1147(c) "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Partners v. Gonzalez*, No. 10-cv-02598-EDL, 2010 WL 3447678 at *3 (N.D. Cal. Aug. 30, 2010) (*quoting Martin*, at 141).

The award of fees and costs is discretionary. "A court has wide discretion to award attorney's fees for costs incurred as a result of improper removal." *Fong v. Beehler*, No. 13-cv-03021-EDL, 2013 WL 5913612 at *2 (N.D. Cal. Oct. 29, 2013) (*citation omitted*). A party's "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Martin*, at 141.

Here, an award of the attorneys' fees and costs is appropriate because Ancestry lacks an objectively reasonable basis for removal. Ancestry previously asserted that plaintiffs alleging identical claims lack Article III standing. Accordingly, as clearly held in *Iglesias*, Ancestry is judicially estopped from arguing this Court has subject matter jurisdiction. *See Angus v. John Crane Inc.*, No. 16-cv-03532-JST, 2016 WL 4423379 at *2 (N.D. Cal. Aug. 22, 2016) (awarding attorneys fees and costs when "Defendant's theory of removal was so flawed as to be objectively

unreasonable.")

An award of fees and costs is also appropriate because Defendants' Notice of Removal failed to disclose relevant facts to this Court. The Notice of Removal makes no mention of Article III standing – a required element for establishing removal jurisdiction – and fails to disclose that Ancestry previously argued before three separate District Courts that plaintiffs in identical circumstances lacked Article III standing. Courts in this Circuit have awarded fees and costs under § 1447(c) when defendants made similar material omissions. *See, e.g.*, *Welch v. Air & Liquid Sys. Corp.*, C21-904 MJP, 2021 WL 3486720 at *3 (W.D. Wash. Aug. 9, 2021) (awarding fees and costs when notice of removal "did not disclose" a pending motion that was "relevant to determine jurisdiction").

### III.   CONCLUSION

Because Defendants previously successfully argued that plaintiffs lack standing to pursue the claims in this case, they are barred from judicial estoppel from removing this case. Because Defendants' removal lacks an objectively reasonable basis, and because Defendants and their counsel failed to disclose relevant facts in their Notice of Removal, this Court should award fees and costs to Plaintiffs under § 1447(c). Should the Court grant Plaintiffs' motion for fees and costs, Plaintiffs will separately submit papers to establish the amount and reasonableness of their attorneys' fees and costs incurred because of Ancestry's removal. Plaintiffs respectfully request that the Court retain jurisdiction for this purpose upon remand.[2]

---

[2] Because Defendants are judicially estopped from showing Article III standing, this Court need not address Defendants' arguments concerning other requirements for subject matter jurisdiction. *See* Notice of Removal (arguing that both CAFA and federal question jurisdiction apply but failing to discuss standing).

RESPECTFULLY SUBMITTED AND DATED this 13th day of October 13, 2020

By: _/s/ Michael F. Ram_____
    Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (to be admitted Pro Hac Vice)
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss (to be admitted Pro Hac Vice)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201 | Madison, WI 53703
936 N 34th Street #300 | Seattle, WA 98103
Telephone: (608) 237-1175

*Attorney for Plaintiffs
and the Proposed Class*

PLAINTIFF'S NOTICE OF MOTION,           CASE NO. 4:21-cv-07652
MOTION TO REMAND, AND MOTION
FOR ATTORNEYS' FEES AND COSTS    9