Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201 | Madison, WI 53703
936 N 34th Street #300 | Seattle, WA 98103
Telephone: (608) 237-1175

*Attorneys for Plaintiffs and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICE ZHANG and WAYNE TSENG, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation,<br><br>    Defendants. | Case Nos.:   3:20-cv-08437-LB<br>              4:21-cv-07652-LB<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Hearing Date: November 18, 2021<br>Hearing Time: 9:30 a.m.<br>Location: San Francisco Courthouse, Courtroom B |

## I.  PRELIMINARY STATEMENT

In an apparent admission that judicial estoppel would bar Ancestry from asserting diversity jurisdiction, Ancestry has withdrawn its claim that the Court has subject matter jurisdiction under CAFA.[1] Ancestry now argues for removal based on only one of the two grounds it asserted in its Notice of Removal: "preempt[ion] by the federal Copyright Act." ECF No. 16, at *3 ("Opposition"). But defendants who remove based on federal preemption must show the plaintiffs have Article III standing, just as in any other removal. Because it has previously argued plaintiffs in identical circumstances lack standing, Ancestry is judicially estopped from removing based on federal preemption (or any other ground).

Even if Ancestry were correct that removal based on preemption does not require Article III standing (it is not), Ancestry has failed the high burden required to establish "complete preemption" of a state law cause of action. Three district courts in this Circuit held that Copyright preemption did not apply to nearly identical claims. *See Sessa v. Ancestry.com*, No. 20-cv-2292, 2021 WL 4245359, at *13-15 (D. Nev. Sept. 16, 2021); *Callahan v. PeopleConnect, Inc.*, No. 20-cv-09203, Dkt. No. 76, at *12-21 (N.D. Cal. Nov. 1, 2021);[2] *Knapke v. PeopleConnect Inc.*, No. 21-cv-262, 2021 WL 3510350, at *4-5 (W.D. Wash. Aug. 10, 2021).

On October 20, seven days after Plaintiffs moved to remand, Ancestry filed a motion to dismiss and strike in which it argued Plaintiffs do not have Article III standing. ECF No. 14 at *7-13. This strengthens Plaintiffs' arguments for remand and for attorneys' fees and costs. *See Morgan v. Bank of Am., N.A.*, No. 20-cv-157, 2020 WL 3979660 (E.D. Wash. July 14, 2020) (remanding and awarding fees and costs in identical circumstances).

---

[1] That Ancestry asserted CAFA as a basis for jurisdiction, then immediately withdrew after Plaintiffs filed their Opposition, suggests Ancestry knew or should have known its removal based on CAFA jurisdiction was objectively basis. *See Smiley v. Citibank (South Dakota), N.A.*, 863 F. Supp. 1156 (C.D. Cal. 1993) (denying leave to amend when "the defendant discovered that the original ground on which it sought removal [*i.e.*, diversity jurisdiction] was baseless and tried to substitute a completely separate and distinct ground [*i.e.*, federal question])."

[2] A copy of the recent decision in *Callahan v. PeopleConnect* is filed with this reply.

## II.     ARGUMENT

**A.     Ancestry is judicially estopped because standing is an element of federal question jurisdiction. Even if standing were not an element, Ancestry has failed its burden of showing federal Copyright law "wholly displaces" plaintiffs' claims.**

Ancestry asserts that, unlike removal based on diversity, removal based on preemption does not require Article III standing. *Id.*, at *1 (asserting that "the federal Copyright Act" is an "independent basis for removal . . . regardless of [standing]").

Despite Ancestry's attempt to invent a carve-out, standing is a required element of subject matter jurisdiction for federal question cases, as it is for every federal case. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021). Defendants who assert removal based on federal preemption must show the plaintiffs have Article III standing. In *Scruggs v. Brown*, the court remanded after the defendant removed based on federal preemption because the defendant planned to "move to dismiss based upon plaintiff's lack of standing," which was inconsistent with the defendant's "burden to establish" subject matter jurisdiction. No. 2-cv-2441, 2002 WL 1585531, at *1 (N.D. Cal. July 10, 2002).

