1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Shon Morgan (Bar No. 187736)
     (shonmorgan@quinnemanuel.com)
3    John W. Baumann (Bar No. 288881)
     (jackbaumann@quinnemanuel.com)
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017
5  Telephone:     (213) 443-3000
   Facsimile:     (213) 443-3100
6
7    Cristina Henriquez (Bar No. 317445)
     (cristinahenriquez@quinnemanuel.com)
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
9  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5000
10
   Attorneys for Defendant ANCESTRY.COM
11 OPERATIONS INC.

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14 | ALICE ZHANG and WAYNE TSENG, | CASE No. 3:21-cv-07652-LB |
15 | individually and on behalf of a class of similarly situated persons, | **DEFENDANT'S SUPPLEMENTAL BRIEF** |
16 | | |
   | Plaintiffs, | Hearing Date: January 27, 2022 |
17 | | Hearing Time: 9:30 a.m. |
   | vs. | Location: San Francisco Courthouse, Courtroom B |
18 | | |
19 | ANCESTRY.COM OPERATIONS INC., a | Hon. Laurel Beeler |
   | Delaware Corporation | |
20 | | |
   | Defendant. | |
21

22
23
24
25
26
27
28

**PRELIMINARY STATEMENT**

Ancestry submits this supplemental brief clarifying that it seeks a stay pending resolution of the *Callahan* appeal both under the first-to-file rule and the Court's inherent power to control its docket.  The factors under each test that support a stay are readily satisfied, and plaintiffs have no legitimate objection.

Further, Ancestry's request for a stay can and should be decided before plaintiffs' motion to remand because the *Callahan* appeal will address threshold jurisdictional questions that are dispositive of both plaintiffs' motion to remand and Ancestry's motion to dismiss.

**ARGUMENT**

**I.     THIS CASE SHOULD BE STAYED UNDER THE FIRST-TO-FILE RULE AND THE COURT'S DISCRETIONARY POWER**

**A.     The "First-To-File" Rule Warrants A Stay Of This Action**

Courts have ample authority to stay later-filed cases, for reasons that embody common sense.  *See, e.g., Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) ("where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit"); *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991) (first-to-file rule allows a district court to "stay[ ] or dismiss an action when a similar complaint has already been filed"); *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) ("The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed").

Plaintiffs cannot legitimately dispute all three factors under the first-to-file rule are satisfied here.  *See* ECF No. 14 at 4-6; ECF No. 26 at 1-2.  A stay would benefit the Court and parties by avoiding needless litigation of a substantively identical action.  It would eliminate the risk of inconsistent rulings. A stay would also enable this Court and the parties to proceed after receiving guidance from the Ninth Circuit on threshold jurisdictional and potentially case-dispositive substantive issues.

**B.      This Court May Also Exercise Its Inherent Power And Stay This Case Pending Resolution Of The *Callahan* Appeal**

In addition to seeking a stay under the first-to-file rule, Ancestry also seeks a discretionary stay pending resolution of the appeal in the twin *Callahan* case, which will address two case-dispositive issues, including a threshold jurisdictional question.  ECF No. 14 at n.5.  This Court may stay proceedings through its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*).  As part of this inherent power, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

In evaluating a discretionary stay request, a court should balance three factors: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Not all three factors need be satisfied for the Court to issue a stay; rather, the Court should weigh the competing interests.  *See, e.g., Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *4 (N.D. Cal. Dec. 10, 2014) (staying action pending Ninth Circuit resolution of a case that was "likely to provide substantial guidance" where two of the three *Landis* factors favored a stay but one weighed against a stay).

Here, these factors largely overlap with the considerations warranting a stay under the first-to-file rule: conservation of resources; to facilitate guidance from the Ninth Circuit on the claims and defenses; and that plaintiffs Zhang and Tseng will suffer no prejudice because their interests are being litigated as members of the putative class in *Callahan*.  *See, e.g., Prescott v. Nestle USA, Inc.*, 2020 WL 7053317, at *3 (N.D. Cal. Nov. 25, 2020) ("a stay actually will result in

conservation of [party] resources. . . . Resolution of Plaintiffs' appellate challenges to the *Ghirardelli* rulings potentially will resolve, and certainly will clarify, issues central to disposition of the present action. On balance, the Court finds that this factor weighs in favor of a stay.").

