1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALICE ZHANG, et al., | Case No. 21-cv-07652-LB |
| Plaintiffs, | **ORDER STAYING ACTION AND DENYING MOTIONS TO REMAND AND DISMISS WITHOUT PREJUDICE** |
| v. | |
| ANCESTRY.COM OPERATIONS INC., | Re: ECF Nos. 12, 14. |
| Defendant. | |

## INTRODUCTION

The parties dispute whether the court should stay, remand, or dismiss this case.[1] Originally filed in California state court, this case is nearly identical to *Callahan v. Ancestry.com Inc.*, which this court dismissed in part because the plaintiffs did not establish an injury in fact and thus did not have Article III standing. No. 20-cv-08437-LB, 2021 WL 2433893, at *5, *7 (N.D. Cal. June 15, 2021). *Callahan* is now on appeal to the Ninth Circuit as Case No. 21-16161 and has been deemed related to this case.[2] After appealing the *Callahan* decision on July 12, 2021, the plaintiffs filed this action

---

[1] Mot. to Remand – ECF No. 12 at 9; Mot. to Dismiss – ECF No. 14 at 10; Opp'n – ECF No. 16 at 12. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Related Case Order – ECF No. 18 at 1; Opp'n – ECF No. 16 at 7.

1   in the Alameda County Superior Court on August 10, 2021.[3] In sum, the plaintiffs are attempting to

2   litigate — in California state court — the same claims that this court dismissed due to the plaintiffs'

3   lack of standing and that are now before the Ninth Circuit.

4        Because the plaintiffs' Article III standing is critical to the existence of subject-matter

5   jurisdiction and thus the removability of this action to federal court, and that issue is currently

6   before the Ninth Circuit, it is appropriate to stay the case until the *Callahan* appeal is resolved.

7   The Ninth Circuit's decision is likely to be dispositive because neither estoppel nor the law-of-the-

8   case doctrine precludes the existence of subject-matter jurisdiction. In view of the stay, the court

9   does not rule on the plaintiffs' motion to remand or the defendant's motion to dismiss and strike.[4]

10

11                                    **STATEMENT**

12        The defendant, Ancestry, sells subscription plans to its databases of personal and historical

13   information. *Callahan*, 2021 WL 2433893, at *1. The plaintiffs allege that Ancestry violates

14   California law by using their names and likenesses (*e.g.*, yearbook photographs) to advertise and

15   sell its services without their consent.[5]

16        On September 29, 2021, the plaintiffs filed their class-action complaint in California state

17   court asserting (1) violations of California's Right to Publicity law, Cal. Civ. Code § 3344, (2)

18   misappropriation of likeness under California common law, (3) intrusion upon seclusion, (4)

19   unjust enrichment, and (5) unfair business practices.[6] The proposed class includes individuals

20   whose names and likenesses are used by Ancestry, who are not Ancestry users, and who have not

21   consented to Ancestry's use of their likenesses.[7] The plaintiffs in the *Callahan* action, which was

22

23

24   ───────────────
     [3] (Compl.) – ECF No. 1-1 at 37.

25   [4] The court held a hearing on the defendant's motion on January 27, 2021. All parties consented to
26   magistrate-judge jurisdiction. Consents – ECF Nos. 20, 21.

     [5] Compl. – ECF No. 1-1 at 38–40 (¶¶ 1–11).
27   [6] *Id.* at 60–65 (¶¶ 63–99).