Ancestry cites a single case for the argument that Copyright Act preemption supports removal without the need to show standing. *See* Opposition, at *3-4 (*citing Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996)). *Dielsi* does not apply to this case. In *Dielsi*, the defendant removed based on Copyright preemption, then argued for dismissal because the plaintiff had not "plead that he has applied for copyright registration." 916 F. Supp. At 994. *Dielsi* did not address Article III standing, nor did it involve judicial estoppel. *Id. Dielsi* said nothing about whether a defendant may remove based on preemption after previously arguing lack of standing. *See id.*

Ancestry attempts to distinguish *Iglesias v. Welch Foods Inc.*, 2017 WL 1227393 (N.D. Cal. Apr. 4, 2017), by claiming that "Ancestry's positions are entirely consistent." Opposition, at *6 n. 6.[3] But *Iglesias* applied judicial estoppel based on the same inconsistent positions Ancestry

---

[3] Ancestry claims *Iglesias* "stands in contrast" to the principles recognized in *E-Pass Techs. v. Moses & Singer, LLP*, No. 09-cv-5967, 2011 WL 5357912 (N.D. Cal. Nov. 4, 2011). Opposition, at *6 n. 6. *E-Pass* stated in dicta that "it is unclear whether judicial estoppel should be applied"

has taken here: first arguing in a prior case "that plaintiffs lacked Article III standing"; then "seek[ing] removal of Plaintiff's claims" in the action before the court. *Id.* at *2.

Even if Ancestry were correct that defendants do not need to show Article III standing if they demonstrate Copyright preemption (which it is not), Ancestry has failed to meet its burden of showing the Copyright Act "wholly displaces" Plaintiffs' California state law claims. Under the well-pleaded complaint rule, federal question jurisdiction exists only if a federal issue is raised on the face of the plaintiff's complaint. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). When determining federal jurisdiction, courts must "ignore potential defenses." *Id.* "[A] defense that relies on . . . the pre-emptive effect of a federal statute . . . will not provide a basis for removal." *Id.* Here, Plaintiffs allege only state law claims.

Ancestry seeks to invoke the doctrine of "complete preemption," a narrow exception to the well-pleaded complaint rule that applies only "when a federal statute wholly displaces the state-law cause of action." *Id.*, 539 U.S. at 8. "Complete preemption arises only in extraordinary situations." *Coyle v. O'Rourke*, 14-cv-7121, 2015 WL 58700, at *6 (C.D. Cal. Jan. 5, 2015) (*citing Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014)). The burden of showing a federal statute "completely preempts" a state law cause of action is higher than the burden of showing preemption. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669 (9th Cir. 1993).

Ancestry cannot meet this high burden. It has already failed the lower burden of showing the Copyright Act preempts Plaintiffs' claims in a related case involving Nevada's right of publicity statute. In *Sessa v. Ancestry.com*, the court held that Copyright preemption did not apply because "Ancestry uses Plaintiffs' personas to their commercial advantage rather than merely displaying or publishing photographs depicting Plaintiffs." 2021 WL 4245359, at *15 (*citing Maloney v. T3Media, Inc*., 853 F.3d 1004 (9th Cir. 2017)). Like *Sessa*, other district courts have held Copyright preemption did not apply to right of publicity claims nearly identical

---

to jurisdictional matters, but ultimately based its holding on a finding that "judicial estoppel does not bar Plaintiff's conduct." *Id.*, at *6-8.

to Plaintiffs'. *See, e.g.*, *Callahan v. PeopleConnect, Inc.* (no Copyright preemption of California Section 3344 for claims based on use of yearbook photos to advertise website subscriptions);[4] *Knapke v. PeopleConnect Inc.* (same for Ohio right of publicity claims).