Plaintiffs' claims of harm do not warrant a denial of a stay.  Plaintiffs contend they will be harmed because "Ancestry cannot provide a definite date on which its requested stay would expire."  ECF No. 25 at 5.  But *Callahan* is not at a stand-still; plaintiffs have filed their opening brief, and Ancestry's response brief is due in less than a month.  *Callahan v. Ancestry.com*, Case No. 21-16161 (9th Cir.) at ECF Nos. 11, 16.  Further, a stay pending *Callahan* is not indefinite, as other courts have recognized in the same context.  *See e.g., Holland-Hewitt v. Allstate Life Ins. Co.*, 2021 WL 2577023, at *5 (E.D. Cal. June 23, 2021) ("[t]he court also does not agree with plaintiff's characterization that the requested stay would be for an 'indefinite' duration because defendant has requested a stay pending the resolution of certain appeals"); *Burnell v. Swift Transp. Co.*, 2011 WL 13352810, at *3 (C.D. Cal. Jan. 20, 2011) ("Plaintiffs mischaracterize the proposed stay pending resolution of [an appeal] as 'indefinite,'" and noting appellate court "has internal procedures to ensure timely management of its docket").

Plaintiffs also contend they will suffer harm "through the delay of monetary recovery and injunctive relief against ongoing harm to their intellectual property and privacy rights."  ECF No. 25 at 5.  But it is well-established that a "delay in recovering potential monetary damages is not sufficient prejudice to warrant denial of a stay."  *Larsen v. City of Los Angeles*, 2012 WL 12887557, at *9 (C.D. Cal. Aug. 3, 2012); *see also Gustavson*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) ("As to the delay in recovering damages, Defendant is correct that mere delay in monetary recovery is an insufficient basis to deny a stay."); *CMAX*, 300 F.2d at 268-69 (because a delay in trial would only delay the recovery of monetary damages, plaintiff had "not ma[d]e a strong showing in support of its assertion that it will suffer irreparable damages and a miscarriage of justice").  Similarly, delay in pursuing injunctive relief does not justify denial of a stay—this case "is at an early stage of litigation" and "any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision."  *Gustavson*, 2014 WL 6986421, at *3.

Case No. 3:21-cv-07652-LB
DEFENDANT'S SUPPLEMENTAL BRIEF

Absent a stay, Ancestry would bear the burden and expense of potentially unnecessary re-litigation of the same issues raised by the same putative class.  Moreover, the burden would be exacerbated if Ancestry were forced to go forward without the guidance and clarity that the Ninth Circuit's decision will bring to the issues in this case.  Courts have routinely stayed cases under similar circumstances.  *See, e.g., Prescott*, 2020 WL 7053317, at *4 ("Plaintiffs would suffer hardship absent a stay. The *Ghirardelli* case and the present case involve nearly identical issues . . . proceeding with the present litigation would require Plaintiffs to expend needless resources when a stay would allow them to wait for definitive guidance. Other courts in this district have found a stay appropriate in similar circumstances"); *Gustavson*, 2014 WL 6986421, at *3 (granting stay where Ninth Circuit was expected to issue guidance on relevant issues in separate action). Plaintiffs contend Ancestry would not suffer hardship or inequity, relying on *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)—but  Ancestry's argument is not that defending only *this* action would create a hardship—as was the case in *Lockyer*—but instead that Ancestry would be forced to defend *two* separate, identical suits proceeding in parallel.  That circumstance is entirely unnecessary when the *Callahan* appeal could dispose of or inform the litigation landscape for this action.

The "orderly course of justice" factor also weighs strongly in favor of a stay because the Ninth Circuit's decision in *Callahan* will impact and simplify the issues here.  Indeed, the two issues before the Ninth Circuit in *Callahan*—the sufficiency of the alleged injury and Ancestry's immunity under section 230 of the Communications Decency Act—are potentially case-dispositive here.  *See* ECF No. 14 (Ancestry's motion to dismiss).  And the Ninth Circuit's resolution of those issues in *Callahan*, which involves identical underlying allegations, will bind this Court.  Again, courts routinely issue stays in similar circumstances.  *See, e.g., Prescott*, 2020 WL 7053317 at *2 (staying a case "to await guidance from the Ninth Circuit on identical issues in a nearly identical case"); *see also Stafford v. Rite Aid Corp.*, 2020 WL 4366014, at *5 (S.D. Cal. July 30, 2020 ("staying proceedings pending the appeals of related cases will serve the interests of judicial economy and will help to clarify the issues and questions of law going forward"), *reconsideration denied*, 2020 WL 6018941 (S.D. Cal. Sept. 29, 2020); *Gustavson*, 2014 WL

1  6986421, at *3 (staying case because "whatever the outcome in *Jones*, the Ninth Circuit's decision

2  is likely to provide substantial guidance, if not new law, that will materially impact the Court's

3  decisions in the instant case.").