28   [7] *Id.* at 57 (¶ 59).

filed nearly a year earlier in November 2020, asserted nearly identical claims on behalf of a nearly identical class.[8]

The defendant, attempting to avoid simultaneously litigating the same claims in federal and state court, removed the case to federal court on September 29, 2021 and then moved, on October 20, 2021, to dismiss and strike the action.[9] The plaintiffs moved to remand on October 13, 2021 based on the court's prior order finding a lack of standing and the defendant's prior arguments that the plaintiffs do not have standing.[10] The defendant asked the court to stay the case in its opposition to the plaintiffs' motion to remand.[11] The court ordered supplemental briefing.[12]

## ANALYSIS

### 1. The Court May Stay the Case Despite a Pending Motion to Remand

The plaintiffs contend that the court must address their motion to remand first because jurisdiction is a threshold issue.[13] The defendant counters that the court should address its request for a stay first because the plaintiffs' motion to remand depends on the pending *Callahan* appeal, which will address standing and jurisdiction.[14] The court stays the case in the interest of efficiency and consistency because the Ninth Circuit's decision in *Callahan* will likely be dispositive of subject-matter jurisdiction and both motions.

To support its position that the court should stay the case before considering the motion to remand, the defendant primarily relies on decisions where courts stayed actions despite some uncertainty concerning jurisdiction or a pending motion to remand.[15] *Camacho v. Hydroponics,*

---

[8] *Id.* at 57 (¶ 59); *cf.*, *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437-LB, 2021 WL 783524, at *2 (N.D. Cal. Mar. 1, 2021) (quoting the class definition from plaintiffs' complaint).

[9] Not. of Removal – ECF No. 1 at 2; Mot. to Dismiss and Strike – ECF No. 14 at 10.

[10] Mot. to Remand – ECF No. 12 at 2.

[11] Opp'n – ECF No. 16 at 12.

[12] Order for Suppl. Briefing – ECF No. 33.

[13] Pls.' Suppl. Opp'n – ECF No. 38 at 2.

[14] Def.'s Suppl. Br. – ECF No. 36 at 6–7; Def.'s Suppl. Reply Br. – ECF No. 39 at 2–3.

[15] Def.'s Suppl. Br. – ECF No. 36 at 6–7.

*Inc.*, No. EDCV 20-980 JGB (KKx), 2021 WL 940318, at *4 (C.D. Cal. Mar. 10, 2021); *Tucker v. Organon USA, Inc.*, No. C 13-00728 SBA, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013). The defendant also cites several cases where courts in this district contemplated staying a case before addressing a motion to remand.[16] The plaintiffs, on the other hand, primarily rely on the general rule that subject-matter jurisdiction is a threshold issue and cite *Bercut v. Michaels Stores Inc.*, where the court granted a motion to remand and denied a motion to stay.[17] *Bercut*, No. 17-cv-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017). A review of these cases establishes that there is no prohibition on considering a motion to stay under appropriate circumstances even when a motion to remand is pending.

In *Camacho v. Hydroponics, Inc.*, the court issued a stay in the face of the defendant's motion to dismiss — challenging the court's subject-matter jurisdiction on the ground that the Telephone Consumer Protection Act was unconstitutional — because the constitutionality of the Act was currently on appeal at the Ninth Circuit. 2021 WL 940318, at *1–3. The court stayed the action because the resolution of the pending appeal would "be dispositive" as to whether the court has subject-matter jurisdiction. *Id.* at *2.

In this district, the court in *Tucker v. Organon USA, Inc.* granted a stay where another court was poised to resolve issues raised in a motion to remand. 2013 WL 2255884, at *1. The plaintiffs had filed a product-liability action in state court for alleged defects with the NuvaRing® contraceptive, and the defendants removed based on diversity jurisdiction and their contention that a local defendant, McKesson, was fraudulently joined. *Id.* at *1. The plaintiffs sought remand. *Id.* The defendants filed a notice to transfer the case to the *In re NuvaRing Product Liability Litigation* (NuvaRing® MDL), and the MDL court issued a conditional transfer order, which the plaintiffs moved to vacate. *Id.* The court granted the defendants' motion to stay despite the pending motion to remand. *Id.* at *2; *see also Burton v. Organon USA Inc.*, No. C 13-1535 PJH,

---

[16] Def.'s Suppl. Reply Br. – ECF No. 39 at 2 (citing, among other cases, *Lopez v. Pfeffer*, No. 13-cv-03341 NC, 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not expressly determined the order that courts should rule on a competing motion to remand and a motion to stay pending transfer to an MDL.").