Many courts have rejected the application of complete preemption under the Copyright Act to misappropriation of likeness and right of publicity claims. *See, e.g.*, *Muirbrook v. Skechers USA Inc.*, No. 12-cv-8762, 2012 WL 5456402, at *2-3 (C.D. Cal. Nov. 6, 2012); *Coyle*, at *5-11. All but one of the cases Ancestry cites finding "complete preemption" do not involve claims for misappropriation of likeness or right of publicity. *See* Notice of Removal, at ¶ 21; Opposition.[5] The sole exception is *Meribear Prods., Inc. v. Vail*, No. 14-cv-454, 2014 WL 12597609 (C.D. Cal. Aug. 5, 2014), which is distinguishable. Unlike Plaintiffs' claims here, the plaintiffs in *Meribear* did not allege the defendants used photographs depicting their likenesses to advertise a product, and as such the reasoning in *Sessa* and *Callahan v. PeopleConnect* would not apply. *See Meribear*, at *1 (plaintiff alleged defendant used "photographs of [plaintiff's] design work on" its website).

Ancestry relies primarily on *Maloney*. *See* Notice of Removal, at ¶ 25 (*citing Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017)). But the principles announced in *Maloney* argue against Copyright preemption in this case. Under *Maloney*, "preemption turns on *how* a copyrighted photograph is used." *Id.*, at 1013 (emphasis in original). If the defendant merely sells or licenses "the copyrighted images *themselves*," the claim is preempted. *Id.*, at 1018 (emphasis in original). But where, as here, the defendant goes "beyond mere republication of the photograph" by using the photograph to advertise a separate product, there is no preemption. *Id.*

---

[4] In *Callahan v. PeopleConnect, Inc.*, the court found that the Copyright Act preempted claims arising from the use of yearbook photos to advertise the purchase of the reprinted yearbooks themselves. *Id.*, at *18. Here, Plaintiffs' claims arise from Ancestry's use of yearbook photographs to sell website subscriptions, not yearbooks.

[5] *See Dielsi*, 916 F. Supp. at 990; *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004); *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225 (4th Cir. 1993).

1  Here, Plaintiffs allege Ancestry uses their photographs to sell paid subscriptions to ancestry.com,
2  a product that includes far more than access to the specific photograph used to make the sale.
3  ECF No. 1-1 at *39-40 ("Corrected Complaint"), ¶ 9. *See Callahan v. PeopleConnect, Inc.*, at
4  *18; *Sessa*, at *15; *Knapke*, at *8-9.

5   Ancestry has failed the high burden required to show "complete preemption."[6] Therefore
6  this case should be remanded to state court, where Ancestry may assert its federal defenses,
7  including Copyright preemption. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir.
8  1998) ("[T]he defendant must raise its preemption defense in state court.")

9   Ancestry claims that because Plaintiffs did not discuss Ancestry's affirmative position
10 regarding Copyright preemption in their motion to remand, these issues "should be deemed
11 waived." ECF No. 16, at *3 n. 1. There has been no waiver. <u>First</u>, this is a reply in support of
12 Plaintiffs' motion to remand, in which Plaintiffs argued judicial estoppel. Plaintiffs could not
13 have anticipated that Ancestry would respond (implausibly) by asserting that the requirements of
14 Article III standing do not apply when federal jurisdiction arises from Copyright preemption.
15 Plaintiffs are entitled to respond to this argument, which Ancestry raised for the first time in its
16 Opposition. *See* Civil L.R. 7-3. <u>Second</u>, as Ancestry admits, the "merits" of its position on
17 Copyright preemption are "set forth in Ancestry's pending motion to dismiss," not in its notice of
18 removal. *Id.* Plaintiffs cannot have waived arguments Ancestry made in a different motion filed
19 seven days *after* Plaintiffs' motion for remand. <u>Third</u>, arguments asserting lack of subject matter
20 jurisdiction cannot be waived. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).[7]

---

[6] Ancestry does not claim that Copyright preemption applies to Plaintiffs' claim for intrusion upon seclusion. *See* Notice of Removal, at ¶¶ 18-28. Accordingly, even on Ancestry's incorrect understanding of the law, Ancestry is judicially estopped from removing this action because it cannot show Plaintiffs have standing to bring their claim for intrusion upon seclusion. *See People for the Ethical Operation of Prosecutors & Law Enf't v. Rackauckas*, No. 18-cv-805, 2018 WL 3533461, at *4 (C.D. Cal. July 23, 2018) (remanding when defendants failed their burden of showing "Article III standing as to *all* claims asserted") (emphasis in original).