4          Plaintiffs' contention that a stay would not simplify the issues here is based on their

5  incorrect argument that *Callahan* will have no impact on their remand motion.  However, there is

6  no support (and plaintiffs cite none) for the proposition that the Court can simply remand this case

7  without addressing (1) the live dispute as to injury, and (2) federal copyright preemption of

8  plaintiffs' claims, which was a separate and independent ground for removal that plaintiffs do not

9  contest.  *See* ECF No. 16 (Ancestry's opposition to plaintiffs' remand motion ).  Here, by asserting

10  statutory "right of publicity" and common law misappropriation claims, plaintiffs necessarily

11  assert they have suffered an injury.  *See Callahan*, No. 3:21-cv-01427-LB, ECF No. 71 at 5 ("the

12  defendants noted in their reply in support of the motion to dismiss the first amended complaint

13  that the 'common law background' of the right of publicity requires an actual injury, not just a

14  violation. Therefore, the court has already considered the relationship between the alleged harm

15  and harms that have traditionally been 'recognized as a basis for a lawsuit in American courts' in

16  accordance with *TransUnion* and *Spokeo*.").  Because the Court must address this issue at the

17  outset, "judicial economy will be served by staying this case to await guidance from the Ninth

18  Circuit on identical issues in a nearly identical case." *See Prescott*, 2020 WL 7053317, at *2.

19  **II.    ANCESTRY'S STAY REQUEST CAN AND SHOULD BE DECIDED BEFORE**

20          **PLAINTIFFS' MOTION TO REMAND**

21          Where jurisdiction is at issue, courts may grant a stay pending resolution of another action

22  that will provide relevant guidance.  For example, in *Camacho v. Hydroponics, Inc.*, the court

23  issued a *Landis* stay and deferred adjudication of the threshold question of subject matter

24  jurisdiction, explaining:

25          Ordinarily, this Court would adjudicate the threshold question of subject matter
           jurisdiction first.  However, because the Court finds that the Ninth Circuit's
26          holding in *Perez* will be dispositive as to whether it has subject matter
           jurisdiction, it finds it prudent to stay the case pending the outcome of *Perez*. . . .
27          Staying this action, therefore, will allow the Court to avoid deciding a thorny
28          issue of Constitutional law and, potentially, redoing months of litigation if the

> Ninth Circuit interprets that law differently. . . . A decision by the Ninth Circuit on whether subject matter jurisdiction exists in this circumstance will certainly impact the current Motion to Dismiss for lack of subject matter jurisdiction. The Court finds this factor dispositive and GRANTS the Motion to Stay.

2021 WL 940318, at *3, 8-9 (C.D. Cal. Mar. 10, 2021).

Similarly, in *Molander*, the court applied the first-to-file rule and stayed an action pending resolution of a Ninth Circuit appeal that would shed light on the threshold question of standing. *Molander*, 473 F. Supp. 3d at 1019-1021.  The *Molander* court found "the potential lack of subject-matter jurisdiction does not present cause to avoid the first-to-file rule," when "it seems likely that the results of the *Rivera* appeal and its resolution on remand (either stipulated to or following appellate relief) will resolve many of the issues in this action.  Hence, in the interests of judicial comity, a stay is appropriate." *Id.* at 1020-21.

Other courts have also stayed cases where there is a concern over lack of subject matter jurisdiction and the resolution of another case would guide the analysis of that issue.  *See, e.g., Erickson Prods., Inc. v. Kast*, No. 5:13-CV-05472, 2018 WL 5906076, at *3 (N.D. Cal. Nov. 9, 2018) ("[T]he Court is concerned that it lacks subject matter jurisdiction to enforce the terms of the amended judgment. . . . Thus, in the interest of judicial efficiency, this Court will STAY the case until both of Kast's Ninth Circuit appeals have been resolved.").  And courts have issued stays before addressing motions to remand.  *See, e.g., Quincy Cmty. Servs. Dist. v. Atl. Richfield Co.*, 2004 U.S. Dist. LEXIS 29496, at *8 (E.D. Cal. Mar. 24, 2004) ("granting a stay is not adjudicating the merits of a case. Neither [case] requires resolving jurisdictional matters before considering whether to grant a stay motion. The power to stay proceedings is soundly within the court's discretion and is incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication.") (internal quotations and citations omitted); *Tucker v. Organon USA, Inc.*, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) (staying case rather than deciding motion to remand where doing so "promotes judicial consistency and avoids conflicting judgments.").

Thus, this Court has authority to stay this case before addressing plaintiffs' remand motion. However, should the Court decide to address the motion to remand at the outset, Ancestry's prior

briefing demonstrates that both the dispute as to injury and the absence of concurrent state-court jurisdiction over claims preempted by the Copyright Act preclude remand. *See* ECF No. 16 at 3-7; ECF No. 26 at 3.

## **CONCLUSION**

For these reasons, the Court should stay this case pending resolution of the *Callahan* appeal and defer ruling on plaintiffs' motion to remand until after the pending *Callahan* appeal has been resolved.


DATED:  December 23, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Shon Morgan*
Shon Morgan
Attorneys for ANCESTRY.COM OPERATIONS INC.