[17] Pls.' Suppl. Opp'n – ECF No. 38 at 2–3.

2013 WL 1963954, at *1 (N.D. Cal. May 10, 2013) ("Other courts, including courts within the Northern District, have granted motions to stay in order to preserve judicial resources, even where motions to remand are also pending.") (collecting cases). In granting the stay, the court relied on its inherent power "to control the disposition of the causes on its docket." *Tucker*, 2013 WL 2255884, at *1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).[18]

The plaintiffs' reliance on *Bercut v. Michaels Stores Inc.* is not especially persuasive. In that case, the defendant removed a state-court action alleging violations of the Fair Credit Reporting Act to the Northern District of California. 2017 WL 2807515, at *1. After removal, the court transferred the case to an MDL known as *In Re Michaels*, MDL No. 2615, which involved two other cases that had, unlike *Bercut*, originally been filed in federal court. *Id.* at *2. Then, after the Supreme Court's decision in *Spokeo v. Robins*, 578 U.S. 330 (2016), the MDL court dismissed the two *In Re Michaels* MDL cases that had been originally filed in federal court for the lack of Article III standing. *Id.* The plaintiffs appealed the dismissals to the Third Circuit. *Id.* The MDL court, however, remanded *Bercut* back to California state court. *Id.* The defendant again removed the case to the Northern District. *Id.*

After removal, the defendant in *Bercut* asked the court to stay the case pending the resolution of the appeal in the Third Circuit, and the plaintiff sought remand on the ground that the complaint did not allege an injury in fact. *Id.* at *4. The court remanded because the Supreme Court's decision in *Spokeo* and, importantly, the Ninth Circuit's decision in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), established that the plaintiffs did not have Article III standing. *Id.* at *5. In sum, the *Bercut* court remanded where it found — based in part on binding Ninth Circuit precedent — that plaintiff lacked standing despite a pending appeal in the Third Circuit. *Id.*

The key difference between *Camacho* and *Tucker*, on one hand, and *Bercut*, on the other, is that in *Camacho* and *Tucker*, other courts (the Ninth Circuit in the case of *Camacho* and the MDL court in *Tucker*) were destined to issue decisions that would decide the remand issue, while in *Bercut*, the Ninth Circuit had issued a controlling decision already, and the pending appeal in the Third Circuit

---

[18] Opp'n – ECF No. 16 at 15 n.5.

United States District Court
Northern District of California

would not have had any binding effect. This case is more like *Camacho* and *Tucker* because the Ninth Circuit's decision in *Callahan* likely will determine whether the plaintiffs can assert an Article III injury and whether this court has subject-matter jurisdiction over the plaintiffs' claims.

In sum, the plaintiffs have not pointed to any controlling precedent establishing an absolute bar to staying a case while a motion to remand is pending, and this case is like cases where courts have issued stays while a motion to remand is pending. Therefore, the court concludes that it is not required to consider a motion to remand before a motion to stay. Nonetheless, because the controlling effect of the Ninth Circuit's eventual decision in *Callahan* is important to determining whether a stay is justified, the court must consider whether estoppel or the law-of-the-case doctrine independently preclude the defendant's removal.

### 2.   Estoppel and Law-of-the-Case Doctrine

The plaintiffs argue that estoppel and the law-of-the-case doctrine bar the defendant from removing the case to federal court.[19]

### 2.1   Estoppel

To support their estoppel argument, the plaintiffs primarily rely on *Iglesias v. Welch Foods Inc.*, where the court remanded a case to state court after holding that the defendants were estopped from removing the case after they successfully argued in a different case that different plaintiffs asserting the same class claims lacked Article III standing.[20] No. 17-cv-00219-TEH, 2017 WL 1227393, at *3 (N.D. Cal. Apr. 4, 2017). The defendant cites the general rule that removing a case to federal court does not operate as a waiver of the right to challenge subject-matter jurisdiction.[21] *Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1044 (9th Cir. 2009) ("Even though the County asserted subject matter jurisdiction in its removal notice, it is not precluded from challenging subject matter jurisdiction on appeal.") (cleaned up).