[7] The two cases Ancestry cites – neither of which speak to the law in this circuit – say nothing to the contrary. *Davis v. Fed. Sav. and Loan Ins. Corp.* held that a plaintiff-appellant could not raise

**B.      Even if judicial estoppel did not apply, this case should be remanded because Ancestry filed a motion to dismiss asserting this Court lacks jurisdiction.**

On October 20, seven days after Plaintiffs filed their motion for remand, Ancestry filed a motion to dismiss and strike in which it argued this Court does not have subject matter jurisdiction because the Plaintiffs lack Article III standing. ECF No. 14 at *7-13. Where, as here, a defendant removes and then argues lack of standing, the case must be remanded. *Polo v. Innoventions International, LLC*, 833 F.3d 1193 (9th Cir. 2016) (reversing dismissal and instructing district court to remand when defendant removed and subsequently moved for summary judgment on grounds the plaintiff lacked Article III standing). Remand, not dismissal, is the correct remedy. *See id.*, at 1196 ("the district court generally *must* remand the case to state court, rather than dismiss it") (emphasis in original).

*Morgan* is directly on point. 2020 WL 3979660 (E.D. Wash. July 14, 2020). In *Morgan*, as here, the defendant "removed [the] case to federal court on the basis of federal question jurisdiction," then immediately "argue[d] for dismissal based on lack of standing." *Id.*, at *1-2. The court remanded the case and awarded attorneys' fees and costs to the plaintiffs. *Id.*, at *3.

Ancestry relies on *Int'l Union of Operating Engineers v. Cty. of Plumas* for the proposition that "asserting jurisdiction in a notice of removal does not preclude a party from challenging subject matter jurisdiction." Opposition, at *6-7 (*citing Int'l Union*, 559 F.3d 1041 (9th Cir. 2009)). But *Int'l Union* supports the Plaintiffs' requested relief. The court ordered the case be remanded to state court. *Id.*, at 1044. Ancestry's additional citations on this point are also unavailing.[8]

---

an argument for the first time on appeal that had not been raised in the district court. 879 F.2d at 1289 (5th Cir. 1989). The unreported *Withus v. Saul* stated in dicta in a footnote that the plaintiff had "arguably waived" an argument, but the argument did not concern lack of subject matter jurisdiction, nor did it respond to a point the defendant raised for the first time in an opposition. No. 18-cv-10923, 2021 WL 2012270, at *8 n. 12 (S.D.N.Y. May 19, 2021).

[8] In *Advanced Orthopedic Designs, L.L.C. v. Shinseki*, the defendant argued that the court lacked jurisdiction because of sovereign immunity. 886 F. Supp. 2d 546, 553 (W.D. Tex. 2012). Unlike Article III standing, sovereign immunity is not a fundamental element of subject matter jurisdiction that defendants must assert as part of a removal notice. To the extent *Navtech US*

Ancestry argues for dismissal based on the doctrine of futility. Opposition, at *5 n. 4 (citing *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991)). The doctrine of futility is heavily disfavored and may no longer be good law. *See Polo*, at 1197; *Kaufman v. Marsh & McLennan Cos.*, No. 5:20-cv-01213-EJD, 2020 WL 7138632 (N.D. Cal. Dec. 7, 2020) ("the only reason the Ninth Circuit did not overrule *Bell* in *Polo* was because . . . the Circuit was unwilling to explicitly overrule its precedent sua sponte."). Even if the doctrine of futility were still the law, which is far from clear, Ancestry has failed to meet its burden to show that remand to state court would be futile. *See Polo*, at 1198 (futility applies "only when the eventual outcome of a case after remand is so clear as to be foreordained"). Here, far from dismissal in state court being "foreordained," the weight of authority from federal courts interpreting state law strongly suggests Plaintiffs' claims would succeed. *See, e.g.*, *Sessa*; *Callahan v. PeopleConnect; Knapke*.