---

[19] Mot. to Remand – ECF No. 12 at 4–7; Pls.' Suppl. Opp'n ECF No. 38 at 5–6.

[20] Mot. to Remand – ECF No. 12 at 4–7; Pls.' Suppl. Opp'n ECF No. 38 at 6.

[21] Opp'n – ECF No. 16 at 10–11.

United States District Court
Northern District of California

The defendant also cites *E-Pass Techs. v. Moses & Singer, LLP*, where the court stated that it was "unclear whether judicial estoppel should be applied to inconsistent statements that bear on a court's jurisdiction."[22] No. C–09–5967 EMC, 2011 WL 5357912, at *6 (N.D. Cal. Nov. 4, 2011).

Assuming estoppel applies to jurisdictional issues, to determine whether estoppel is appropriate, "the Court must consider (1) whether a party's later position is 'clearly inconsistent' with its earlier position; (2) whether the party successfully persuaded a court to accept its earlier position; and (3) whether allowing the party's inconsistent position allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *Iglesias*, 2017 WL 1227393, at *2 (citing and quoting *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008)). Nonetheless, estoppel "'is an equitable doctrine invoked by a court at its discretion.'" *Ibrahim*, 522 F.3d at 1009 (citing and quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)) (cleaned up).

Here, the defendant's removal is somewhat inconsistent with its argument in *Callahan* that plaintiffs do not have standing because they did not sustain an injury in fact. 2021 WL 2433893, at *3 ("Ancestry contends that the plaintiffs have not established injury in fact."). In this case, however, the defendant sought removal, in part, based on complete preemption under the Copyright Act and argued that standing is not required for removal on those grounds.[23] The defendant's position is not "clearly inconsistent" with its prior position. *Cf. Iglesias*, 2017 WL 1227393, at *2 ("[W]here Defendants have previously argued the . . . plaintiffs had no Article III standing to pursue injunctive relief claims, it is clearly inconsistent for Defendants to now seek removal of Plaintiff's claims for injunctive relief. . . . Defendants acknowledged [that] . . . a plaintiff must have Article III standing."). Also, removal is not inconsistent with later challenges to standing. *Int'l Union of Operating Eng'rs*, 559 F.3d at 1044 ("[E]ven though the County asserted subject matter jurisdiction in its removal notice, it is not precluded from challenging

---

[22] *Id.* at 10 n.6.

[23] Notice of Removal – ECF No. 1 at 6–11; Opp'n – ECF No. 16 at 7–8 & 10 n.6 ("[R]emoval was proper despite plaintiffs' lack of injury because their claims are completely preempted by the Copyright Act, which provides federal courts with exclusive jurisdiction.").

United States District Court
Northern District of California

subject matter jurisdiction on appeal."). Regarding the second factor, while the defendant did successfully persuade this court that the plaintiffs lack Article III standing, that decision is now before the Ninth Circuit.

Concerning fairness, staying this case pending the Ninth Circuit's decision in *Callahan* does not provide the defendant with an unfair advantage because the plaintiffs' motion to remand can be heard after the Ninth Circuit decides *Callahan*. Also, a "delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). In fact, applying estoppel could unfairly prejudice the defendant. Although the named plaintiffs in this case are different than the named plaintiffs in *Callahan*, they are part of the same putative class, and the cases have been related.[24] Precluding removal based on inconsistencies between the defendant's positions while members of the same putative class assert inconsistent positions against the defendant (*i.e.*, the *Zhang* plaintiffs' arguments against Article III standing here and the *Callahan* plaintiffs' arguments for Article III standing at the Ninth Circuit) would provide the plaintiffs with an unfair advantage.

Thus, the court finds that it is not appropriate to estop the defendant from removing the case based on its past challenge to Article III standing in *Callahan*.