It is not relevant whether Plaintiffs agree or disagree with Ancestry's ever-shifting position on Plaintiffs' standing. *Cf.* Opposition, at *5-6. As the party seeking removal, it is Ancestry's burden to show Plaintiffs have standing. *Scruggs*, at *1; *Morgan*, at *2.

**C.    That the parties disagree regarding the sufficiency of Plaintiffs' allegations does not establish removal jurisdiction.**

Ancestry argues that, even if removal is not appropriate based on Copyright preemption, the fact that "a dispute exists over the sufficiency of Plaintiffs' Article III injury allegations provides an independent basis for removal." Opposition, at *4. This supposed independent basis for removal does not appear in Ancestry's Notice of Removal. A defendant may not assert grounds for removal that do not appear in its initial notice. *Smiley v. Citibank (South Dakota), N.A.*, 863 F. Supp. 1156 (C.D. Cal. 1993) (denying leave to amend and remanding when defendant attempted to assert grounds for removal that did not appear in its notice).

Even if Ancestry had alleged this basis for removal in its notice (which it did not), the argument does not make sense and is wholly unsupported by law. Ancestry correctly observes

---

*Surveyors USSA Inc. v. Boat/US Inc.* stands for the proposition that defendants seeking removal need not show the plaintiff have standing, it is inconsistent with the law in this Circuit. *See* No. 2:19-cv-184, 2019 WL 3219667, at *2 (M.D. Fla. July 16, 2019).

that the parties dispute whether the Plaintiff has properly alleged the type of "injury" required to state a claim under California's right of publicity statute. Opposition at *4-5. Ancestry then asserts, without reason or citation, that because this dispute exists it "must be resolved by this Court in the first instance." *Id.* This does not make sense. A California state court is of course capable of resolving a dispute over whether Plaintiffs have properly stated an element of a California state claim. Indeed, Ancestry cites a case in which a California state court did precisely that. *See Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 807 (1990).

D.     **This Court should award attorneys' fees and costs.**

By filing a motion to dismiss in which it asserts the Plaintiffs lack standing, Ancestry has strengthened the argument for attorneys' fees and costs. In *Morgan*, the court awarded fees because the defendant removed on the basis of federal question jurisdiction and then "immediately move[d] to dismiss for lack of standing." 2020 WL 5026857, at *2. This showed the defendant "lacked a reasonable basis to remove" because "[f]iling for removal requires a clear and plain statement of a court's jurisdiction" including "whether the elements of Article III were satisfied." *Id*.

Ancestry has reversed itself not once, but twice: first, by asserting federal jurisdiction in its Notice of Removal after it previously successfully argued lack of standing; and second, by filing a Motion to Dismiss and Strike in which it asserts this Court lacks jurisdiction because the Plaintiffs do not have standing. Either maneuver on its own would justify the award of attorneys' fees and costs. Taken together, the award of fees and costs is doubly justified.

E.     **The requested stay pending the *Callahan v. Ancestry.com* appeal should be denied.**

Ancestry suggests that rather than ruling on Plaintiffs' motion for remand, this Court should stay the case pending the appeal in *Callahan v. Ancestry.com*. Opposition, at *8. Ancestry's request comes at the end of its opposition to an unrelated motion. This is improper and denies Plaintiffs a fair opportunity to oppose Ancestry's implicit motion. *See* Civil L.R. 7 (procedure for requesting relief). Ancestry's request should be denied on these grounds.