### 2.2 Law-of-the-Case Doctrine

The plaintiffs also argue that the law-of-the-case doctrine prevents the defendant from removing this action to federal court.[25] The defendant, citing *Turner v. Tierney*, argues that the doctrine only applies to appellate decisions.[26] No. C 12-6231 MMC, 2013 WL 2156264, at *1 (N.D. Cal. May 17, 2013) ("[T]he law of the case doctrine is not applicable, as such doctrine applies only to rulings made by an appellate court.") (citing *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004)).

---

[24] Related Case Order – ECF No. 18 at 1.

[25] Pls.' Suppl. Opp'n – ECF No. 38 at 2, 5.

[26] Def.'s Suppl. Reply Br. – ECF No. 39 at 3 n.2.

1    Like estoppel, the law-of-the-case doctrine is discretionary and "is not an inexorable command."

2  *Smith*, 389 F.3d at 949 (cleaned up). The doctrine "ordinarily preclude[s] [a court] from reexamining

3  an issue previously decided by the same court, or a higher court, in the same case." *Id.* at 948. The

4  rule's purpose is to "maintain consistency during the course of a single lawsuit" by avoiding

5  "reconsideration of legal questions previously decided." *Id.* (cleaned up).

6    Staying this case while waiting for the Ninth Circuit to issue its opinion in *Callahan* would not

7  require revising any previous decisions in this case or create any inconsistencies. As noted above,

8  a removing defendant may still challenge standing (*Int'l Union of Operating Eng'rs*, 559 F.3d at

9  1044), and courts have stayed actions despite uncertainty concerning subject-matter jurisdiction

10  (*see*, *e.g.*, *Tucker*, 2013 WL 2255884, at *2). The defendant also asserts that the Copyright Act

11  provides independent grounds for removal.[27] Accordingly, a stay would not require the court to

12  disavow any of its prior orders. Therefore, the court declines to bar the defendant's removal based

13  on the law-of-the-case doctrine.

14

15  **3.  Order of Motions**

16    Determining "[w]hether a motion to remand or a motion to stay should be decided first . . . is

17  extremely sensitive to the facts of the case." *Camara v. Bayer Corp.*, No. C 09-06084 WHA, 2010

18  WL 902780, at *2 (N.D. Cal. Mar. 9, 2010) (cleaned up). This court has previously identified

19  "efficiency and consistency" as key factors. *Labrado v. Method Prods. PBC,* No. 16-cv-05905-

20  LB, 2016 WL 6947337, at *3 (N.D. Cal. Nov. 28, 2016).

21    In *Labrado*, this court considered whether to grant a stay while a motion to remand was

22  pending. 2016 WL 6947337, at *3. In that case, which was a consumer class action that the

23  defendant removed to federal court, the plaintiff sought remand on the ground that the defendant's

24  removal was improper because the class definition precluded jurisdiction under the Class Action

25  Fairness Act. *Id.* at *2. The defendant sought a stay pending resolution of a similar nationwide

26  class action. *Id.*

27

28  ───────────────
[27] Opp'n – ECF No. 16 at 7–8.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The court observed that the factors relevant to granting a stay included the following: "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id.* at *3 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Regarding the narrower issue of the sequence to consider competing motions to remand and stay, the court focused on "efficiency and consistency" when it declined to stay the case and considered (and granted) the motion to remand. *Id.* The court noted that the key issue was not a "repeat question best suited for a single court to decide." *Id.*

Finally, given that determining whether to address a stay or motion to remand first is heavily dependent on facts (*Camara*, 2010 WL 902780, at *2), *Molander v. Google LLC* is informative.[28] 473 F. Supp. 3d 1013 (N.D. Cal. 2020). Even though there was no motion to remand when the court issued the stay, the case is helpful because the plaintiffs there were trying to accomplish what the plaintiffs are trying to accomplish here: litigating claims in an alternative forum while issues impacting the removability of the claims are the subject of a pending appeal. 473 F. Supp. 3d at 1016–17.