Even if Ancestry had properly moved for a stay, Ancestry cites no legal basis for this Court to grant a stay pending the appeal of a different case. Opposition, at *8. Nor does it cite any of the relevant legal standards. *Id*. Presumably, Ancestry intends to invoke this Court's "discretionary power to stay proceedings . . . under [*Landis*]." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005) (*citing Landis v. North American Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Such stays are seldom granted. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Lockyer*, at 1019 (*citing Landis*, at 255).

When deciding whether to issue a *Landis* stay pending other proceedings, "the court must weigh competing interests including (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1070 (D. Nev. 2019) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). As "[t]he proponent of a stay," Ancestry "bears the burden of establishing its need." *Id., citing Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[I]f there is even a fair possibility that the stay . . . will work damages to someone else," the moving party "must make out a clear case of hardship or inequity." *Landis*, at 255.

Ancestry has failed to carry its burden. All three *CMAX* factors weigh against a stay. First, Plaintiffs will suffer harm through the delay of monetary recovery and injunctive relief against ongoing harm to their intellectual property and privacy rights. *See Lively v. Caribbean Cruise Line, Inc*., No. 2:14-cv-00953l, 2014 WL 4377924 at *3 (E.D. Cal. Sep. 3, 2014); Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005) (delay is particularly harmful where the plaintiffs seek "injunctive relief against ongoing and future harm").

Ancestry cannot provide a definite date on which its requested stay would expire. A decision in *Callahan v. Ancestry.com* is likely years away. The parties have not yet submitted opening briefs. Stays of indefinite and protracted length are heavily disfavored. *See, e.g., Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007)

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES AND COSTS - 9

Case No: 4:21-cv-07652

("stays should not be indefinite"); *Thomas v. Smith-Palluck Assocs. Corp.*, No. 2:17-cv-02001, 2019 WL 1586750 at *2 (D. Nev. Apr. 12, 2019) ("Indefinite stays are at odds with the Federal Rules of Civil Procedure"); *Hoeun Yong v. Immigr. & Nat. Serv.*, 208 F.3d 1116 (9th Cir. 2000) (reversing stay because it "could remain in effect for a lengthy period of time").

Second, Ancestry fails to identify any hardship or inequity it would suffer from this case moving forward. "[B]eing required to defend a suit . . . does not constitute a clear case of hardship or inequity." *Singer*, at 1071 (quoting *Lockyer*, at 1112).

Third, Ancestry has not demonstrated that staying Plaintiffs' motion for remand pending resolution of the *Callahan v. Ancestry.com* appeal would "simplify" relevant issues. *See CMAX*, at 258. In *Callahan v. Ancestry.com* the Ninth Circuit will determine whether Magistrate Judge Beeler committed reversible error by: (1) ruling that plaintiffs asserting claims against Ancestry under California law lacked standing; and (2) providing an advisory opinion that Ancestry would be immune under the CDA. Neither issue has any bearing on Plaintiffs' motion for remand.

### III.   CONCLUSION

For the above-stated reasons, Plaintiffs' Motion for Remand and for Attorneys' Fees and Costs should be granted. Ancestry's implicit motion for a stay should be denied.

Dated: November 3, 2021          By:   */s/ Michael F. Ram*
                                       Michael F. Ram

                                 Michael F. Ram (SBN 104805)
                                 mram@forthepeople.com
                                 Marie N. Appel (SBN 187483)
                                 mappel@forthepeople.com
                                 MORGAN & MORGAN
                                 COMPLEX LITIGATION GROUP
                                 711 Van Ness Avenue, Suite 500
                                 San Francisco, CA 94102
                                 Telephone: (415) 358-6913
                                 Telephone: (415) 358-6293

                                 Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
                                 Law Office of Benjamin R. Osborn

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Samuel J. Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street #201 | Madison, WI 53703
936 N 34th Street #300 | Seattle, WA 98103
Telephone: (608) 237-1175

*Attorney for Plaintiffs and the Proposed Class*