The plaintiff in *Molander* filed a class action alleging violations of the Illinois Biometric Information Policy Act in the Northern District of California. *Id.* at 1016. Before filing the case, the plaintiff litigated the same issues in the Northern District of Illinois in *Rivera v. Google LLC*, No. 1:16-cv-02714 (consolidated with *Weiss v. Google Inc.*, No. 1:16-cv-2870). *Id.* After the Illinois federal court granted Google's motion for summary judgment on grounds that the plaintiff could not establish Article III standing, the plaintiff appealed to the Seventh Circuit. *Id.* While the appeal was pending, the plaintiff's counsel filed two class actions in Illinois state court (one on behalf of the same named plaintiff in the *Rivera* action), asserting the same claims. *Id.* at 1016–17. The Illinois state court stayed these cases pending the outcome of the *Rivera* appeal. *Id.* at 1016.

---

[28] Def.'s Suppl. Br. – ECF No. 36 at 2, 7; Def.'s Suppl. Reply Br. – ECF No. 39 at 4–6.

1

Unable to pursue parallel litigation in Illinois state court while the *Rivera* appeal was pending,

2

the plaintiff's counsel filed the *Molander* class action in the Northern District of California

3

asserting the same claims against Google on behalf of the same putative class. *Id.* at 1017. In

4

response, Google asked the court to dismiss, transfer, or stay *Molander* under the first-to-file rule.

5

*Id.* The plaintiff contended, in part, that the court should decline to stay the case under the first-to-

6

file rule because the Seventh Circuit lacked subject-matter jurisdiction over the *Molander*

7

plaintiff's claims as pled. *Id.* at 1018–19. The court rejected the plaintiff's argument and stayed the

8

case under the first-to-file rule. *Id.* at 1019–21.

9

The result in *Molander* — staying a parallel action pending the resolution of an appeal dealing

10

with standing issues — weighs in favor of deciding the defendant's request to stay the action

11

before the plaintiffs' motion to remand.

12

Moreover, efficiency concerns favor staying this action. If the court remands this case back to

13

state court and the Ninth Circuit reverses *Callahan*, then this court and the parties will duplicate in

14

the federal *Callahan* action the work completed in the interim in the remanded action. Also, if

15

*Callahan* is reversed, the defendant may attempt a successive removal, which if successful, would

16

mean that resources expended on the state court litigation were wasted. *See Kirkbride v. Cont'l*

17

*Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) ("[A] relevant change of circumstances will justify

18

reconsideration of a successive, good faith petition for removal."). The efficient use of federal and

19

state judicial resources is a valid consideration. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424–

20

25 (9th Cir. 1991) ("Where the remand to state court would be futile, however, the desire to have

21

state courts resolve state law issues is lacking. We do not believe Congress intended to ignore the

22

interest of efficient use of judicial resources.").

23

Consistency also favors considering the defendant's request for a stay first. There is a risk that

24

an order remanding the case for lack of standing could be inconsistent with the Ninth Circuit's

25

eventual ruling in *Callahan*. Also, if the Ninth Circuit reverses *Callahan* and the defendant again

26

removes the remanded *Zhang*, the state court's rulings could be inconsistent with rulings that the

27

federal court may later issue.

28

1    To the extent the plaintiffs argue that the action must be remanded based on estoppel or the law-

2    of-the-case doctrine regardless of the outcome of the *Callahan* appeal, the arguments are not

3    persuasive for the reasons stated above in Section Two. Also, the defendant's assertion that

4    preemption under the Copyright Act provides grounds for removal independent of the *Callahan*

5    decision undermines the dispositive effect of the pending *Callahan* decision.[29] Assuming without

6    deciding that the defendant's argument is correct, the resolution of the defendant's motion to dismiss

7    would still depend on the resolution of the Article III standing issues in the *Callahan* appeal.

8    Based on the foregoing, it is prudent to consider the defendant's request for a stay before

9    considering the plaintiff's motion to remand.

10

## 4.   Authority to Stay this Action

12    The defendant asks the court to stay the action based on the first-to-file rule and the court's

13    inherent authority.[30] The "first to file rule" allows the "court to transfer, stay, or dismiss an action

14    when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld*

15    *Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Courts should apply the rule to "maximize

16    'economy, consistency, and comity.'" *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d

17    1237, 1240 (9th Cir. 2015) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th

18    Cir.1999)). The Ninth Circuit has not decided whether the first-to-file rule applies only where the

19    cases have been filed in different districts. *See Dolores Press, Inc. v. Robinson*, 766 F. App'x 449,

20    453 (9th Cir. 2019) ("[Plaintiff] argues that the first-to-file rule is inapplicable when the two

21    actions are filed in the same district. We need not resolve that issue . . . .").

22    The court also has inherent authority to stay proceedings. *CMAX, Inc. v. Hall*, 300 F.2d 265,

23    268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). The factors relevant to granting a stay

24    based on the court's inherent authority include the following: "(1) 'the possible damage which

25

26    _____

[29] Opp'n – ECF No. 16 at 7–8 (arguing that the Copyright Act completely preempts the plaintiffs'
27    claims and that the court should dismiss rather than remand the claims because the plaintiffs lack standing).

28    [30] ECF No. 36 – Def.'s Suppl. Br. at 2–6.

1   may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in

2   being required to go forward'; and (3) 'the orderly course of justice measured in terms of the

3   simplifying or complicating of issues, proof, and questions of law which could be expected to

4   result from a stay.'" *Labrado*, *PBC*, 2016 WL 6947337, at *3.

5       Given the possibility that the first-to-file rule may not apply to actions pending in the same

6   district, the court addresses only whether a stay would be appropriate based on the court's inherent

7   authority. *Landis*, 299 U.S. at 254–55. The factors favor a stay here.

8       There is no obvious damage from granting a stay. A "delay in monetary recovery is an

9   insufficient basis to deny a stay." *Gustavson*, 2014 WL 6986421, at *3. Regarding the plaintiffs'

10  argument that the court should decline to stay the case because "indefinite" stays are disfavored, the

11  parties have filed opening and answering briefs on appeal, and a stay during the *Callahan* appeal will

12  not be indefinite.[31] Additionally, without a stay, the defendant must litigate the issues in California

13  state court and re-litigate them in federal court if the Ninth Circuit reverses. As discussed above, this

14  also risks duplicative litigation and inconsistent rulings. Accordingly, staying the case until the

15  resolution of the *Callahan* appeal likely will simplify key questions of law.

16      In sum, the factors relevant to granting a discretionary stay based on the court's inherent

17  authority support granting a stay here. A federal court in Nevada granted a stay based on its

18  inherent authority in a similar case based on the pending *Callahan* appeal, *Sessa v. Ancestry.com

19  Operations Inc.*, No. 2:20-cv-02292-GMN-BNW (D. Nev. Dec. 17, 2020).[32] Thus, the court finds

20  that it is appropriate to stay this action based on the court's inherent authority.

21

22                                  **CONCLUSION**

23      The court stays the case pending resolution of the appeal in *Callahan v. Ancestry.com Inc.*,

24  Case No. 21-16161 (9th Cir.). The court denies without prejudice the plaintiffs' motion to remand

25  and the defendant's motion to dismiss and strike. The parties may file renewed motions within

26

27  [31] Pls.' Reply in Supp. of Mot. to Remand – ECF No. 22 at 10–11; Clerk Orders, *Callahan v. Ancestry.com Inc.*, No. 21-16161 (9th Cir. 2021), ECF Nos. 12, 18.

28  [32] Def.'s Statement of Recent Decision – ECF No. 40-1 at 9.

thirty days of the resolution of the *Callahan* appeal (and may renew the existing motions, if appropriate, by filing a one-page notice cross-referencing the earlier-filed motions). The parties must file a joint statement every three months following the entry of this order updating this court on the progress of *Callahan*. The clerk will administratively close the file. This disposes of ECF Nos. 12 and 14.

**IT IS SO ORDERED.**

Dated: March 10, 2022

_____
LAUREL BEELER
United States Magistrate Judge